David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA  94941
Tel: (415) 339-0430
Fax:  (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA  94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual<br><br>            Plaintiff,<br><br>vs.<br><br>WILLIAM TULL; DANIEL GIBBY;<br>GIBBY NOVELTIES, LLC dba<br>ARSENIC & APPLE PIE, a California<br>Limited Liability Corporation and DOES<br>1 through 20, inclusive,<br><br>            Defendants. | CASE NO.  C 07 3947 SI<br><br>NOTICE OF MOTION AND MOTION OF<br>DEFENDANTS WILLIAM TULL, DANIEL<br>GIBBY AND GIBBY NOVELTIES, LLC FOR<br>A STAY OF PROCEEDINGS TO<br>COORDINATE WITH A PENDING<br>RELATED ACTION<br><br>Hearing Date:  November 2, 2007<br>Hearing Time:  9:00 a.m.<br>Ctrm:            10<br><br>Complaint filed:  August 1, 2007 |

NOTICE IS HEREBY GIVEN, that on November 2, 2007, in Courtroom 10 of the

above-entitled Court, DEFENDANTS WILLIAM TULL, DANIEL GIBBY AND GIBBY

NOVELTIES, LLC, a California Limited Liability Company, will move the Court for an Order

Staying Proceedings in this case, on the grounds that a pending and directly related state court

proceeding between the same parties named in the instant Federal case should be allowed to

proceed to final resolution before the instant litigation proceeds, in order to avoid a conflict in

rulings, and to promote the efficient use of judicial resources and in the interests of justice. This Motion will be based on this Notice of Motion, the attached Motion and Supporting Declarations and Exhibits, the pleadings of file in this and in the related state court case, and such other evidence as may be presented at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction And Statement Of Facts

This Federal Court Action, and the related pending State Court Action (also entitled Montwillo v. Tull, filed on June 17, 2005 as Case No. CGC-05-442352 in the Superior Court of the State of California for the County of San Francisco – Unlimited Jurisdiction) arise out of the identical set of facts and pertain to the identical parties. As will become evident via this Statement of Facts, and the supporting exhibits and Declarations filed in support of this motion, the filing of this Federal Court action appears to have been done in bad faith, and for the purpose of pressuring the defendants into a settlement unrelated to the dubious merits of the Plaintiff's claims. The assistance of this Court is required to issue an Order staying these Federal proceedings in order to avoid conflicting results being reached in these related cases, and to promote the interests of justice and to avoid unnecessary duplication of efforts in two different courts.

The genesis of this dispute was the formation in 1997 of a partnership, and later in 1999 of a limited liability company, Arsenic & Apple Pie, LLC, comprised of Plaintiff Montwillo and Defendant Tull, each of whom served first as partners, and then later as managing members of the LLC. The two company owners agreed to split all profits and losses, and hold their ownership in equal 50% shares. The purpose of the partnership, and later of the company, was to design, manufacture, distribute and sell a line of novelty dolls, known as "Trailer Trash Dolls", which are a parody of the famous *Barbie* doll, owned and distributed by Mattel, Inc. The LLC's Operating Agreement provided, among other terms, that the filing of a petition in bankruptcy by

a managing member would trigger an automatic windup and dissolution of the company

The financial structure of the venture was a variation of the classic "sweat equity" arrangement. Plaintiff Montwillo was responsible for the creative work of the company, and contributed to it what he claimed were his "designs" for the dolls; Defendant Tull was responsible for the business management of the company, and agreed to finance the operating expenses, primarily through a series of loans he made to the company.

The venture was not a success. By 2004, it was floundering, and had not earned any profit, nor had it repaid any of the loans made by Defendant Tull. In the Spring of 2004, the disclosure that Plaintiff Montwillo had previously filed bankruptcy in 2002 triggered application of Article 9.2 of the LLC Operating Agreement, forcing a windup and dissolution of the company. As of that time, the company had assets (inventory) with an estimated retail value of $31,995.57 (the actual cost of production of this inventory was only $5,552.85), offset by unpaid loans owed to Defendant Tull of $73,216.60. Defendant Tull bid his outstanding loans in at an auction of company assets (Plaintiff declined to submit a bid) and, after satisfaction of all other creditors, acquired the remaining inventory of the LLC.  Arsenic & Apple Pie LLC was formally dissolved and its registration with the Secretary of State terminated on July 20, 2004.

Tull subsequently sold the doll inventory to Defendant Daniel Gibby, who used it to capitalize Defendant Gibby Novelties LLC, a company he solely owns and controls..

In what appears to be not a coincidence, in July 2004, concurrent with the windup of Arsenic & Apple Pie LLC, Plaintiff Montwillo filed registration applications with the U.S. Copyright Office, claiming ownership of the design of five of the dolls conceived, owned, manufactured (or slated for manufacture) and distributed by Arsenic & Apple Pie LLC. Since the Copyright Office does not conduct an independent investigation into the validity of the claim of ownership in an application, the issuance of registration certificates by the Copyright Office only serves to create a rebuttable presumption as to the validity of the registration.

**The Highly Related Nature of the Two Proceedings**

On June 17, 2005, Plaintiff Montwillo filed his State Court action against Defendants Tull, Gibby, and Gibby Novelties LLC.  Despite Montwillo's registration of copyright in the alleged "doll designs" a year earlier, the action was filed in state court and did not include a claim of copyright infringement. A true and correct copy of this state court Complaint for Damages is attached hereto as Exhibit A  to the Declaration of David Wong, and is incorporated by this reference as though fully set forth herein.  Those claims are, by stipulation of the parties, now before the American Arbitration Association for binding arbitration hearing.

The state court action instead seeks damages for alleged breach of contract, breach of fiduciary duty, declaratory relief, conversion and constructive fraud.  The Complaint, in its Factual Allegations section, alleges that the business of the Arsenic & Apple Pie LLC was "[d]esigning and selling "Trailer Trash" dolls. Complaint at 3:22, paragraph 15.  The Complaint describes Plaintiff Montwillo as "[a] member of COMPANY and the manager in charge of art direction, design and advertising". Complaint at 3:17-18, paragraph 13.  The various theories of recovery, ranging from breach of contract to conversion, all make reference to the alleged unlawful transfer of the "assets" of the LLC to, and for the benefit of, the defendants, and to Plaintiff's detriment, in an amount in excess of $103,050, together with additional alleged damages. Since the only identified assets of the LLC were the inventory and designs of the "Trailer Trash Dolls", all references to the LLC's "assets" presumably are referring to these designs and dolls.

The central issue in both the state court case and the instant federal action is who owns and thus possesses the right to dispose of the assets of the LLC.  Those assets are the inventory and designs of the Trailer Trash Dolls.  If those assets were the property of the LLC, then that entity had the power to transfer the assets to Tull, who in turn was authorized to sell them to Gibby.  If the LLC owned the designs, then any alleged copyright in those designs was also owned by the LLC, which were then transferred to Tull.  Consequently, the resolution of the ownership issue, to be decided in the state court case, will render the need for any further

adjudication of the copyright infringement claim moot, and the federal case will be ripe for a dismissal at that time.  It follows therefore that in the interest of avoiding conflicting decisions, and to allow for judicial economy of resources, that the federal court action should be stayed until the state court case is resolved.

**Plaintiff's Conduct Involving the Filing of This Action Indicates Bad Faith**

As is set forth in the Declaration of David Y. Wong, counsel for the Defendants in the State Court Action, which Declaration is filed in support of this motion,  Plaintiff Montwillo was originally represented in the State Court action by attorney Curtis E. Smolar, who filed the Complaint in that case on June 17, 2005.  Subsequently, Mr. Smolar and David Wong entered into a stipulation to refer the further handling of that matter to binding arbitration.  The Stipulation, which was subsequently accepted and signed by the Honorable Judge Ronald Quidachy on April 24, 2006, provided in pertinent part, the following:

> "The below-signed counsel, being counsel for all Parties in the above-entitled action, and having discussed and agreed to submit all disputes, claims or controversies from this action to a binding arbitration, hereby stipulate to the below order to arbitrate."

A true and correct copy of this fully executed Stipulation, signed in counterpart, and subsequently executed by Judge Quidachy and filed with the Court on April 25, 2006, is attached hereto as Exhibit B to the Declaration of David Wong, and is incorporated by this reference as though fully set forth herein.

Pursuant to an arbitration Preliminary Hearing  held on September 20, 2007, the arbitration hearing on this matter has been set commence on the afternoon of November 2, and shall continue on November 5 and 12, as needed.  Assuming the hearing takes place on these days, and a judgment is received shortly thereafter, the duration of the Stay sought herein may be relatively short – a matter of a few months.

Plaintiff has offered no explanation to Defendants why the instant Federal action is not subject to this Stipulated Order to Arbitrate.  Defendants are presently researching the possibility

that a motion to dismiss this Federal action should be brought on the ground that this court may lack jurisdiction over the subject matter of this dispute, as the claims involved in both cases are substantially related, even if not identical.

Plaintiff's failure to advise the Court of the existence of the related state court action, and the Stipulated Order to Arbitrate, appears to be an indication of bad faith intent on the part of Plaintiff in initiating this Federal action. This impression is further supported by the sequence of events surrounding the recent developments in this case, as is set forth in detail in the Declaration of David Wong filed in support of this motion. As Mr. Wong explains, Plaintiff Montwillo changed attorneys in March of this year, less than 30 days before the scheduled arbitration hearing, substituting in Stephen Sommers of the Sommers Law Group as his counsel. As a consequence, the arbitration hearing was postponed to August 16 & 17. In July 27, on virtually the eve of the arbitration hearing, Plaintiff filed a motion in the state court proceeding seeking to disqualify Mr. Wong as attorney of record. Concurrent with that filing, Plaintiff's counsel Sommers asserted his intent to file a motion for leave to amend the state court action to add Defendants' counsel, Mr. Wong, as an individual defendant in that state court action, on professional malpractice and conspiracy to defraud grounds. Continuing the assault, Mr. Sommers then filed this Federal action.

Having launched this aggressive series of new pleadings, Mr. Sommers completed the implementation of his strategy by telephoning Mr. Wong and offering to negotiate a settlement. This offer was reiterated in a written settlement demand, with an expiration that coincided with the issuance of the tentative ruling of the state court on Plaintiff's motion to disqualify.

These transparent efforts to attempt to leverage a settlement in this case were rejected by Mr. Wong and the Defendants. The motion to disqualify Mr. Wong was denied. The motion for leave to amend the state court action to name Mr. Wong has not been filed. Further, counsel for Plaintiff has failed to explain to this, or any other court, why or how a copyright infringement claim may now, over three years after registration of the alleged copyrights, and the dissolution of the LLC, be filed without violating either the relevant statute of limitations, or the arbitration stipulation, or the equitable doctrine of laches.

This course of conduct suggests that Plaintiff's purpose in filing the instant Federal action was to obtain undue leverage against Defendants, as opposed to being a filing warranted by a legitimate claim of Plaintiff. The Court is therefore requested to grant Defendants' instant Motion for an Order Staying these proceedings, to allow the parties the opportunity to complete the arbitration in the state court proceeding, rather than supporting Plaintiff's effort to increase Defendants' legal fees by forcing them to participate in concurrent proceedings in two courts, or alternatively to agree to a settlement to avoid incurring this further expense.

As further evidence of the lack of Plaintiff's good faith in the handling of this matter, Plaintiff has failed to respond to Defendants' counsel's offer to stipulate to a stay of proceedings in this Federal case, in an effort to avoid forcing the parties to incur costs related to this motion, and to conserve judicial resources that will be required to act on this motion. As is set forth more fully in the Declaration of Marc H. Greenberg, co-counsel for Defendants in this Federal Action, Mr. Greenberg wrote to Mr. Summers a letter dated August 29, 2007, faxed that same day, in which Mr. Greenberg requested that Plaintiff stipulate to the stay of proceedings on the grounds that these obviously related cases should be coordinated to avoid conflicting decisions. Mr. Greenberg requested acceptance of this offer to stipulate by September 4, 2007. On or about September 4th, Attorney Jacob Snider, an Associate in the Sommers Law Group, contacted Mr. Greenberg by telephone and left a voice message that Mr. Sommers was out of his office, and would be responding to the letter by September 6th. As of the date of the filing of this Motion, no response to the request to stipulate to a stay has ever been received, thereby necessitating that Defendants incur the cost of the drafting and filing of this Motion and supporting Declarations, and that the Court incur the use of its resources to process this Motion.

### Statutory and Case Law Support the Grant of the Relief Sought Herein

Defendants file this motion pursuant to the authority granted for the filing of pre-trial motions under Rule 7 of the Federal Rules of Civil Procedure. Additional authority for the filing of this motion and the request for an Order Staying Proceedings is found in Local Rule 3-13

(b)(3)(C); (d),  which provide the Court with the authority, after the filing of a Notice of Pending Action (which was filed on September 14, 2007 in this case), to make appropriate orders for the purpose of coordinating the handling of these related cases so as to promote an efficient determination of this action, and to avoid conflicts and conserve the resources of this Court.

Substantial case law supports the right of the Court to issue an order staying proceedings where related cases exist.  In the case of  Walker v. Monsanto Co. Pension Plan, 472 F.Supp.2d 1053, (S.D.Ill.,2006),  a  stay of pension plan participants' action against pension plans, alleging that plans discriminated against participants based on age in violation of the Employee Retirement Income Security Act (ERISA), was warranted, pending resolution by the Supreme Court of a petition for writ of certiorari regarding decision in related case, where requested stay would not cause any prejudice. Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq. Id.

Similarly, in Dimensional Music Publishing, LLC v. Kersey ex rel. Estate of Kersey, 448 F.Supp.2d 643, (E.D.Pa.,2006) the Court held that a District court could stay resolution of a music publisher's legal malpractice claims against an attorney who allegedly represented it in acquisition of copyrighted song, pending resolution of publisher's copyright claims regarding ownership of renewal rights in the song; while publisher had an interest in timely litigation of its legal malpractice claim, resolution of that claim required that the copyright claim be resolved first, and extent of discovery required in the malpractice case depended on the decision in the copyright case. Id.

In Rosenbauer America, LLC v. Advantech Service & Parts, LLC, 437 F.Supp.2d 1081, (D.S.D.S.Div.,2006), the court held that a stay of federal proceedings initiated by a manufacturer for breach of a dealership agreement was warranted pending the outcome of separate state court litigation initiated by the dealership to enforce an alleged settlement agreement, in the interests of the parties and of judicial economy, where the state court determination that the settlement agreement was enforceable would render moot any decision in federal court on breach of contract claim. Id.  The parties in the instant matter face a similar situation – a decision in the

arbitration case now in state court will render the need for any further decision regarding the ownership rights to these doll designs moot.

## CONCLUSION

While Defendants are convinced that valid grounds exist, either based on the applicability of the Stipulated Order For Arbitration to this case, or the expiration of the applicable statute of limitations for the filing of a copyright infringement case, the legal fees and time required for the filing of a Rule 12b motion, and the possible need to conduct discovery in support of such a motion, would force Defendants to incur the kind of expense Plaintiff hopes will drive Defendants to settle this matter.  Given the clearly related nature of these two cases, and the circumstances under which the instant case was filed, the remedy of a stay of proceedings, amply supported by relevant case law, seems the most appropriate and efficient first step towards the ultimate disposition of this action. Based on the foregoing authorities, the Court is respectfully requested to grant an Order Staying Proceedings, in the form attached herein or in such other format as the Court deems appropriate, said Stay to remain in effect until the State Court case, now in binding arbitration, is resolved.

DATED:    DATED:    September 28, 2007    _____

Marc H. Greenberg, Attorney at Law;

David Y. Wong, Attorney at Law

Attorneys for Defendants William Tull, Daniel

Gibby and Gibby Novelties, LLC

AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF MARIN            )

I, the undersigned, am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within action.

I am employed by the Law Offices of David Y. Wong, 100 Shoreline Highway, Suite 100B, Mill Valley, California 94941 ("the firm").

On September 28, 2007, I served the within document(s) entitled:

Notice of Motion and Motion for Stay of Proceedings, Proposed Order, Declarations of Marc Greenberg and David Y. Wong in support of Motion for Stay

on the interested parties in this action by mailing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, and by causing such envelope to be deposited in the mail at 100 Shoreline Highway, Suite 100B, Mill Valley, California 94941, addressed as follows:

Stephen Sommers
870 Market Street, Suite 1142
San Francisco, CA  94102
839-8569
956-0878 fx

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service:  it is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 28, 2007, at Mill Valley, California.

_____
DAVID Y. WONG

David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA  94941
Tel: (415) 339-0430
Fax:  (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA  94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL MONTWILLO, an individual | ) | CASE NO.  C 07 3947 SI |
| Plaintiff, | ) | |
| | ) | ORDER (PROPOSED) GRANTING A STAY |
| vs. | ) | OF PROCEEDINGS |
| | ) | |
| WILLIAM TULL; DANIEL GIBBY; | ) | Hearing Date:  November 2, 2007 |
| GIBBY NOVELTIES, LLC dba | ) | Hearing Time:  9:00 a.m. |
| ARSENIC & APPLE PIE, a California | ) | Ctrm:          10 |
| Limited Liability Corporation and DOES | ) | |
| 1 through 20, inclusive, | ) | Complaint filed:  August 1, 2007 |
| | ) | |
| Defendants. | ) | |

DEFENDANTS Motion for an Order Granting a Stay of Proceedings came on regularly

for hearing on November 2, 2007.  The Court, having considered the arguments presented in the

moving and responding pleadings, and the evidence submitted at the hearing on this motion, and

GOOD CAUSE APPEARING THEREFORE, HEREBY GRANTS Defendants' motion, and

hereby ORDERS that proceedings in the instant case be, and hereby are, stayed until such time

as the related proceedings in Case No. CGC-05-442352 in the Superior Court of the State of

California for the County of San Francisco – Unlimited Jurisdiction) are resolved and a final judgment in that case is rendered and entered into the records of that Court. Plaintiff is to provide periodic updates to this Court regarding the status and ultimate disposition of the State Court action.

Dated:                                        UNITED STATES DISTRICT COURT


_____

Honorable Susan Illston, Judge
United States District Court for the
Northern District of California

David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA 94941
Tel: (415) 339-0430
Fax: (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA 94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual ) | CASE NO. C 07 3947 SI |
| ) | |
| Plaintiff, ) | |
| ) | DECLARATION OF MARC H. GREENBERG |
| vs. ) | IN SUPPORT OF MOTION FOR A STAY OF |
| ) | PROCEEDINGS TO COORDINATE WITH A |
| ) | PENDING RELATED ACTION |
| WILLIAM TULL; DANIEL GIBBY; ) | |
| GIBBY NOVELTIES, LLC dba ) | Hearing Date: November 2, 2007 |
| ARSENIC & APPLE PIE, a California ) | Hearing Time: 9:00 a.m. |
| Limited Liability Corporation and DOES ) | Ctrm: 10 |
| 1 through 20, inclusive, ) | |
| ) | |
| Defendants. ) | Complaint filed: August 1, 2007 |

I, Marc H. Greenberg, declare:

1.      I am one of the attorneys of record for Defendants WILLIAM TULL; DANIEL

GIBBY; GIBBY NOVELTIES, LLC in this Federal Action, and I am authorized by my to make

this Declaration in Support of Defendants Motion for a Stay of Proceedings.

2.      On August 29, 2007, I wrote a letter to Plaintiff's counsel, Mr. Summers, which I

faxed to his office that same day, in which I requested that Plaintiff stipulate to the stay of

proceedings on the grounds that these obviously related cases should be coordinated to avoid conflicting decisions. In my letter I requested acceptance of this offer to stipulate by September 4, 2007. A true and correct copy of my letter of August 29, 2007 is attached hereto as Exhibit A, and is incorporated by this reference as though fully set forth herein.

3.    On or about September 4th, Attorney Jacob Snider, an Associate in the Sommers Law Group, contacted me by telephone and left a voice message that Mr. Sommers was out of his office, and would be responding to the letter by September 6th. As of the date of the filing of this Motion, no response to the request to stipulate to a stay has ever been received.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct, and if called upon, I can testify competently thereto.

Executed in San Francisco City and County, California, on September 27, 2007.

_____
MARC H. GREENBERG

LAW OFFICE OF

## MARC H. GREENBERG

536 MISSION STREET, SUITE 2323
SAN FRANCISCO, CALIFORNIA 94105
TELEPHONE (415) 442-6611
FACSIMILE (415) 442-6609

August 29, 2007

SOMMERS LAW GROUP
Stephen A. Sommers, Esq.
870 Market Street, Ste. 1142
San Francisco, CA  94102

<u>Via Facsimile and U.S. Mail</u>

RE:    Stipulation for Stay of Proceedings – *Montwillo v. Tull*, Case No. CO73947 –
USDC Northern District

Dear Mr. Sommers,

I have completed my initial review of the district court action you have filed, as well as
reviewing the state court litigation filed by your Client's previous counsel, entitled
Montwillo v. Tull, and filed in 2005 in San Francisco Superior Court, as Case No. CGC-
05-442352.  My review indicated that in both cases, Mr. Montwillo claims ownership of
the intellectual property consisting of the designs of the " Trailer Trash Dolls", and that
he has been damaged by actions he alleges defendants took which divested him of his
alleged property rights in those designs.

The state court action seeks damages based on contract principles, and the federal court
seeks damages based on copyright property law principles.  Both cases arise out of the
identical series of facts and events, between the identical parties.

It follows that these are therefore related cases.  As such, the concurrent prosecution of
these claims in two different courts creates the very real possibility of two different
verdicts being reached – a prospect the legal system generally seeks to avoid.  For that
reason, the appropriate course of conduct is to stay one of the actions, to allow the other
case to proceed to completion, in the hope that the issues involved can be fully resolved
in that action, allowing the second action to be dismissed.

It is our intention to file a motion for a stay of proceedings in the federal court action, to
allow the senior state court action to proceed to judgment, either through arbitration as
agreed, or in state court.  The purpose of this letter is to request that your client stipulate
to this stay of proceedings, in order to avoid unnecessary motion practice in the federal
court, since there appear to be no valid grounds for insisting on the right to be the
plaintiff in two different actions based on the same facts and involving the same parties.

LAW OFFICE OF
**MARC H. GREENBERG**

Please let me know by September 4th whether your client is willing to so stipulate.  If I have not received a response to this letter by the 4th, I will assume your client is unwilling to stipulate, and will so advise the Court in our resulting motion.

Thank you for your anticipated courtesy and cooperation in this regard.  I look forward to your timely response.

Yours truly,

Marc H. Greenberg

Clients

c. David Wong, Esq.

David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA  94941
Tel: (415) 339-0430
Fax: (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA  94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual | ) CASE NO.  C 07 3947 SI |
| Plaintiff, | ) |
| vs. | ) DECLARATION OF DAVID Y. WONG IN<br>) SUPPORT OF MOTION FOR A STAY OF<br>) PROCEEDINGS TO COORDINATE WITH A<br>) PENDING RELATED ACTION |
| WILLIAM TULL; DANIEL GIBBY;<br>GIBBY NOVELTIES, LLC dba<br>ARSENIC & APPLE PIE, a California<br>Limited Liability Corporation and DOES<br>1 through 20, inclusive, | ) Hearing Date:  November 2, 2007<br>) Hearing Time: 9:00 a.m.<br>) Ctrm: 10 |
| Defendants. | ) Complaint filed:  August 1, 2007 |

I, David Y. Wong, declare:

1.     I am the attorney of record for Defendants WILLIAM TULL; DANIEL GIBBY;

GIBBY NOVELTIES, LLC in both this Federal Action, and the related case identically entitled

Montwillo v. Tull, Case No. CGC-05-442352, filed in the Superior Court of the State of

California For The County of San Francisco – Unlimited Jurisdiction (hereinafter referred to as

the "State Court Action"), and I am authorized by my clients in both cases to make this

Declaration in Support of Defendants' Motion for a Stay of Proceedings.

2.      The State Court Action was filed on June 17, 2005.  A true and correct copy of the Complaint for Damages in the State Court Action is attached hereto as Exhibit A, and is incorporated by this reference as though fully set forth herein.

3.      Plaintiff Montwillo was originally represented in the State Court Action by attorney Curtis E. Smolar.  From December of 2005, until April of 2006, Mr. Smolar and I discussed, and ultimately agreed, to enter into a stipulation to submit all claims involving this matter to binding arbitration.  The Stipulation, which was subsequently accepted and signed by the Honorable Judge Ronald Quidachy on April 24, 2006, provided in pertinent part, the following:

"The below-signed counsel, being counsel for all Parties in the above-entitled action, and having discussed and agreed to submit all disputes, claims or controversies from this action to a binding arbitration, hereby stipulate to the below order to arbitrate."

A true and correct copy of this fully executed Stipulation, signed in counterpart, and subsequently executed by Judge Quidachy, is attached hereto as Exhibit B, and is incorporated by this reference as though fully set forth herein.

4.      As a result of the above Stipulation for binding arbitration, the parties and counsel scheduled a binding arbitration hearing for February 2, 2007.  In mid-January, however, Plaintiff's Counsel demanded a postponement due to a calendar conflict.  The arbitration hearing was then rescheduled for March 30, 2007.

5.      On February 27, Plaintiff's Counsel, Curtis Smolar, suddenly announced that he was no longer the attorney for Plaintiff and would be filing a motion to withdraw.  The binding arbitration hearing of March 30 was then postponed indefinitely.

6.      On March 19, 2007, Plaintiff Montwillo changed attorneys, substituting in the Sommers Law Group as his counsel.   On June 5, almost three months after substituting into the case, Plaintiff's Counsel agreed to submit the matter to a binding arbitration hearing on August 16 and 17, 2007.

7.      On July 27, 2007, less than three weeks before the scheduled binding arbitration

hearing, Plaintiff filed a motion with the State Court seeking to disqualify me as attorney of record for the Defendants. Concurrent with that filing, Plaintiff's Counsel Sommers asserted his intent, via e-mail and facsimile, to amend the state court action so as to name me as an individual defendant in the state court action, on professional malpractice and conspiracy to defraud grounds. Mr. Sommers then filed the instant Federal action.

8.    Based on the pending motion of Plaintiff to disqualify, Mr. Sommers was able to unilaterally postpone the August 16 & 17 binding arbitration hearing of the State Court Action.

9.    Following the initiation of these actions, Mr. Sommers telephoned me and offered to negotiate a settlement. This offer was reiterated in a written settlement demand, with an expiration that coincided with the issuance of the tentative ruling of the state court on Plaintiff's motion to disqualify.

10.    The motion to disqualify was denied by the State Court on August 23, 2007. A true and correct copy of the Court's Order is attached as Exhibit C.  Plaintiff has not filed a motion for leave of court to amend the state court action.

11.    A fourth Arbitration Preliminary Hearing was conducted by telephone on September 20, 2007. At that time, the arbitrator set the case for a binding arbitration hearing on November 2, 2007, continuing, if necessary, on November 5 and 12, 2007.

12.    With respect to the instant Federal Action, counsel for Plaintiff has thus far failed and refused to explain to Defendants, the State Court, or any other court, how or why a copyright infringement claim may now, more than three years after registration of the alleged copyrights, and the dissolution of the LLC, be filed without violating either the relevant statute of limitations, the arbitration stipulation, or the equitable doctrine of laches.


I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct, and if called upon, I can testify competently thereto.

Executed in Marin County, California, on September 28, 2007.

DAVID Y. WONG

**EXHIBIT A**

1   Robert Preskill (State Bar No. 221315)
    Law Offices of Robert A. Preskill
2   301 Howard St., Suite 830
    San Francisco, CA 94105
3   Telephone: (415) 377-3919
    Facsimile: (415)546-4181
4
    Curtis E. Smolar, Esq. (State Bar No. 194700)
5   Bay Capital Legal P.C.
    The Hobart Building
6   582 Market Street, Suite 807
    San Francisco, CA 94104
7   Telephone: (415) 445-2570
    Facsimile: (415)462-5737
8
    Attorneys for Plaintiff,
9   PAUL MONTWILLO

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2005 JUN 17  PH 2: 23

CLERK OF THE COURT
MARY ANN M...

CASE MANAGEMENT CONFERENCE SET

PLAN I   NOV 1 8 2005  9:00 AM

DEPARTMENT 212

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF SAN FRANCISCO

13

14   PAUL MONTWILLO,                          CGC - 0 5 - 4 4 2 3 5 2

15            Plaintiff,                       Case No.

16       v.

17   WILLIAM TULL; DANIEL GIBBY; GIBBY        COMPLAINT FOR DAMAGES ARISING
     NOVELTIES LLC dba ARSENIC & APPLE        FROM
18   PIE; DOES 1-100 INCLUSIVE,
                                              1.  BREACH OF CONTRACT;
19            Defendants.                     2.  BREACH OF FIDUCIARY DUTY;
                                              3.  DECLARATORY RELIEF (CCP § 1060);
20                                            4.  CONVERSION; and
                                              5.  CONSTUCTIVE FRAUD
21

22       Plaintiff PAUL MONTWILLO, through his counsel, brings this action for damages and

23   other legal relief arising from breach of contract, breach of fiduciary duty; conversion and

24   intentional infliction of emotional distress by all Defendants, alleging the following facts and

25   claims:

26

27                              **THE PARTIES**

28       1.   PAUL MONTWILLO ("MONTWILLO" or "Plaintiff") is an individual residing
     in the city and county of San Francisco.

                                        - 1 -
                                      COMPLAINT

1    2.    MONTWILLO is informed and believes and thereupon alleges that William Tull

2    ("TULL") is an individual who resides in Marin County, California.

3    3.    MONTWILLO is informed and believes and thereupon alleges that ARSENIC &

4    APPLE PIE LLC is and/or was, a Limited Liability Company with its principal place of

5    business located in San Francisco, California.

6    4.    MONTWILLO is informed and believes and thereupon alleges that GIBBY

7    NOVELTIES LLC, is a corporation of unknown corporate formation and its principal place of

8    business is currently unknown.

9    5.    MONTWILLO is informed and believes and thereupon alleges that DANIEL

10    GIBBY is an individual residing in San Anselmo, California.

11    6.    MONTWILLO is informed and believes, and thereupon alleges, each of the

12    defendants named herein, including Does 1-100, acted in concert and participated in the acts

13    and/or omissions alleged herein, and that each of the Defendant was acting with the consent of

14    the other defendant within their scope of authority as an agent, employee, servant, partner, joint-

15    venture and/or any other representative and is jointly and severally liable for all acts and/or

16    omissions alleged herein.

17    7.    MONTWILLO is unaware of the true names and capacities, whether individual,

18    corporate or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and

19    therefore sues those Defendants by fictitious DOE names.  MONTWILLO is informed,

20    believes, and alleges, that each of the fictitiously-named Defendants is responsible in some

21    actionable manner for the injuries and damages alleged by him as alleged in this Complaint.

22    MONTWILLO will amend this Complaint, if necessary, to allege the DOES' true names and

23    capacities if and when ascertained.

24    8.    MONTWILLO is informed, believes, and alleges, that, at all relevant times, each

25    Defendant, including each fictitiously-named DOE Defendant, was the agent, servant and/or

26    employee of another Defendant, acting within the purpose and scope of their agency, authority

27    and employment. MONTWILLO is further informed, believes and alleges that the conduct of

28    each Defendant was ratified and/or constructively approved by the other Defendants.

Sent By: Injeanious;    415 257 8819;    Aug-4-05   4:08PM;    Page 3

9.    MONTWILLO is informed and believes and thereupon alleges that ARSENIC & APPLE PIE LLC was dissolved wrongfully and GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE is a successor corporation acquired only the assets, but none of the debts, and continued to carry on the old business, therefore the new corporation should be disregarded and it should be found to be the same entity as ARSENIC & APPLE PIE LLC.

## JURISDICTION AND VENUE

10.    Venue is proper over the parties and claims pursuant to Code of Civil Procedure Section 410.10.

11.    This action is not subject to section 1812.10 or section 2984.4 of the California Civil Code. Jurisdiction and venue in this case are proper because: (1) The contract was signed in San Francisco; (2) the contract was performed in San Francisco; and (2) the contract's choice of venue clause chooses San Francisco as the correct venue.

## FACTUAL ALLEGATIONS

12.    On or about May 4, 2000, MONTWILLO and TULL executed a contract (the "Contract") to create ARSENIC & APPLE PIE LLC ("COMPANY"). A true and correct copy of the Contract is attached to this Complaint as Exhibit A ("Ex. A").

13.    Pursuant to the Contract, MONTWILLO was a member of COMPANY and the manager in charge of art direction, design and advertising.

14.    Pursuant to the Contract, TULL was a member of COMPANY and was the manager in charge of administration, business affairs, accounting, distribution, sales and manufacturing.

15.    COMPANY business was designing and selling "Trailer Trash" dolls.

16.    At all relevant times, TULL was obligated to comply with the terms of the contract at issue in this complaint.

17.    The contract included an unenforceable ipso facto clause that states, in pertinent part: "The Company shall be dissolved on the first occurrence of the following events: The...bankruptcy... of a Managing member." See Section 9.1(a) of Exhibit A

18.    According to the Contract, if the parties could not agree on the fair market value of the member's share of the COMPANY within 30 days of the date the option was exercisable, then an appraiser was to be appointed.

19.    On or about March 11, 2002, MONTWILLO filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

20.    On or about October 28, 2002, the case was closed and a final decree was entered.

21.    On June 25, 2004, almost two years later, TULL notified MONTWILLO that he was dissolving the COMPANY pursuant to Section 9.1 of the Contract.

22.    TULL never paid MONTWILLO for MONTWILLO's share of the assets and/or never had an independent assessor determine the fair market value of the assets.

23.    MONTWILLO is informed and believes and thereupon alleges that On July 9, 2004, TULL and GIBBY started GIBBY NOVELTIES dba ARSENIC & APPLE PIE with the assets from the COMPANY.

24.    MONTWILLO is informed and believes and thereupon alleges that TULL had a contract to sell at least 20,000 dolls prior to his wrongful dissolution of the COMPANY.

25.    In violation of the Contract, law and public policy, TULL and the COMPANY dissolved the COMPANY based on an invalid bankruptcy "ipso facto" clause on or about June 25, 2004.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26.    MONTWILLO realleges and incorporates by reference each and every allegation set forth in the paragraphs above, as though fully set forth in this cause of action.

27.    MONTWILLO executed the Contract on May 5, 2000. Ex. A, signature section.

28.    The parties exchanged adequate, fair, and reasonable consideration on the Contract.

29.    MONTWILLO performed all of his obligations under the Contract.

30.    TULL did not perform its obligations under the Contract, including, but not limited to, the following:

-4-
COMPLAINT

a.   Payment to MONTWILLO of the fair market value of his half of ARSENIC & APPLE PIE LLC; (Ex. A, section 2)

b.   Dissolved ARSENIC & APPLE PIE LLC over MONTWILLO'S objections; and

c.   Dissolved ARSENIC & APPLE PIE LLC based on an invalid ipso facto clause.

31.   TULL acted in bad faith in committing the acts and/or omissions set forth in this Complaint, as evidenced by the fact that it did not fulfill its obligations under the Contract.

32.   MONTWILLO suffered actual damages as a result of TULL'S breach of contract, including, but not limited to, lost profits.

33.   As a direct and proximate result of TULL'S breach of Contract, MONTWILLO suffered actual damages including, but not limited to, lost profits in the amount of at least $103,050.00.

WHEREFORE, MONTWILLO prays for judgment as set forth below.

### SECOND CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

34.   MONTWILLO realleges and incorporates by reference each and every allegation set forth in the paragraphs above, as though fully set forth in this cause of action

35.   TULL, as a member and manager of the COMPANY which only had two members, owed MONTWILLO a fiduciary duty of good faith and fair dealing, candor, confidentiality, due care and the duty of loyalty.

36.   TULL breached his fiduciary duties and duties of loyalty to MONTWILLO by engaging in activities to injure MONTWILLO, including, without limitation, the following:

a.   TULL dissolved the COMPANY based on an unenforceable bankruptcy "ipso facto" clause;

b.   TULL took all the assets of the COMPANY;

c.   TULL, with the assistance of GIBBY and other Defendants, reformed the COMPANY into another corporate form; and

d.    TULL, with the assistance of GIBBY and other Defendants, took corporate opportunities and sold the COMPANY assets and property.

37.    TULL engaged in such activities in bad faith and with knowledge that such activities were harmful to MONTWILLO.

38.    Defendants' acts and/or omissions were oppressive, fraudulent, malicious, and in conscious disregard for Plaintiff's right, as those terms are defined pursuant to Section 3294, entitling Plaintiff to an award of punitive damages in an amount to be determined according to proof.

39.    As a direct and proximate result of TULL'S conduct, MONTWILLO suffered injuries according to proof.

WHEREFORE, MONTWILLO prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (DECLARATORY RELIEF CCP § 1060)

40.    MONTWILLO realleges and incorporates by reference each and every allegation set forth in the paragraphs above, as though fully set forth in this cause of action.

41.    As alleged above, TULL and MONTWILLO entered into the Contract to form the COMPANY.

42.    TULL dissolved the COMPANY based on an invalid bankruptcy ipso facto clause. Ex. A, Section 9.1.

43.    TULL illegally dissolved the COMPANY.

44.    MONTWILLO is informed and believes and thereupon alleges that the COMPANY was dissolved wrongfully and GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE is a successor limited liability company.

45.    MONTWILLO is informed and believes and thereupon alleges that GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE acquired only the assets, but none of the debts of the COMPANY, and continued to carry on the predecessor's old business.

46.   GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE should be disregarded and it should be found to be the same entity as the COMPANY.

47.   MONTWILLO should be awarded his percentage interest in the new entity.

48.   An actual justiciable controversy between the parties concerning the enforceability of the ipso facto clause has arisen. Plaintiffs contend that such a clause is unenforceable. Plaintiffs are informed and believe that Defendants contend otherwise.

WHEREFORE, MONTWILLO prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### (CONVERSION)

49.   MONTWILLO realleges and incorporates by reference each and every allegation set forth in the paragraphs above, as though fully set forth in this cause of action.

50.   By dissolving the COMPANY, TULL converted funds, property, intangible assets, and other property that rightfully belonged to MONTWILLO.

WHEREFORE, MONTWILLO prays for judgment as set forth below

## FIFTH CAUSE OF ACTION
### (Constructive Fraud)

51.   MONTWILLO realleges and incorporates by reference each and every allegation set forth in the paragraphs above, as though fully set forth in this cause of action.

52.   TULL, as a member and manager in the COMPANY, had a duty to MONTWILLO.

53.   TULL and GIBBY breached their duty to MONTWILLO by forcing him out of the COMPANY to gain an advantage over MONTWILLO.

54.   TULL and GIBBY breached their duty to MONTWILLO by misrepresenting material facts to MONTWILLO by stating that they were dissolving the COMPANY when in fact they were transferring the COMPANY's assets to a new entity, GIBBY NOVELTIES LLC.

55.   Defendants' acts and/or omissions were oppressive, fraudulent, malicious, and in conscious disregard for Plaintiff's right, as those terms are defined pursuant to Section 3294,

- 7 -
COMPLAINT

1  entitling Plaintiff to an award of punitive damages in an amount to be determined according to

2  proof.

3          WHEREFORE, MONTWILLO prays for judgment as set forth below.

4                              **PRAYER FOR RELIEF**

5          Plaintiff PAUL MONTWILLO demands judgment against Defendants for damages

6  resulting from causes of action described above in the amount of 103,050.00 plus other damages

7  (calculated at the time of filing) as follows:

8          56.    Lost profits according to proof;

9          57.    Punitive damages in the amount sufficient to punish Defendants and deter others

10  from engaging in similar misconduct;

11         58.    A declaration that the bankruptcy ipso facto clause contained in Section 8.3 of the

12  Contract is invalid;

13         59.    A declaration that the subsequent dissolution of ARSENIC & APPLE PIE LLC

14  was improper;

15         60.    Costs of suit, expert witness fees, attorneys' fees and other litigation expenses

16  available pursuant to the Contract; and

17         61.    Such additional relief as the Court deems fair, just, and equitable.

18

19  DATED: June 17, 2005

                                         Bay Capital Legal P.C.

20

21

22                                       Curtis E. Smolar, Esq:
                                         ATTORNEYS FOR PLAINTIFF
23                                       PAUL MONTWILLO

24

25

26

27

28

**EXHIBIT B**

1  Robert Preskill (State Bar No. 221315)
   Law Offices of Robert A. Preskill
2  301 Howard St., Suite 830
   San Francisco, CA 94105
3  Telephone: (415) 377-3919
   Facsimile: (415)546-4181
4
   Curtis E. Smolar, Esq. (State Bar No. 194700)
5  Bay Capital Legal P.C.
   582 Market Street, Suite 807
6  San Francisco, CA 94104
   Telephone: (415) 445-2570
7  Facsimile: (415)462-5737

8  Attorneys for Plaintiff,
   PAUL MONTWILLO
9

**F I L E D**
San Francisco County Superior Court

**APR 2 5 2006**

GORDON PARK-LI, Clerk
BY: _Jocelyn C. Pogue_
Deputy Clerk

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF SAN FRANCISCO

12  PAUL MONTWILLO,                      Case No. CGC 05-442352

13          Plaintiff,
                                         **STIPULATED ORDER TO ARBITRATE**
    v.
14
    WILLIAM TULL; DANIEL GIBBY; GIBBY
15  NOVELTIES LLC dba ARSENIC & APPLE
    PIE; DOES 1-100 INCLUSIVE,
16
        Defendants.
17

18      The below-signed counsel, being counsel for all Parties in the above-entitled action, and

19  having discussed and agreed to submit all disputes, claims or controversies from this action to a

20  binding arbitration, hereby stipulate to entry of the below order to arbitrate.

21  DATED: ~~March~~ April 14, 2006.        BAY CAPITAL LEGAL. P.C.
22
23                                         Curtis E. Smolar, Esq.
                                           Attorneys For Plaintiff Paul Montwillo
24

25  DATED: March _____, 2006.              LAW OFFICES OF DAVID Y. WONG
26
                                           see page 2
27                                         David Wong, Esq.
                                           Attorneys For Defendants William Tull;
28                                         Daniel Gibby; and Gibby Novelties LLC

- 1 -
STIPULATED ORDER TO ARBITRATE

1   Robert Preskill (State Bar No. 221315)
    Law Offices of Robert A. Preskill
2   301 Howard St., Suite 830
    San Francisco, CA 94105
3   Telephone: (415) 377-3919
    Facsimile: (415)546-4181
4
    Curtis E. Smolar, Esq. (State Bar No. 194700)
5   Bay Capital Legal P.C.
    582 Market Street, Suite 807
6   San Francisco, CA 94104
    Telephone: (415) 445-2570
7   Facsimile: (415)462-5737
8   Attorneys for Plaintiff,
    PAUL MONTWILLO
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12  PAUL MONTWILLO,                    Case No.  CGC 05-442352

13          Plaintiff,
                                       **STIPULATED ORDER TO ARBITRATE**
14       v.

15  WILLIAM TULL; DANIEL GIBBY; GIBBY
    NOVELTIES LLC dba ARSENIC & APPLE
16  PIE; DOES 1-100 INCLUSIVE,

17          Defendants.

18         The below-signed counsel, being counsel for all Parties in the above-entitled action, and

19  having discussed and agreed to submit all disputes, claims or controversies from this action to a

20  binding arbitration, hereby stipulate to entry of the below order to arbitrate.

21  DATED:  March _____, 2006.

22                                     BAY CAPITAL LEGAL P.C.

23                                     _____
                                       Curtis E. Smolar, Esq.
24                                     Attorneys For Plaintiff Paul Montwillo

25  DATED: March  14 , 2006.

26                                     LAW OFFICES OF DAVID Y. WONG

27                                     _____
                                       David Wong, Esq.
28                                     Attorneys For Defendants William Tull;
                                       Daniel Gibby; and Gibby Novelties LLC

─────────────────────────────────────────
             STIPULATED ORDER TO ARBITRATE
                        —2—

## ORDER

This Court having fully considered the stipulation filed, the pleadings and other papers on file with the Court concerning this action, and good cause appearing,

IT IS HEREBY ORDERED that:

1.     The parties shall submit this action to a binding arbitration.

2.     The binding arbitration shall be pursuant to the rules of arbitration of the parties' agreed upon arbitration service.

3.     The parties shall adhere to California Code of Civil Procedures when obtaining any discovery during the arbitration.

4.     Any extraordinary relief and/or remedies shall be sought before this Court.


IT IS SO ORDERED.


DATED: _____APR 2 4 2006____, 2006.


( J cr ) JUDGE OF THE SUPERIOR COURT

RONALD E. QUIDACHAY.

— 3 -

**EXHIBIT C**

1
David Y. Wong (SBN 105031)
100 Shoreline Highway, Suite 100 B
2
Mill Valley, CA 94941
Tel: (415) 339-0430
3
Fax: (415) 332-8679

4
Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC
5

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 0 6 2007

GORDON PARK-LI, Clerk
BY: MARJORIE SCHWARTZ-SCOTT
Deputy Clerk

6                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURSIDICTION

8
PAUL MONTWILLO,                              )    CASE NO.  CGC-05-442352
                                             )
9              Plaintiff,                     )    ORDER OF COURT REGARDING
                                             )    PLAINTIFF'S MOTION TO DISQUALIFY
10   vs.                                      )    DEFENSE COUNSEL
                                             )
11   WILLIAM TULL; DANIEL GIBBY;              )    DATE:  August 23, 2007
     GIBBY NOVELTIES, LLC dba ARSENIC         )    TIME:  9:30 am
12   & APPLE PIE; DOES 1 through 100,         )    DEPT:  302
     inclusive,                               )
13                                            )    Complaint filed:  June 17, 2005
                                             )
14              Defendants.                   )
                                             )
15   _____ )
     _____

16

17              TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18         This Court, having reviewed and considered the motion and reply papers of the Plaintiff

19   in support of his motion to disqualify Defense Counsel David Y. Wong, and the Opposition

20   papers to said motion filed by Defendants, and having received and considered the oral

21   argument of Counsel representing both parties, hereby rules and orders as follows:

22

23         IT IS ORDERED THAT Plaintiff's Motion to Disqualify Defense Counsel is denied.

24         IT IS FURTHER ORDERED that Defendants' request for monetary sanctions is denied

25   without prejudice.  Defendants may subsequently present their request to this Court in

26   accordance with CCP Section 128.7.

27

28   //

Order Regarding Motion to
Disqualify Defense Counsel

MONTWILLO V. TULL

IT IS SO ORDERED. *PLAINTIFF's MOTION TO DISQUALIFY DEFENSE COUNSEL IS DENIED.*

Date: SEP 0 5 2007

PATRICK J. MAHONEY

Hon. Patrick Mahoney
Judge of the Superior Court

Order Approved as to Form

SEE EXHIBIT "A" RE ~~COMPLIANCE WITH CRC 3.1312~~

Stephen Sommers, Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Regarding Motion to
Disqualify Defense Counsel

MONTWILLO V. TULL

```
*********************
*** FAX TX REPORT ***
*********************


              TRANSMISSION OK


JOB NO.                        1303
DESTINATION ADDRESS            9560878
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                       08/24 16:07
USAGE T                        00'33
PGS.                           3
RESULT                         OK
```



# David Y. Wong

### Attorney at Law

## 100 Shoreline Highway
## Suite 100 B
## Mill Valley, California
## 94941
## (415) 339-0430
## Fax. 332-8679

**To:** Stephen Sommers
Attention:
Fax number: (415) 956-0878

**Date:** 8/24/2007

**Regarding:** Montwillo v. Tull

**Comments:**   3 pages, including this cover page.

Pursuant to the Court's ruling on Plaintiff's Motion, enclosed please find a proposed Order for your approval. If it not returned by Monday, August 27, it will be submitted to the court with a copy of this cover sheet.

dyw

This facsimile contains information which may be confidential and privileged. It is intended only for the use of the individual or entity to whom it is addressed. Unless you are the addressee (or authorized to receive transmissions on behalf of the addressee), you may not use, copy or disclose to anyone this fax or any information or documents contained in the fax. If you have received this transmission and any attached documents in error, please immediately advise the Sender by telephone at 415-339-0430 or reply by e-mail to dwong91@yahoo.com, and destroy this message and all copies.

