David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA  94941
Tel: (415) 339-0430
Fax:  (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA  94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual<br><br>   Plaintiff,<br><br>vs.<br><br>WILLIAM TULL; DANIEL GIBBY;<br>GIBBY NOVELTIES, LLC dba<br>ARSENIC & APPLE PIE, a California<br>Limited Liability Corporation and DOES<br>1 through 20, inclusive,<br><br>   Defendants. | CASE NO.  C 07 3947 SI<br><br>REPLY TO OPPOSITION TO MOTION OF<br>DEFENDANTS WILLIAM TULL, DANIEL<br>GIBBY AND GIBBY NOVELTIES, LLC FOR<br>A STAY OF PROCEEDINGS TO<br>COORDINATE WITH A PENDING<br>RELATED ACTION<br><br>Hearing Date: November 16, 2007<br>Hearing Time: 9:00<br>Ctrm:   10<br><br>Complaint filed:  August 1, 2007 |

   DEFENDANTS WILLIAM TULL, DANIEL GIBBY AND GIBBY NOVELTIES, LLC,

hereby reply to the Opposition filed by the Plaintiff in the above action.

   Defendants' Motion for Stay of Proceedings is intended to blunt and prevent Plaintiff

from "forum shopping" the instant dispute.  As shown by his Opposition, Plaintiff is a serial

forum shopper, willing to abandon one venue (State Court) for another (binding arbitration), and

yet another (USDC) in the hopes of finding a more sympathetic audience.  Plaintiff is sadly

mistaken, however, when he assumes that his legal maneuverings have resulted in a dismissal of

the binding arbitration proceeding.  They have not.  Defendants thus renew their request for Stay of Proceedings while and until the on-going binding arbitration proceeding between the parties is arbitrated and respectfully request that sanctions be imposed against Plaintiff and his Counsel.

Contrary to Plaintiff's brief Opposition, the dismissal of his Complaint with the State Court has no effect on the authority and jurisdiction of the arbitrator to whom the matter has been submitted.  California State Law is clear that absent an agreement to withdraw the controversy from arbitration, the State Court no longer has jurisdiction over a controversy stipulated to by the parties and the arbitration continues.  As noted by the California Court of Appeals in *Byerly v. Sale* (1988) 204 Cal.App.3d 1312, 1314 - 1315:

> "Mere dismissal of a previously stayed complaint under the present circumstances has absolutely no effect on the pending arbitration. This is so because the parties contractually agreed to arbitrate the dispute…The Court did not purport to dismiss the arbitration, nor are we aware of any authority to do so had it desired to accomplish that result."

In short, once the State Action is stayed pursuant to an agreement to arbitrate, the underlying complaint, having fulfilled its purpose, becomes virtually *"functus officio"[1]  Id.*, at 1315.

The enduring validity of the parties' stipulation to binding arbitration was most recently affirmed in the case, *Swab Financial v. E-Trade Securities* (2007) 105 Cal.App.4th 1181, 2000. In *Swab*, the California Court of Appeals found that under CCP Section 1281.4, once an action has been stayed pending submission to arbitration pursuant to agreement of the parties, the action then "sits in the twilight zone of abatement with the trial court retaining merely vestigial jurisdiction…" *Id*, at 1200.  During that time, the State Court may grant provisional remedies, but may not decide questions of arbitration procedure or remove the matter from arbitration altogether, even by dismissal of the underlying action.  Therefore, if the State Court itself lacks the authority to dismiss a pending matter from arbitration, afortiori, Plaintiff may not unilaterally cancel or dismiss a binding arbitration proceeding through the mere dismissal of his Complaint.

---

[1]  Latin for "having performed his office"

Defendants thus renew their Motion for Stay of Proceedings and ask that this Court order the Stay to remain in effect until such time as the binding arbitration has been completed.  Given Plaintiff's clear reluctance to adjudicate the matter on the merits, Defendants would urge this Court to issue an Order for Stay of the Proceedings for an indefinite period of time, requiring a motion from Plaintiff to lift the Stay upon proof of completion of the arbitration or the consent of Defendants.

**Sanctions For Bad Faith Conduct Under Rule 11**

The instant federal action marks the third proceeding initiated by Plaintiff in an attempt to find a trier of fact or neutral sympathetic to his cause.  Plaintiff initially turned to the State Court for relief when he filed his Complaint against Defendants in June of 2005. (Exhibit A)  Almost a year later, on April 25, 2006, Plaintiff obtained a stay of the State Court Action pursuant to an agreement among the parties to submit the matter to binding arbitration.   (Exhibit B)  Now, after forcing three postponements of the arbitration, and on the eve of a hearing on the merits, Plaintiff wants to start anew with this Court.

Plaintiff's actions leave no doubt that his sole strategy is to delay, postpone, procrastinate and stall the entire process to drive up Defendants' legal expenses, all the while avoiding the actual merits of the dispute.[2]  Although Plaintiff expressly waived any conflict of interest posed by Defense Counsel's participation in the case in consideration for Defendants' Stipulation to Arbitrate, Plaintiff brought a motion before the State Court on August 23, 2007 seeking to disqualify and recuse defense counsel on the basis of said conflict.  The State Court denied the motion on multiple grounds.  Undaunted, on September 17, 2007, Plaintiff filed a Notice of

---

[2]   It is Defendants' firm belief that the filing of the instant federal court action, Plaintiff's motion to Disqualify Defense Counsel, and other tactics are, to try to force Defendants to offer a high financial settlement to Plaintiff in order to stem the legal fees these tactics are forcing Defendants to incur - a suspicion bolstered by the demand for a high dollar settlement made by Plaintiff's counsel immediately following the above actions - a course of conduct which further supports the conclusion that these actions are being taken in bad faith.

Appeal regarding the Court's denial of his motion[3].  In an effort to further delay the matter from being arbitrated, Plaintiff then filed a Motion to Stay the Arbitration pending his appeal of the State Court's Order on October 2, 2007.

On October 12, 2007, the very day after Defendants were forced to respond to Plaintiff's Motion for Stay of Arbitration, Plaintiff filed a Request for Dismissal of his complaint without prejudice.  Plaintiff now wishes to focus on his federal court action, undoubtedly using the same strategy and tactics that have served him so poorly thus far.

In addition to the foregoing acts of bad faith, Plaintiff's Opposition wrongly asserts that Defendants' Motion for Stay of the federal proceeding is moot because the related State Court action has now been dismissed.  Not only is this position clearly contrary to the law, the Opposition prepared and signed by Plaintiff's Attorneys makes no effort at all to cite or reference any statutory or caselaw authority in support of his assertion, because none exists.  Defendants submit that this violates FRCP Rule 11 in that the signing of a legal pleading filed with the Court implicitly certifies that a reasonable inquiry has been conducted, that the paper is well-grounded in law and in fact, and that the paper was not filed for any improper purpose.  Plaintiff and his Attorneys are well aware their Opposition does not meet the Court's criteria.

On October 19, 2007, Defendants learned that Plaintiff had not only dismissed his Complaint without prejudice, but also that Plaintiff submitted a request to the arbitrator to cancel the arbitration proceeding.  Immediately, Defendants objected to Plaintiff's request and demanded that the arbitration proceeding go forth as scheduled, or that the arbitrator issue an award finding Defendants to be the prevailing party.  (Defendants' Exhibit D)  Perhaps more importantly, Defendants cited the caselaw authority of *Swab Financial v E-Trade Securities, Supra*, in support of their position and copied Plaintiff's Attorney Sommers.  Hence, it is undeniable that Opposing Counsel knew of legal authority contrary to his position when he filed his Opposition, but choose to remain silent on the subject in hopes that the Court and Defendants would overlook the issue.  What appears to Defendants to be a deliberate attempt by Plaintiff's

---

[3]   Plaintiff waited until October 29 before notifying the State Court of his desire to abandon the appeal. (Exhibit D)

Attorneys to mislead or deceive this Court would seem to warrant the imposition of sanctions under Rule 11.

Finally, it should be noted by this Court that the Request for Dismissal filed by Plaintiff of his State Court Complaint technically permits Plaintiff to refile the Action at any time with any claims or causes of action that are not time-barred. Hence, it is a distinct possibility, especially given Plaintiff's predilection and history of forum shopping, that as soon he becomes dissatisfied with this Court's handling or disposition of the case, that Plaintiff will return to the State Court again and refile his action. For this reason, and the others set forth above, Defendants request that the Court reject Plaintiff's objections and issue an indefinite stay of the federal proceedings until the completion of the binding arbitration hearing in the related matter. Based also on the facts and analysis of Plaintiff's conduct and bad faith actions above, Defendants request the imposition of monetary sanctions against Plaintiff and his Attorneys of Record.

Respectfully Submitted,

DATED:    November 1, 2007

Marc H. Greenberg, Attorney at Law;

David Y. Wong, Attorney at Law

Attorneys for Defendants William Tull, Daniel Gibby and Gibby Novelties, LLC

1

AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

2

*Montwillo v. Tull*
USDC Action No. C 07 3947 SI

3

4

STATE OF CALIFORNIA        )
                           )  ss.

5

COUNTY OF MARIN            )

6

I, the undersigned, am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within action.

7

8

I am employed by the Law Offices of David Y. Wong, 100 Shoreline Highway, Suite 100B, Mill Valley, California 94941 ("the firm").

9

On November 1, 2007, I served the within document(s) entitled:

10

Defendants' Reply to Opposition to Motion of Defendants for Stay of Proceedings to Coordinate with Pending Related Action; Declaration of David Y Wong in Support

11

12

on the interested parties in this action by mailing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, and by causing such envelope to be deposited in the mail at 100 Shoreline Highway, Suite 100B, Mill Valley, California 94941, addressed as follows:

13

14

Stephen Sommers
870 Market Street, Suite 1142

15

San Francisco, CA 94102
839-8569

16

956-0878 fx

17

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

18

19

20

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

Executed on November 1, 2007, at Mill Valley, California.

23

24

DAVID Y. WONG

25

26

27

28

David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA  94941
Tel: (415) 339-0430
Fax:  (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA  94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual | ) CASE NO.  C 07 3947 SI |
| Plaintiff, | ) |
| vs. | ) DECLARATION OF DAVID Y. WONG IN |
| | ) SUPPORT OF REPLY TO OPPOSITION TO |
| WILLIAM TULL; DANIEL GIBBY; | ) MOTION FOR A STAY OF PROCEEDINGS |
| GIBBY NOVELTIES, LLC dba | ) TO COORDINATE WITH A PENDING |
| ARSENIC & APPLE PIE, a California | ) RELATED ACTION |
| Limited Liability Corporation and DOES | ) |
| 1 through 20, inclusive, | ) Hearing Date:  November 16, 2007 |
| | ) Hearing Time: 9:00 a.m. |
| Defendants. | ) Ctrm: 10 |
| | ) |
| | Complaint filed:  August 1, 2007 |

I, David Y. Wong, declare:

1.      I am one of the attorneys of record for Defendants WILLIAM TULL; DANIEL

GIBBY; GIBBY NOVELTIES, LLC in this Federal Action, and I am authorized by my Clients

to make this Declaration in Support of Defendants' Reply to Opposition to Motion for a Stay of

Proceedings.

2.      On or about October 29, 2007, Plaintiff filed with the State Court, his Notice of

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI                                      1

DECLARATION OF GREENBERG IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS

1    Abandonment of Appeal.  A true and correct copy of said notice is attached hereto as Exhibit D.

2         3.     Your Declarant has personally prepared the attached Reply to Opposition to

3    Motion for A Stay of Proceedings and is familiar with the facts set forth therein.

4         I certify under penalty of perjury under the laws of the United States that the foregoing is

5    true and correct, and if called upon, I can testify competently thereto.

6         Executed in Marin County, California, on November 1, 2007.

7

8                                            _____

9                                            DAVID Y. WONG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO BE FILED IN THE SUPERIOR COURT

**APP-005**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephen Sommers, SBN 225742<br>Sommers Law Group<br>870 Market Street, Suite 1142<br><br>San Francisco, CA 94102<br>TELEPHONE NO.: 415-839-8569     FAX NO. *(Optional)*: 415-956-0878<br>E-MAIL ADDRESS *(Optional)*: ssommers@sommerslaw.com<br>ATTORNEY FOR *(Name)*: Paul Montwillo | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civic Center |

| PLAINTIFF/PETITIONER: Paul Montwillo | Superior Court Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: William Tull, et al. | CGC-05-442352 |

| **ABANDONMENT OF APPEAL (UNLIMITED CIVIL CASE)** | Court of Appeal Case Number *(if known)*:<br>A119428 |
|---|---|

The undersigned appellant hereby abandons the appeal filed on *(date)* 9-20-2007     in the above entitled action.

Date: October 29, 2007

Jacob Sider
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPELLANT OR ATTORNEY)

---

**NOTE:  File this form in the superior court if the record has not yet been filed in the Court of Appeal.  If the record has already been filed in the Court of Appeal, you cannot use this form; you must file a request for dismissal in the Court of Appeal.  You can use form APP-007 to file a request for dismissal in the Court of Appeal.**

---

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
APP-005 [Rev. July 1, 2004]

**ABANDONMENT OF APPEAL (UNLIMITED CIVIL CASE)**

Cal. Rules of Court, rule 20

Legal
Solutions