STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff/Cross-
Defendant Paul Montwillo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE; DOES 1-100, inclusive,<br><br>        Defendants.<br>WILLIAM TULL,<br><br>        Counter-Claimant,<br><br>    vs.<br><br>PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive,<br><br>        Counter-Defendants. | Case No.: C 07 3947 SI<br><br>**CROSS-DEFENDANT PAUL MONTWILLO'S ANSWER TO COUNTER CLAIM**<br><br>Counter Claim Filed: January 15, 2008 |

Cross-defendant Paul Montwillo hereby admits, denies, and responds to counter-complainant William Tull's Counter Claim. Cross-defendant reserves the right to file appropriate amendments to this Answer if necessary, if and when additional information is obtained.

MONTWILLO v. TULL (et al.)
MONTWILLO'S ANSWER TO COUNTER CLAIM

Page 1 of 6

## SPECIFIC ADMISSIONS AND DENIALS

1. Admit.

2. Admit.

3. Denied to the extent cross-defendant does not have sufficient information to accurately admit or deny allegation.

4. Admit.

5. Cross-defendant admits that counter-defendant and counter-claimant formed Arsenic & Apple Pie, LLC in April of 1999 for the purpose of manufacturing and distributing dolls known as "trailer trash dolls" and other dolls. Cross-defendant denies Arsenic & Apple Pie, LLC was organized to design dolls. Cross-defendant admits that Montwillo was responsible for the creative aspects of the dolls, but denies the implication that was the extent to Montwillo's responsibilities within Arsenic & Apple Pie, LLC. Cross-defendant admits that Tull was responsible for some management and underwriting functions, but denies the implication that Tull was solely responsible for management and underwriting. Cross-defendant admits Montwillo and Tull both held 50% interest in Arsenic & Apple Pie, LLC. Cross-defendant denies the business capital structure was a classic "sweat equity" arrangement. Cross-defendant denies the allegation that Tull provided all of the financing for the venture. Cross-defendant denies that he "contributed" his designs for the dolls insofar as the phrase implies that the ownership of the designs was transferred in anyway to Arsenic & Apple Pie, LLC. Cross-defendant admits that he was the creative director for Arsenic & Apple Pie, LLC, which included design functions.

6. Cross-defendant does not have sufficient information to admit nor deny whether Arsenic & Apple Pie, LLC encountered "several years of disappointing sales and the absence of any net profits" or whether "Arsenic & Apple Pie was floundering and had yet to repay any of the first priority loans made to it by Tull." Cross-defendant denies that in July 2004, Arsenic & Apple Pie, LLC was "forced to windup and dissolve" and denies that the dissolution of Arsenic & Apple Pie, LLC was caused in anyway by Montwillo's bankruptcy petition. Cross-defendant denies that Arsenic & Apple Pie, LLC properly made any decision to dissolve, rather the

decision was unlawfully and unilaterally made by Tull. Cross-defendant denies that Article IX of the Operating Agreement automatically requires the windup of operations upon certain triggering events. Cross-defendant admits that the bankruptcy by a managing member is listed among the "triggering events listed in the Operating Agreement."

7. Cross-defendant does not have sufficient information to admit or deny any of the allegations in paragraph 7.

8. Cross-defendant does not have sufficient information to admit or deny any of the allegations in paragraph 8.

9. Cross-defendant does not have sufficient information to admit or deny any of the allegations in paragraph 9.

10. Cross-defendant admits he filed bankruptcy in April 2002. Cross defendant admits that he did not specifically list any of the thousands of original drawings and sketches he produced over his lifetime. Cross-defendant denies that if cross-defendant had listed the doll designs in his bankruptcy petition the designs would be subject to claims by his creditors or subject to a claim for conversion of company assets by Arsenic & Apple Pie, LLC.

11. Cross-defendant does not have sufficient information to admit or deny any of the allegations in paragraph 11.

12. Cross-defendant incorporates his responses to paragraphs 1 through 11 herein.

13. Cross-defendant admits that on July 2, 2004, he filed for copyright registration number VAu631-337, entitled Talking Pregnant Trailer Trash Doll a.k.a. Trash Talking Trixie, and number Vau631-338, entitled Trailer Trash Roy Doll a.k.a. Buddy a.k.a. Mullet Doll.

14. Admit.

15. Cross-defendant denies each and every allegation contained in paragraph 15. Cross-defendant does not have sufficient information to admit or deny any of the allegations in paragraph 15, except that cross-defendant admits he did not seek consent from Tull to file copyright applications.

16. Cross-defendant objects to the allegations contained in paragraph 16 as an assertion of a legal conclusion and not an assertion of fact that can be admitted or denied. To the

MONTWILLO v. TULL (et al.)
MONTWILLO'S ANSWER TO COUNTER CLAIM

Page 3 of 6

extent the paragraph contains assertions of fact, cross-defendant denies each and every factual assertion.

17. Cross-defendant objects to the allegations contained in paragraph 17 as an assertion of a legal conclusion and not an assertion of fact that can be admitted or denied. To the extent the paragraph contains assertions of fact, cross-defendant denies each and every factual assertion.

18. Cross-defendant objects to the allegations contained in paragraph 18 as an assertion of a legal conclusion and not an assertion of fact that can be admitted or denied. To the extent the paragraph contains assertions of fact, cross-defendant denies each and every factual assertion.

19. Cross-defendant incorporates his responses to paragraphs 1 through 19 herein.

20. Cross-defendant admits that the Operating Agreement contains an arbitration clause. Cross-defendant denies each and every other allegation contained in paragraph 20.

21. Cross-defendant denies each and every allegation contained in paragraph 21.

22. Cross-defendant incorporates his responses to paragraphs 1 through 21 herein.

23. Cross-defendant objects to the allegations contained in paragraph 23 as an assertion of a legal conclusion and not an assertion of fact that can be admitted or denied. To the extent the paragraph contains assertions of fact, cross-defendant denies each and every factual assertion.

24. Cross-defendant objects to the allegations contained in paragraph 24 as an assertion of a legal conclusion and not an assertion of fact that can be admitted or denied. To the extent the paragraph contains assertions of fact, cross-defendant denies each and every factual assertion.

### AFFIRMATIVE DEFENSES

1. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to the principles of accord and satisfaction.

MONTWILLO v. TULL (et al.)
MONTWILLO'S ANSWER TO COUNTER CLAIM

Page 4 of 6

2. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to the arbitration provision of the operating agreement between the parties.

3. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred since cross-claimant assumed the risk of the underlying agreement.

4. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred since cross-complainant was engaged in contributory negligence.

5. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred cross-defendant acted under duress.

6. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to the principle of estoppel.

7. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred for failure of consideration.

8. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred based on fraudulent activities of the cross-complainant and his attorney.

9. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to the principle of laches.

10. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to the statute of limitations.

11. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to the statute of frauds.

12. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred subject to waiver.

13. Cross-defendant alleges that each and every allegation in cross-claimant's counter claim is barred

///

///

///

MONTWILLO v. TULL (et al.)
MONTWILLO'S ANSWER TO COUNTER CLAIM

Page 5 of 6

Dated: February 14, 2008

SOMMERS LAW GROUP

Stephen Sommers
Attorney for Plaintiff/Cross-Defendant
Paul Montwillo

MONTWILLO v. TULL (et al.)
MONTWILLO'S ANSWER TO COUNTER CLAIM

Page 6 of 6