| | |
|---|---|
| SOMMERS LAW GROUP<br>STEPHEN A. SOMMERS (SBN 225742)<br>JACOB W. SNIDER (SBN 236084)<br>870 Market Street, Ste. 1142<br>San Francisco, CA 94102<br>(415) 839-8569 (Tel)<br>(415) 956-0878 (Fax)<br><br>R. Randall Riccardo (Bar. No. 224672)<br>(randyr@bluemarlincorp.com)<br>1459 18th Street, Ste. 186<br>San Francisco, CA 94107<br>(415) 215-2951 (Tel)<br>(415) 956-0878 (Fax)<br><br>Attorneys for Plaintiff<br>PAUL MONTWILLO | Law Office of David Y.Wong (SBN 105031)<br>100 Shoreline Highway, Suite 100 B<br>Mill Valley, CA 94941<br>Tel: (415) 339-0430<br>Fax: (415) 332-8679<br><br>Law Office of Marc H. Greenberg (SBN 88493)<br>536 Mission Street, Suite 2323<br>San Francisco, CA 94105<br>Tel: (415) 442-6611<br>Fax: (415) 442-6609<br><br>Attorneys for Defendants William Tull, Daniel Gibby, Gibby Novelties, LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL MONTWILLO,<br><br>        Plaintiff<br><br>v.<br><br>WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE, a California Limited Liability Corporation, and DOES 1 through 20 inclusive,<br><br>        Defendants | Case No.: C 07 3947 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Courtroom:** 10<br>**Judge:** Hon. Susan Illston<br>**Date:** March 14, 2008<br>**Time:** 2:30 pm |

    Prefatory Note: Since the Court's initial Case Management Conference in November of 2007, the parties have exchanged discovery and are now in the process of completing depositions of the principals involved. The remaining deposition of William Tull is scheduled for March 20, 2008. Tull has filed, and Montwillo has Answered Tull's Counter-Claim for conversion, breach of contract and breach of fiduciary duty.

On March 4, 2008, the parties appeared before Magistrate Larson for a settlement conference. Despite the Court's efforts, the parties were unable to settle the matter or come to any agreement as to the issues presented in this action.

1. Plaintiff's Position: This Court has subject matter jurisdiction over this action. Plaintiff has brought an action only for copyright infringement. 28 U.S.C. §§ 1331, 1338. All parties are subject to this Court's jurisdiction and have been served.

2. Defendants' Position: Plaintiff's claims for copyright infringement are unfounded, without merit and unsustainable on multiple grounds. The subject of Plaintiff's alleged copyrights is material which not properly copyrightable under Federal Law. Moreover, the rights asserted by Plaintiff legally and contractually belong to Defendant Gibby in that they were acquired from Defendant Tull, who legally received them as part of the dissolution of Arsenic & Apple Pie, LLC, the original owner of the doll designs and all intellectual property rights thereto.

2. Plaintiff's Position: The factual and legal basis for Plaintiff's claim is as follows: Plaintiff created a line of novelty dolls in 1998. The dolls were known by various names and were parodies of Barbie dolls. The designs are wholly original to Plaintiff and are copyrightable subject matter pursuant to the laws of the United States. Plaintiff protected his designs through the procurement of U.S. Copyright Registrations.

Defendant Tull and Plaintiff had previously formed a corporation; Arsenic and Apple Pie LLC, to manufacture market and distribute the dolls Plaintiff designed. Tull and Plaintiff entered into a contract on May 4, 2000 to form the corporation. For three years Arsenic & Apple Pie LLC manufactured and distributed novelty dolls based on Plaintiff's designs.

Arsenic & Apple Pie LLC operated until June 25, 2004, at which time Tull notified Plaintiff he was dissolving Arsenic & Apple Pie LLC pursuant to an *ipso facto* clause in the

contract governing Arsenic & Apple Pie LLC. After Arsenic and Apple Pie LLC was dissolved, defendants Tull and Gibby formed Gibby Novelties LLC, and continued to sell novelty dolls which are identical in almost all respects to the dolls Plaintiff designed and copyrighted.

Defendants, without authorization or license from Plaintiff, continue to manufacture, market, distribute and sell their line of infringing dolls which are virtually exact reproductions of those designed by Plaintiff and subject to copyright.

Defendants' Position: The factual and legal basis of Defendants' defenses is as follows:

Plaintiff Montwillo and Defendant Tull were the founders and co-managing members of a California limited liability company, Arsenic & Apple Pie, LLC., which was formed in April of 1999. As set forth in the Operating Agreement, in lieu of a monetary investment, Montwillo's contribution to the Company was the creative aspects of designing, manufacturing and marketing the satirical dolls known as "trailer trash dolls." Tull was responsible for managing and underwriting the business venture. Both managed and held a 50% interest in the Company. All doll design, development, marketing and distribution costs were borne by the Company, and no claim of private ownership was ever reserved or asserted by Montwillo.

After several years of disappointing sales and the absence of any net profits, Arsenic & Apple Pie LLC was forced to windup and dissolve following the disclosure of Montwillo's earlier petition in bankruptcy. The decision to dissolve the Company was involuntary under Article IX of the Operating Agreement and took place in June of 2004.

The Company's assets were liquidated on July 11, and the Company was formally dissolved on July 12, 2004. In accordance with the Operating Agreement, the Company's debts were paid in order of priority. After satisfaction of the Company's third party debts and loans,

there were no remaining assets to distribute to any of the members. next order of priority was for outstanding loans made by its members, however, there were no assets remaining to be distributed in accordance with each member's respective interest in the company. Thus, neither Tull nor Montwillo received any distribution for their member interests upon dissolution. What assets were received by Tull, namely the remaining doll inventory and the intellectual property rights to all five doll designs, were given to Tull in consideration of his waiver of his loans to the Company in excess of $70,000.

Defendant Daniel Gibby is the sole founder and member of Gibby Novelties, LLC, a California Limited Liability Company formed in July of 2004. On July 15, Gibby purchased the "Trailer Trash" doll inventory and all intellectual property rights to the dolls from Tull and transferred same to Gibby Novelties, LLC as his capital contribution.

On June 17, 2005, Montwillo filed suit in State Court against Defendants alleging that his shares of Arsenic & Apple Pie, LLC were wrongfully taken from him. The matter was removed to binding arbitration by the agreement of all parties, and before the matter could be arbitrated, Plaintiff filed this action for copyright infringement. Three weeks before the hearing, Plaintiff abandoned the binding arbitration by dismissing his complaint without prejudice and on March 6, 2008, the State Court granted Defendants' motion for attorneys fees against Plaintiff as the prevailing party.

Defendants reject Plaintiff's claims in whole and submit that the State Court action, the arbitration demand and the instant Federal Action are merely ploys to extort Tull for additional funds. Not only was the Operating Agreement entirely valid and enforceable, Tull's windup and dissolution of the Company was legitimate and more than fair to Montwillo. In the end, neither

member received any distribution of profits or assets as part of the dissolution. What assets that did exist, namely the remaining doll inventory and the doll intellectual rights, were clearly owned by the Company, not Montwillo, thus the five copyright registrations in question were fraudulent and based on false information.

Defendants further reject Plaintiff's claim that Gibby or his company Gibby Novelties was or is in any way liable for any copyright infringement damages. The fact is that Gibby Novelties never manufactured any dolls in accordance with a copyrighted design conceived by Montwillo. Not only would Arsenic & Apple Pie own the designs, in reality, the only two doll models that Gibby Novelties did put into production were only roughly based on doll concepts which it acquired from Tull. It then further developed the concepts into completely different products that do not resemble the original "design". Thus, not only did Gibby and Gibby Novelties legally acquire the intellectual rights to the five trailer trash doll models from their rightful owner, Arsenic & Apple Pie LLC, vis-à-vis Tull, the dolls actually manufactured and sold are substantially different and thus do not violate any copyrights possibly held by Montwillo.

Defendants submit that Plaintiff's own testimony clearly shows that Plaintiff cannot claim ownership of the doll copyrights. From 1997 until 2004, he was engaged in a business partnership, and then a limited liability company, with the stated purpose of designing, producing and distributing the subject dolls. Plaintiff made no attempt to reserve or claim the copyright interests to same at any time during this period. Instead, he actively participated in the design and marketing of the dolls, personally inscribing copyright information on each doll package as owned by Arsenic & Apple Pie, LLC. Only after the Company was about to dissolve and

auction its inventory and their intellectual property rights to pay off its debts did Plaintiff secretly try to claim ownership of the copyrights.

Perhaps more troubling, if Plaintiff is to be believed, he knowingly lied and defrauded his creditors when he filed for bankruptcy in 2002. By his own testimony, Plaintiff has claimed that he "licensed" his designs to Arsenic & Apple Pie, LLC when he became a member in 1999. In 2002, however, when he filed his Petition in Bankruptcy, he denied the existence of any copyright or licenses. Had he done so, the bankruptcy trustee could and would have claimed these rights and offered them to his creditors.

Defendants further submit that Plaintiff's copyright claims are invalid as the dolls at issue are not parodies of the popular "Barbie Doll" line of toys. As per an earlier agreement with Mattel, the Trailer Trash doll design may not invoke any aspect of the Barbie Doll products. Moreover, the satirical content of the Trailer Trash dolls, consisting primarily of the clothing and physical appearance of the dolls, consist of unoriginal genre stereotypes, which do not qualify these dolls as a valid subject of copyright protection. *See, generally* 17 U.S.C. § 101 *et. seq.*

3. Plaintiff's Position: The factual and legal issues genuinely in dispute are whether the dolls currently sold by Defendants violate any copyright owned by Plaintiff.

Defendants' Position: The factual and legal issues genuinely in dispute are:

1. Whether the claimed copyright in the dolls at issue is valid;
2. Whether Plaintiff's registration of the doll designs in question constitutes a fraud on the Copyright Office; and
3. Whether Plaintiff is legally capable of asserting a copyright infringement claim at this time.

4. Plaintiff's Position: The issues that can be narrowed by agreement or by motion are whether Plaintiff designed the dolls originally sold by Arsenic and Apple Pie and whether those dolls are virtually identical to the dolls currently sold by Defendants. Resolution of these issues will focus this case to issue of whether Plaintiff's copyrights are legitimate.

Defendants' Position: The issues that can be narrowed by motion are potentially dispositive of the case. Defendants will attempt to do so at the appropriate time.

5. The motion practice set forth in the preceding section identifies the motions to be filed in this matter by Defendants. Plaintiff has not identified any intended motions to be filed.

6. Plaintiff's Position: Plaintiff seeks monetary damages from profits reaped by Defendants through the sale of their dolls which infringe on Plaintiff's copyrights. The amount of Plaintiff's damages is subject to anticipated discovery regarding Defendants' profits through the infringement.

Defendants' Position: Defendants owe nothing to Plaintiff as there are no net profits which have been earned on any infringing dolls and, more importantly, Plaintiff's claims of copyright infringement are without merit.

7. Plaintiff anticipates pursuing the following discovery:
Deposition of Defendants Tull and Gibby; possible deposition of retailers to whom Defendants sold the infringing dolls to; discovery requests regarding how many of the infringing dolls Defendants have sold, how much Defendants have profited from such sales, and to whom and when Defendants have made such sales.

Defendants have pursued the following discovery: Defendants have propounded requests for production of documents, and have taken the deposition of Plaintiff Montwillo.

8.  Plaintiff's Position: Plaintiff does believe this action is suitable for reference to binding arbitration, a Special Master, a Magistrate Judge for trial, or the Judicial Panel on Multidistrict Litigation. Plaintiff is willing to take part in non-binding mediation.

Defendants Position: Defendants do not believe a Special Master, Trial, non-binding arbitration or other alternative dispute resolution will be successful or helpful. If ordered, Defendants will again engage in good faith discussions.

9.  Plaintiff's Position: This will be a jury trial. The Plaintiff anticipates a trial length of approximately eight days. It is possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence. It is not feasible and desirable to bifurcate issues for trial.

Defendants' Position: This case should be disposed of via a motion for summary judgment. In the unlikely event a jury trial is commenced, Defendants believe the matter could be tried in four days. Defendants are amenable to a court trial, which could be completed in two days or less.

10. Plaintiff's Position: There are no related cases pending before other Judges of this Court.
Defendants' Position: There is a related State Court Action involving similar claims. Defendants are preparing a motion to prove up their attorneys fees to the Court.

11. This is not a class action.

1  12.    The discovery cutoff date is March 14, 2008. The pretrial conference is scheduled for
2  June 17, 2008.

4  13.    Plaintiff's Position: Plaintiffs are open to settlement negotiations.
         Defendants' Position: This entire action has been filed and maintained through three different forums, over the course of more than three years, all in an effort to compel Defendants to pay a nuisance value settlement. Defendants are not prepared to pay any settlement of these spurious claims.

DATED: March ____, 2008                       Respectfully submitted,

                                              _____
                                              R. RANDALL RICCARDO
                                              STEPHEN SOMMERS
                                              JACOB SIDER
                                              Attorneys for Plaintiff
                                              PAUL MONTWILLO

                                              _____/s/_____
                                              DAVID Y. WONG
                                              MARC H. GREENBERG
                                              Attorneys for Defendants William Tull,
                                              Daniel Gibby, Gibby Novelties, LLC

MONTWILLO v. WILLIAM TULL (ET AL)
JOINT CASE MANAGEMENT STATEMENT