

STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Counter-defendant
Paul Montwillo

# UNITED STATES DISTRICT COURT

## FOR NORTHERN DISTRICT OF CALIFORNIA

PAUL MONTWILLO, an individual;

    Plaintiff,

vs.

WILLIAM TULL, an individual; DANIEL
GIBBY, and individual; GIBBY
NOVELTIES, LLC dba ARSENIC & APPLE
PIE, a California limited liability company;
and DOES 1-100, inclusive,

    Defendants.

WILLIAM TULL, an individual;

    Counter-Claimant,

vs.

PAUL MONTWILLO, an individual, and
DOES 21 through 30, inclusive,

    Counter-Defendants

Case No. C 07 3947 SI

DECLARATION OF STEPHEN SOMMERS
IN SUPPORT OF HIS MOTION FOR
SUMMARY JUDGEMENT

Date:        April 4, 2008
Time:        9:00 a.m.
Court:       10, 19th Floor
Judge:       Honorable Susan Illston

Complaint Filed:        August 1, 2007
Counterclaim Filed:    January 11, 2008

Trial Date:        June 30, 2008

    I, Stephen Sommers, by personal knowledge, hereby declare that if called to testify I could and would attest to the following:

Page 1 of 3

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
DECLARATION OF STEPHEN SOMMERS IN SUPPORT OF PAUL MONTWILLO'S MOTION FOR
SUMMARY JUDGEMENT

SOMMERS LAW GROUP

1.     I am a licensed attorney in the State of California, Bar Number 225742. I am the attorney of record for Paul Montwillo in the above referenced matter.

2.     I have conducted investigation and discovery in this matter. As part of defendants' response to document demands and Rule 26 disclosure, defendants produced numerous documents. Among the documents produced is an "Agreement to Release, Cancel and Terminate Business Loans dated July 17, 2004, executed by William Tull. A true and accurate copy of this document is attached hereto as Exhibit A.

3.     Also submitted by defendant is a "Bill of Sale of Assets of Arsenic & Apple Pie, LLC" executed by William Tull on July 17, 2004 conveying the assets of AAP to Tull. A true and accurate copy of this document is attached hereto as Exhibit B.

4.     Also submitted by defendant is a "Bill of Sale" dated July 15, 2004 conveying the assets of formerly held by AAP from Tull to Daniel Gibby. A true and accurate copy of this document is attached hereto as Exhibit C.

5.     Also submitted by defendants is an State of California endorsed "Article of Organization" for Gibby Novelties, LLC, executed by David Wong and listing Tull as the agent for service of process. A true and accurate copy of this document is attached hereto as Exhibit D.

6.     On or about February 5, 2008, I promulgated interrogatory requests upon defendants. A true and accurate copy of this document is attached hereto as Exhibit E.

7.     On or about March 7, 2008, I received defendants' responses to the interrogatory requests. A true and accurate copy of this document is attached hereto as Exhibit F.

8.     On or about February 5, 2008, I promulgated requests for admissions upon defendants. A true and accurate copy of this document is attached hereto as Exhibit G.

9.     On or about March 7, 2008, I received defendants' responses to the requests for admissions. A true and accurate copy of this document is attached hereto as Exhibit H.

10.    I have personally researched Gibby Novelties, LLC's marketing and have found that they have sold each of the dolls subject to Montwillo's registered copyrights.

Page 2 of 3

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
DECLARATION OF STEPHEN SOMMERS IN SUPPORT OF PAUL MONTWILLO'S MOTION FOR SUMMARY JUDGEMENT

11.     On March 21, 2008, I took the deposition of William Tull. During that deposition, he affirmed that the handwriting in the Operating Agreement in section 3.8 was his handwriting.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2008.

Stephen Sommers

San Francisco, California

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
DECLARATION OF STEPHEN SOMMERS IN SUPPORT OF PAUL MONTWILLO'S MOTION FOR
SUMMARY JUDGEMENT

# EXHIBIT A

## Agreement to Release, Cancel and Terminate Business Loans

The Undersigned, William Tull, does hereby agree to release, cancel and terminate the two loans made to Arsenic & Apple Pie, LLC. The two loans, for $9,834.05 and $63,382.55 ( Total: $73,216.60), were made to Arsenic & Apple Pie, LLC in addition to Tull's original capital contribution to the Limited Liability Company, and represent unsecured loans to the Company by a member pursuant to Section 3.8 of the Operating Agreement.

To date, the foregoing loans have not been satisfied or repaid in full. However, the outstanding balance of $73,216.60 is hereby waived, released, canceled and terminated in exchange and consideration for the transfer to William Tull of all the remaining assets, both tangible and intangible, belonging to Arsenic & Apple Pie, LLC., including but not limited to: all product inventory, the intellectual property rights to the product line developed and produced by Arsenic & Apple Pie, LLC and its members, its unique and identifiable tradename, the goodwill of the business, and all other assets belonging to the company.

Dated this 17 day of July, 2004, in San Francisco, California.

William Tull, Jr., Managing Member

# EXHIBIT B

# BILL OF SALE OF ASSETS OF ARSENIC & APPLE PIE, LLC.

In consideration of the release, cancellation and termination of any and all financial obligations arising from Member William Tull's two loans to Arsenic & Apple Pie, LLC (hereinafter "Company") in the amounts of $9,834.05 and $63,382.55, totaling Seventy-three Thousand, Two Hundred and Sixteen Dollars and Sixty Cents. ($73,216.60), the receipt of documentation of said cancellation hereby acknowledged, the Company, Arsenic & Apple Pie, LLC, hereby conveys, transfers, and grants to William Tull (Tull) any and all remaining assets belonging to the Company, including but not limited to all product inventory, the intellectual property rights to the doll products described in the attached Exhibit A, the Arsenic & Apple Pie tradename, all business property of the Company and all goodwil attached to the Company.

Company hereby warrants and represents to Tull that it is the sole owner of the specified property and that the title hereby conveyed is valid and good. Arsenic & Apple Pie, LLC further warrants that the specified property being transferred, both tangible and intangible, is free and clear of any security interests, liens, claims or other encumbrances.

Arsenic & Apple Pie, LLC hereby covenants and agrees to defend, hold harmless and/or indemnify Tull, his agents, attorneys and assigns, against any title or ownership claims, liens or other encumbrances asserted in regard to said rights and property as described in this Bill of Sale.

Signed this 17 day of July, 2004.

ARSENIC & APPLE Pie, LLC

By: _William Tull_

William Tull, Jr, Liquidating Member.

000032

# EXHIBIT C

## BILL OF SALE

In consideration of the payment of the sum of $4,000 (four thousand dollars), and other valuable consideration from Daniel Gibby, the receipt of which is hereby acknowledged, William Tull hereby conveys, transfers, and grants to Daniel Gibby the sole ownership rights and claims to the remaining inventory, trademark, and intellectual property rights formerly held by Arsenic & Apple Pie, LLC, including but not limited to all unsold product inventory and the intellectual property rights to said dolls, as described more fully in the attached Exhibit A, which Tull acquired following the dissolution of said Limited Liability Company.  In addition, William Tull conveys to Daniel Gibby the "Arsenic & Apple Pie" trade name and all goodwill attached to same.

William Tull hereby warrants and represents to Daniel Gibby that he is the sole and exclusive owner of the specified property and that the title hereby conveyed is legitimate, valid and enforceable.  William Tull further warrants that the above property being transferred, both tangible and intangible, is free and clear of any security interests, liens, claims or other encumbrances.

William Tull, in conveying said property to Daniel Gibby, hereby covenants and agrees to defend, hold harmless and/or indemnify Daniel Gibby, his agents, attorneys, and assigns against any title or ownership claims, liens or other encumbrances asserted in regard to said rights and property in this Bill of Sale

Signed this _15th_ of July, 2004

By: _William Tull_
     William Tull, Jr.

000014

**Exhibit A**

**List of Property Conveyed to Daniel Gibby by William Tull**

Remaining doll inventory acquired from Arsenic & Apple Pie, LLC via dissolution:

1.  _1200_ Trailer Trash Dolls
2.  _17_ Drag Queen Dolls – Blonde
3.  _216_ Drag Queen Dolls – Red Head

Total number of dolls: _1433_

# EXHIBIT D



# State of California
## Kevin Shelley
## Secretary of State

File # **200419110109**

## LIMITED LIABILITY COMPANY
## ARTICLES OF ORGANIZATION

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

JUL 0 9 2004

**KEVIN SHELLEY**
Secretary of State

NOTE: A limited liability company is not permitted to render professional services.

A $70.00 filing fee must accompany this form.

This Space For Filing Use Only

**IMPORTANT – Read instructions before completing this form.**

1. NAME OF THE LIMITED LIABILITY COMPANY (END THE NAME WITH THE WORDS "LIMITED LIABILITY COMPANY," "LTD. LIABILITY CO.," OR THE ABBREVIATIONS "LLC" OR "L.L.C.")

   Gibby Novelties, LLC

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

   INITIAL AGENT FOR SERVICE OF PROCESS - If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF THE INITIAL AGENT FOR SERVICE OF PROCESS   William Tull, Jr.

4. IF AN INDIVIDUAL, THE ADDRESS OF THE INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA

   ADDRESS   40 DeBurgh Drive

   CITY   San Anselmo                                                        STATE   CA      ZIP CODE   94960

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY: (CHECK ONLY ONE)

   [✓] ONE MANAGER

   [ ] MORE THAN ONE MANAGER

   [ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

7. TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY (FOR INFORMATIONAL PURPOSES ONLY)

   Toy and doll design, manufacture and sales

8. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

   _____          July 8, 2004
   SIGNATURE OF ORGANIZER                            DATE

   DAVID Y. WONG
   TYPE OR PRINT NAME OF ORGANIZER

9. **RETURN TO:**

   NAME          David Y. Wong
   FIRM          Berger Kahn
   ADDRESS       1682 Novato Blvd.
   CITY/STATE    Novato, CA
   ZIP CODE      94947

LLC-1 (REV 06/2004)                                                    APPROVED BY SECRETARY OF STATE

000013

# EXHIBIT E

STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff/Cross-
Defendant Paul Montwillo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, | Case No.: C 07 3947 SI |
| Plaintiff, | PAUL MONTWILLO'S INTERROGATORY REQUEST (SET ONE) UNDER RULE 33 |
| vs. | |
| WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE; DOES 1-100, inclusive, | |
| Defendants. | |
| WILLIAM TULL, | |
| Counter-Claimant, | |
| vs. | |
| PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive, | |
| Counter-Defendants. | |

Propounding Party:    Plaintiff/Cross-defendant Paul Montwillo

Set Number:    One

Responding Parties:    Defendants/Cross-complainants William Tull, Daniel Gibby, and Gibby
Novelties, LLC

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 1 of 4

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff/cross-defendant Paul Montwillo requests Defendants/Cross-complainants William Tull, Daniel Gibby, and Gibby Novelties, LLC respond within 30 days to the following interrogatories:

**Interrogatory No. 1:**

Please state all facts that substantiate YOUR ["YOU" and "YOUR" as used herein, means William Tull, Gibby Novelties, LLC, and Daniel Gibby] contention contained in paragraph 5 of the Cross-complaint that "The business' capital structure was a classic 'sweat equity' arrangement - Tull provided all of the financing for the venture, and Montwillo contributed his designs for the dolls..."

**Interrogatory No. 2:**

Do YOU contend that Arsenic & Apple Pie, LLC windup and dissolution was required because Montwillo filed for personal bankruptcy?

**Interrogatory No. 3:**

If the answer to interrogatory number 2 is anything but a categorical "no", please state all facts to substantiate the claim that Montwillo's bankruptcy required Arsenic & Apple Pie, LLC to windup and dissolve.

**Interrogatory No. 3:**

Please state all facts that substantiate the contention in paragraph 6 of the Cross-complaint that "The decision to dissolve the Company was involuntary..."

**Interrogatory No. 4:**

Please state all facts that substantiate the contention in that the value of unsold product as alleged in paragraph 7 of the Cross-complaint that "At the time of windup and dissolution, the Company's balance sheet showed that its primary asset was in the form of unsold product inventory valued at $31,995.57..."

**Interrogatory No. 5:**

Please identify all steps taken by Arsenic & Apple Pie, LLC to solicit bids for purchase of the designs of the DOLLS SUBJECT TO THIS LITIGATION ["DOLLS SUBJECT TO THIS LITIGATION" as used herein means, means all dolls that have the distinctive characteristics of

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 2 of 4

the doll images described in paragraph 9 and Exhibit A to Montwillo's Complaint for Copyright Infringement, designated under Copyright Numbers VAu 531-338, VA 1-271-341, VA 1-271-343, VA 1-271-342, VAu 531-338].

**Interrogatory No. 6:**

Please identify all efforts made by Arsenic & Apple Pie, LLC to solicit bids for purchase of Arsenic & Apple Pie, LLC's inventory at the time of its windup and dissolution.

**Interrogatory No. 7:**

Please state all facts that support YOUR contention in paragraph 15 of the Cross-complaint that the "copyright applications [] pertain to designs created by Montwillo while he was a managing member of the Arsenic and Apple Pie LLC, and as such are asset of that Company, and are not, and have never been, the personal property of Montwillo."

**Interrogatory No. 8:**

Please state all facts that substantiate the allegation in paragraph 17 of the Cross-complaint that Montwillo's alleged conversion of the rights to the design have "clouded the title to these designs, and caused significant financial damage to Tull..."

**Interrogatory No. 9:**

Please state all facts that substantiate the allegation in paragraph 18 of the Cross-complaint that Montwillo's action for copyright infringement "are acts done for the purpose of extracting a settlement payment from Tull, and have not been brought in good faith."

**Interrogatory No. 10:**

Please state all facts that substantiate YOUR contention that Gibby Novelties, LLC is the rightful owner of the designs of the DOLLS SUBJECT TO THIS LITIGATION.

**Interrogatory No. 11:**

Please identify all persons with any knowledge of any of the facts that support the allegations contained in the Cross-complaint. For each identified person, please list their name, position, employer, residential address, work address, residential telephone number, mobile telephone number, and work telephone number.

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 3 of 4

Dated: February 5, 2008

SOMMERS LAW GROUP

Stephen Sommers
Attorney for Plaintiff/Cross-Defendant
Paul Montwillo

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 4 of 4

# EXHIBIT F

1  David Y. Wong, Attorney at Law (SBN 105031)
   100 Shoreline Highway, Suite 100 B
2  Mill Valley, CA 94941
   Tel: (415) 339-0430
3  Fax: (415) 332-8679

4  Law Office of Marc H. Greenberg (SBN 88493)
   536 Mission Street, Suite 2323
5  San Francisco, CA 94105
   Tel: (415) 442-6611
6

7  Attorneys for Defendants William Tull, Daniel Gibby and
   Gibby Novelties, LLC
8

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  PAUL MONTWILLO, an individual        )  CASE NO. C 07 3947 SI
                                         )
14              Plaintiff,               )  Cross-Claimant Tull's Responses to
                                         )  Interrogatory Requests, Set One
15  vs.                                  )
                                         )
16  WILLIAM TULL; DANIEL GIBBY;          )
17  GIBBY NOVELTIES, LLC dba ARSENIC     )
    & APPLE PIE, a California Limited     )
18  Liability Corporation and DOES 1 through )
    20, inclusive,                       )  Complaint filed: August 1, 2007
19                                       )
20              Defendants.              )

21  And related Counter-Claim of Tull

22      **Propounding Party:**     **Cross-Defendant Paul Montwillo**

23      **Responding Party:**      **Defendant/Cross-Claimant William Tull, Defendants**

24                                 **Daniel Gibby and Gibby Novelties**

25      **Set:**              **One**

26

27

28

1    Defendant/Cross-Claimant Tull and Defendants Gibby and Gibby Novelties, LLC
2  (hereinafter "Defendants") hereby provide the following responses to the Interrogatories, Set
3  One, served by Plaintiff and Cross-Defendant Montwillo as follows:

**Preliminary Statement**

5    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the above responding
6  parties make the following objections and responses. While Defendants have attempted to
7  investigate all of the facts surrounding the claims and facts pertaining to the instant action, and
8  makes the following disclosures in good faith, their responses are preliminary in nature and their
9
10  discovery is continuing. To the best of Defendants' knowledge, information, and belief, the
11  following responses have been formed after reasonable inquiry, and the information provided is
12  complete and correct as of the time they are made. Due to the continuing nature of their
13  investigation and discovery efforts, Defendants reserve the right to amend and/or supplement
14  these responses as pertinent facts become known in the future.

15    In responding to Plaintiff's discovery, Defendants do not represent that they have identified,
16  disclosed, or described every fact, document, tangible thing, or witness possibly relevant to this
17  litigation, nor do they waive their right to object to the production of any document or tangible
18  thing disclosed herein on the basis of relevancy, undue burden, confidentiality, or any other
19  valid objection. In particular, Defendants do not waive and specifically reserve: (1) the right to
20  object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other
21  proper grounds, to the use of such information for any purpose, in whole or in part, at any
22  subsequent time in this action or in any other action; (2) the right to object on any and all
23  grounds, at any time, to any other discovery request or proceeding involving or relating to the
24  subject matter of these disclosures. All such objections and grounds are therefore reserved and
25  may be asserted at the time of trial herein.

26    In the addition to the foregoing, Defendants object to any and all interrogatories which seek
27  information which would violate the attorney-client communication privilege, the federal and
28  state constitutional privacy protections concerning confidential financial information, and the

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI                    2

Responses to Interrogatories, Set One

1  work product of their attorney.  Any inadvertent disclosure of such information shall remain
2  subject to the above reservations and shall not constitute a knowing waiver by Defendants.
3      Without waiving the foregoing admonitions, objections and conditions, Defendants
4  respond as follows:
5
6
7  **Interrogatory No. 1:**         Defendants incorporate by reference as if set forth in full the
8  provisions of the Operating Agreement of Arsenic & Apple Pie, LLC, which specify the
9  respective duties and areas of responsibility for the two Operating Members and Managers,
10 William Tull and Paul Montwillo.  Defendants further cite the facts surrounding the formation,
11 existence and operation of the Company, specifically the actions of the Managing Members and
12 Managers, which support and bear witness to the existence of a "sweat equity arrangement"
13 whereby Tull provided the bulk of the financing for the venture and Montwillo was charged with
14 contributing his designs, artwork and doll concepts.  Discovery is continuing.
15
16 **Interrogatory No. 2:**         Following the discovery of Montwillo's Petition in Bankruptcy, and
17 in the absence of an election Tull as the "surviving member", to continue operation of the
18 Company, the Company was required to windup and dissolve.
19
20 **Interrogatory No. 3:**         Following the discovery of Montwillo's Petition in Bankruptcy, and
21 in the absence of an election Tull as the "surviving member", to continue operation of the
22 Company, the Company was required to windup and dissolve.  Discovery is continuing.
23
24 **Interrogatory No. 3:**         Following the discovery of Montwillo's Petition in Bankruptcy, and
25 in the absence of an election Tull as the "surviving member", to continue operation of the
26 Company, the Company was required to windup and dissolve.  Discovery is continuing.
27
28 **Interrogatory No. 4:**         Defendant would reference and incorporate by reference the

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI

Responses to Interrogatories, Set One

1  "facts" contained in the Income Statement and Balance Sheet of Arsenic & Apple Pie, LLC as of
2  May 31, 2004. See documents previously produced by Defendants.
3
4  **Interrogatory No. 5:**        Defendants object to this interrogatory on the grounds that the
5  subject dolls were not described in any copyright application submitted by Montwillo until after
6  the Company was already dissolved and ceased to exist. Hence, the interrogatory is factually
7  illogical and impossible to answer truthfully. In the spirit of discovery, without waiving the
8  foregoing objection, Defendants respond as follow: Arsenic & Apple Pie, LLC solicited bids for
9  the purchase of the remaining doll inventory, designs and intellectual property rights from any
10 interested party. Both managing members were advised of the open solicitation and invited to
11 submit bids. Discovery is continuing.
12
13 **Interrogatory No. 6:**        Defendants object to this interrogatory on the grounds that the
14 subject dolls were not described in any copyright application submitted by Montwillo until after
15 the Company was already dissolved and ceased to exist. Hence, the interrogatory is factually
16 illogical and impossible to answer truthfully. In the spirit of discovery, without waiving the
17 foregoing objection, Defendants respond as follow: Arsenic & Apple Pie, LLC solicited bids for
18 the purchase of the remaining doll inventory, designs and intellectual property rights from any
19 interested party. Both managing members were advised of the open solicitation and invited to
20 submit bids. Discovery is continuing.
21
22 **Interrogatory No. 7:**        The subject dolls designs were conceived of by Montwillo in his
23 capacity as a member of Arsenic & Apple Pie, LLC pursuant to his promise as set forth in the
24 Operating Agreement to conceive, design and implement doll designs for the Company as his
25 contribution in lieu of monetary capital. After each doll in question was conceived, placed into
26 production and manufactured by Arsenic & Apple Pie, LLC, the Company claimed the
27 copyrights to same in a manner consistent with the Operating Agreement and fully known to
28 Montwillo.  Montwillo actively and knowingly participated in and memorialized the ownership

1  claim of Arsenic & Apple Pie, LLC to the copyrights to the dolls in question. Discovery is
2  continuing.

3

4  **Interrogatory No. 8:**     Montwillo's conversion of the rights to the doll designs which are
5  the subject of this action have clouded title to the design and caused financial damage to Tull in
6  that Montwillo's secretive actions have created doubt as to the identify of the rightful owner of
7  the copyrights to said dolls, as well as forming the primary basis for the filing of both this and the
8  earlier State Court Action by Montwillo.   Discovery is continuing.

9

10  **Interrogatory No. 9:**     Montwillo's actions in connection with the State Court Action,
11  including but not limited to, the repeated postponements, and ultimate cancellation, of the
12  binding arbitration hearing, threats to amend his complaint to name as a defendant Counsel for
13  Defendants, unsuccessful Motion to disqualify Defense Counsel, and abandoned appeal of said
14  adverse ruling, and demands for settlement timed to coincide with said actions, are all facts
15  which demonstrate and prove that Cross-Defendant's actions were done for the purpose of
16  extracting a settlement payment from Tull in bad faith. Discovery is continuing.

17

18  **Interrogatory No. 10:**     Gibby Novelties, LLC  received a capital contribution from Daniel
19  Gibby which included the intellectual property rights to the dolls which are the subject of this
20  litigation.  Said rights were acquired in good faith by Gibby from Tull in a bona fide transfer of
21  assets in consideration of monetary compensation. Discovery is continuing.

22

23  **Interrogatory No. 11:**     Persons with knowledge of the facts include, but are not limited to:
24  Plaintiff, the named Defendants, the employees, legal counsel and accountants for Defendants.
25  Discovery is continuing.

26  //

27  //

28

1 | DATED:   March 7, 2008

2

3                                              _____

4                                              David Y. Wong, Attorney at Law

5                                              Attorneys for Defendants William Tull, Daniel

6                                              Gibby and Gibby Novelties, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

415-332-8679

## VERIFICATION

I, William Tull, Jr., declare as follows:

1.    I am the Defendant and Cross-Complainant in the above-captioned action and do hereby attest to the veracity of my responses to the forgoing Interrogatories, Set One.

2.    All information stated herein is based on my own personal knowledge of same, except for such responses stated on information and belief and as to those facts I believe them to be true, correct, and complete.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of March, 2008.

BY _____
William Tull, Jr.

## VERIFICATION

I, Daniel Gibby, declare as follows:

1.    I and Gibby Novelties, LLC are Defendants in the above-captioned action and on behalf of myself and Gibby Novelties, LLC, I do hereby attest to the veracity of the responses to the forgoing Interrogatories, Set One.

2.    All information stated herein is based on my own personal knowledge of same, except for such responses stated on information and belief and as to those facts I believe them to be true, correct, and complete.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of March, 2008.

BY _____
Daniel Gibby

# EXHIBIT G

STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff/Cross-
Defendant Paul Montwillo

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, | Case No.: C 07 3947 SI |
| Plaintiff, | PAUL MONTWILLO'S REQUEST FOR ADMISSIONS (SET ONE) UNDER RULE 36 |
| vs. | |
| WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE; DOES 1-100, inclusive, | |
| Defendants. | |
| WILLIAM TULL, | |
| Counter-Claimant, | |
| vs. | |
| PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive, | |
| Counter-Defendants. | |

Propounding Party:     Plaintiff/Cross-defendant Paul Montwillo

Set Number:     One

Responding Party:     Defendants/Cross-complainants William Tull, Daniel Gibby, and Gibby Novelties, LLC

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 1 of 3

Pursuant to Rule 36 of the Rules of Civil Procedure, Plaintiff/cross-defendant Paul Montwillo requests Defendants/Cross-complainants William Tull, Daniel Gibby, and Gibby Novelties, LLC respond within 30 days to the following requests for admissions:

**Request for Admission No. 1:**

Admit that Paul Montwillo designed the DOLLS SUBJECT TO THIS LITIGATION ["DOLLS SUBJECT TO THIS LITIGATION" as used herein means, means all dolls that share the distinctive characteristics of the doll images described in paragraph 9 and Exhibit A to Montwillo's Complaint for Copyright Infringement, designated under Copyright Numbers VAu 531-338, VA 1-271-341, VA 1-271-343, VA 1-271-342, VAu 531-338] before the formation of Arsenic & Apple Pie, LLC.

**Request for Admission No. 2:**

Admit that Paul Montwillo was never an employee of Arsenic & Apple Pie, LLC.

**Request for Admission No. 3:**

Admit that the designs of the DOLLS SUBJECT TO THIS LITIGATION were not produced as works for hire for Arsenic & Apple Pie, LLC.

**Request for Admission No. 4:**

Admit that Paul Montwillo had 50% equal share and control over Arsenic & Apple Pie, LLC.

**Request for Admission No. 5:**

Admit that Paul Montwillo never agreed to the dissolution of Arsenic & Apple Pie, LLC.

**Request for Admission No. 6:**

Admit that David Wong worked on behalf of Arsenic & Apple Pie, LLC as the attorney who dissolved Arsenic & Apple Pie, LLC.

**Request for Admission No. 7:**

Admit that Gibby Novelties, LLC has manufactured, marketed, distributed and sold the DOLLS SUBJECT TO THIS LITIGATION.

///

///

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 2 of 3

1  Dated: February 5, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOMMERS LAW GROUP

Stephen Sommers
Attorney for Plaintiff/Cross-Defendant
Paul Montwillo

MONTWILLO v. TULL (et al.)
MONTWILLO'S INTERROGATORY REQUEST (SET ONE)

Page 3 of 3

# EXHIBIT H

1  David Y. Wong, Attorney at Law (SBN 105031)
   100 Shoreline Highway, Suite 100 B
2  Mill Valley, CA  94941
   Tel: (415) 339-0430
3  Fax:  (415) 332-8679

4  Law Office of Marc H. Greenberg (SBN 88493)
   536 Mission Street, Suite 2323
5  San Francisco, CA 94105
   Tel: (415) 442-6611

6

7  Attorneys for Defendants William Tull, Daniel Gibby and
   Gibby Novelties, LLC

8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  PAUL MONTWILLO, an individual          )  CASE NO.  C 07 3947 SI
                                           )
14                  Plaintiff,             )  Cross-Claimant Tull's Responses to Request for
                                           )  Admissions, Set One
15  vs.                                    )
                                           )
16  WILLIAM TULL; DANIEL GIBBY;            )
17  GIBBY NOVELTIES, LLC dba ARSENIC       )
    & APPLE PIE, a California Limited      )
18  Liability Corporation and DOES 1 through )
    20, inclusive,                         )  Complaint filed:  August 1, 2007
19                                         )
20                  Defendants.            )
    _____
21  And related Counter-Claim of Tull

22      **Propounding Party:**      **Plaintiff/Cross-Defendant Paul Montwillo**

23      **Responding Party:**       **Defendant/Cross-Claimant William Tull, Defendants**

24                                  **Daniel Gibby and Gibby Novelties**

25      **Set:**                    **One**

26

27

28

Defendant/Cross-Claimant Tull and Defendants Gibby and Gibby Novelties, LLC (hereinafter "Defendants") hereby provide the following responses to Request for Admissions, Set One, served by Plaintiff and Cross-Defendant Montwillo as follows:

## Preliminary Statement

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the above responding parties make the following objections and responses. While Defendants have attempted to investigate all of the facts surrounding the claims and facts pertaining to the instant action, and makes the following disclosures in good faith, their responses are preliminary in nature and their discovery is continuing. To the best of Defendants' knowledge, information, and belief, the following responses have been formed after reasonable inquiry, and the information provided is complete and correct as of the time they are made. Due to the continuing nature of their investigation and discovery efforts, Defendants reserve the right to amend and/or supplement these responses as pertinent facts become known in the future.

In responding to Plaintiff's discovery, Defendants do not represent that they have identified, disclosed, or described every fact, document, tangible thing, or witness possibly relevant to this litigation, nor do they waive their right to object to the production of any document or tangible thing disclosed herein on the basis of relevancy, undue burden, confidentiality, or any other valid objection. In particular, Defendants do not waive and specifically reserve: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper grounds, to the use of such information for any purpose, in whole or in part, at any subsequent time in this action or in any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. All such objections and grounds are therefore reserved and may be asserted at the time of trial herein.

In the addition to the foregoing, Defendants object to any and all Requests which seek information which would violate the attorney-client communication privilege, the federal and state constitutional privacy protections concerning confidential financial information, and the

MONTWILL V. TULL, ET AL.  USDC Action No. C 07 3947 SI

Responses to Request for Admissions, Set One

work product of their attorney.   Any inadvertent disclosure of such information shall remain subject to the above reservations and shall not constitute a knowing waiver by Defendants.

Without waiving the foregoing admonitions, objections and conditions, Defendants respond as follows:

**Request for Admission No. 1:**     Deny.

**Request for Admission No. 2:**     Admit.

**Request for Admission No. 3:**     Deny.

**Request for Admission No. 4:**     Defendants are unable to admit or deny this Request on the grounds that it is unreasonably vague and ambiguous as to time.  In the spirit of discovery, Defendants respond as follows: Until the decision to wind up and dissolve Arsenic & Apple Pie, LLC in or about May of 2004, Montwillo had a 50% membership interest and control over the Company.  Thereafter, while Montwillo held a 50% share of the membership, he no longer had 50% control.  Discovery is continuing.

**Request for Admission No. 5:**     Admit.

**Request for Admission No. 6:**     Admit.

**Request for Admission No. 7:**     Deny.

DATED:        March 7, 2008

_____

David Y. Wong, Attorney at Law

Attorneys for Defendants William Tull, Daniel Gibby and Gibby Novelties, LLC

1

## VERIFICATION

2

3        I, William Tull, Jr., declare as follows:

4        1.      I am the Defendant and Cross-Complainant in the above-captioned action

5    and do hereby attest to the veracity of my responses to the forgoing Request for Admissions,

6    Set One.

7        2.      All information stated herein is based on my own personal knowledge of

8    same, except for such responses stated on information and belief and as to those facts I believe

9    them to be true, correct, and complete.

10       I declare under penalty of perjury that the foregoing is true and correct.

11   Executed this __ day of March, 2008.

12

13                              BY_____
14                                   William Tull, Jr.

15                              ## VERIFICATION

16

17       I, Daniel Gibby, declare as follows:

18       1.      I and Gibby Novelties, LLC are Defendants in the above-captioned action

19   and on behalf of myself and Gibby Novelties, LLC, I do hereby attest to the veracity of the

20   responses to the forgoing Request for Admissions, Set One.

21       2.      All information stated herein is based on my own personal knowledge of

22   same, except for such responses stated on information and belief and as to those facts I believe

23   them to be true, correct, and complete.

24       I declare under penalty of perjury that the foregoing is true and correct.

25   Executed this __ day of March, 2008.

26

27                              BY_____
28                                   Daniel Gibby

MONTWILL V. TULL, ET AL. USDC Action No. C 07 3947 SI

Responses to Request for Admissions, Set One