S O M M E R S . L A W . G R O U P

April 14, 2008

**VIA ECF and HAND DELIVERY**
Honorable Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Montwillo v. Tull, et al.*, Case No. 3:07-cv-3947
     Motions for Summary Judgment - Additional Briefing

Dear Honorable Susan Illston:

I am the attorney of record for plaintiff Paul Montwillo in the above-referenced matter. On April 25, 2008, this Court will hear arguments in motions for summary judgment filed by both plaintiff and defendants. The briefing period closed on April 11, 2008.

In both their opposition to plaintiff's motion and in reply to plaintiff's opposition to defendants' motion, defendants have raised ECF filing mistakes made by my office: (1) plaintiff's declaration in support of his motion was not filed electronically through ECF, and (2) plaintiff inadvertently uploaded defendants' opposition instead of plaintiff's opposition. Defendants request differing remedies, up to and including, disposing of plaintiff's motion and opposition to defendants' motion.

Plaintiff apologizes to the Court for the above mistakes. Plaintiff's declaration was too large a file to upload into the system and I was then unaware of the 24 hour drop-box available at the Courthouse. We did what we believed to be the best course of action, which was to hand-file the declaration in the morning of the following business day. Defendants pointed-out the second mistake out to my office on April 8, 2008, which we immediately corrected. All chamber's copies of all documents were properly delivered. All documents were served timely on counsel for defendants as shown in the proofs of service. Thus, as argued in plaintiff's papers, plaintiff does not believe defendants were prejudiced by plaintiff's filing mistakes in any manner. I do not describe the above as an excuse, but merely as an explanation. Again, I personally apologize for mistakes made by my office and for any subsequent confusion to defendants or prejudice to the Court.

STEPHEN A. SOMMERS, ESQ.

EMPLOYMENT LAW
GENERAL LITIGATION

THE FLOOD BUILDING
870 MARKET STREET, SUITE 1142
SAN FRANCISCO, CALIFORNIA 94102
TEL (415) 839-8569 I FAX (415) 956-0878
WWW.SOMMERSLAW.COM

These motions are critical dispositive motions and plaintiff is requesting a considerable award. Given the gravity of the motions, if the Court deems it appropriate, plaintiff would raise no objection if the Court wishes to entertain a supplemental memorandum prepared by defendants. Plaintiff wishes all parties be fairly heard, and for the Court be as fully informed on the facts and law as possible.

Plaintiff is also willing to waive submitting a response provided defendants do not raise issues not previously raised by plaintiff.

Additionally, for the first time in their reply to plaintiff's opposition, defendants Daniel Gibby and Gibby Novelties, LLC raise the first sale doctrine as a defense pursuant to sections 106(3) and 109(a) of the Copyright Act of 1976. 17 U.S.C. §§ 106(3) & 109(a). In the event the Court intends to consider this defense even though it was first raised in defendants' reply, plaintiff requests an opportunity to submit a concise response. To do so, plaintiff will only need to file a short memorandum and a short second supplemental declaration by Montwillo. Should the Court so direct, I will make certain that no further ECF discrepancies occur.

Respectfully,

STEPHEN SOMMERS

CC:  David Wong
     Mark Greenburg
     Paul Montwillo