David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA 94941
Tel: (415) 339-0430
Fax: (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA 94105
Tel: (415) 442-6611


Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual<br><br>                     Plaintiff,<br><br>vs.<br><br>WILLIAM TULL; DANIEL GIBBY;<br>GIBBY NOVELTIES, LLC dba ARSENIC<br>& APPLE PIE, a California Limited<br>Liability Corporation and DOES 1 through<br>20, inclusive,<br><br>                     Defendants. | CASE NO. C 07 3947 SI<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANTS WILLIAM TULL, DANIEL GIBBY AND GIBBY NOVELTIES, LLC FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS AND FOR RULE 26(g) SANCTIONS; DECLARATION OF DAVID Y. WONG AND EXHIBITS IN SUPPORT OF MOTION; AND PROPOSED ORDER<br><br>Hearing Date: June 6, 2008<br>Hearing Time: 9:00 a.m.<br>Ctrm: 10<br><br>Complaint filed: August 1, 2007<br>Trial date: June 30, 2008 |

**Table of Contents**

*Ager v. Jane C. Stormont Hospital and Training School for Nurses,* 622 F.2d 496, 498 (10th Cir.1980)     9

*Nguyen v. IBP, Inc.,* 162 F.R.D. 675 (D.Kan.1995)     9,12

*Sylla-Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277 (8th Cir.1995)     7

**Authority**

28 U.S.C. § 1821

Federal Rules of Evidence, Rules 702, 703 & 705

FRCP 26(a)2

FRCP 26(a)2(B)

FRCP 26(g)

FRCP 30

FRCP 45(b)

1993 Advisory Committee Notes to Rule 26

David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA 94941
Tel: (415) 339-0430
Fax: (415) 332-8679

Law Office of Marc H. Greenberg
536 Mission Street, Suite 2323
San Francisco, CA 94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and
Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM TULL; DANIEL GIBBY;<br>GIBBY NOVELTIES, LLC dba ARSENIC<br>& APPLE PIE, a California Limited<br>Liability Corporation and DOES 1 through<br>20, inclusive,<br><br>　　　　　Defendants. | CASE NO. C 07 3947 SI<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANTS WILLIAM TULL, DANIEL GIBBY AND GIBBY NOVELTIES, LLC FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS AND FOR RULE 26(g) SANCTIONS; DECLARATION OF DAVID Y. WONG AND EXHIBITS IN SUPPORT OF MOTION; AND PROPOSED ORDER<br><br>Hearing Date: June 6, 2008<br>Hearing Time: 9:00 a.m.<br>Ctrm:　　　　10<br><br>Complaint filed: August 1, 2007<br>Trial date:　　June 30, 2008 |

NOTICE IS HEREBY GIVEN, that on June 6, 2008, in Courtroom 10 of the above-entitled Court, DEFENDANTS WILLIAM TULL, DANIEL GIBBY AND GIBBY NOVELTIES, LLC, a California Limited Liability Company, will move the Court for an Order that Plaintiff Produce an

expert witness report in compliance with FRCP 26(a)2(B), or alternatively, to Strike Plaintiffs Disclosure of Expert Witness on the grounds that the Disclosure was untimely and fails to satisfy the requirements of FRCP 26(a)(2). In addition, Defendants seek the imposition of monetary or other appropriate sanctions against Plaintiff and his Counsel under Rule 26(g) on the grounds that Plaintiff and Counsel have, beyond the Disclosure Date set by this Court, served an Expert Witness Disclosure that fails to comply with FRCP 26(a)2, and refused to cure said defect. As such, Defendants ask that Plaintiff and Counsel be sanctioned for falsely certifying that Plaintiff's Disclosure complies with the Federal Rules of Civil Procedure, that the Disclosure is not interposed for an improper purpose, and that it is not unreasonable or unduly burdensome. Given the facts and issues of this case, Plaintiff's Counsel clearly did not and does not have substantial justification for certifying the Disclosure.

This Motion will be based on this Notice of Motion, the attached Motion and Supporting Declaration of David Y. Wong and attached Exhibits, the pleadings on file in this case, and such other evidence as may be presented at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction And Statement Of Facts

This Federal Court action arises out of a dispute between two former business partners in a defunct company that sold satirical dolls. In 1997, the Plaintiff and Defendant Tull formed a partnership which they named Arsenic & Apple Pie. In 1999, the partnership was converted into a limited liability company with Montwillo and Tull as the sole managing members. The purpose of the partnership, and later the LLC, was to "design, manufacture, distribute and sell" a line of novelty dolls, known as "Trailer Trash Dolls."

The venture was not a success. In July of 2004, the disclosure that Plaintiff Montwillo had previously filed bankruptcy in 2002 triggered application of Article 9.2 of the LLC Operating

MONTWILLO V. TULL, ET AL. USDC Action No. C 07 3947 SI    2

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

Agreement, forcing a windup and dissolution of the company. Defendant Tull was credited his outstanding loans to the company and thus acquired the remaining inventory and other assets of the LLC. He subsequently sold these assets to Daniel Gibby, who contributed same to his company, Gibby Novelties, LLC.

Unbeknownst to Tull or Gibby, in July 2004, concurrent with the windup of the LLC, Plaintiff Montwillo filed registration applications with the U.S. Copyright Office, claiming ownership of the designs for five trailer trash dolls which he designed for Arsenic & Apple Pie in 1999. Plaintiff was issued copyright registration certificates for the dolls, and now asserts in this action that Defendants have infringed on his rights.

**Plaintiff's Expert Witness Disclosure**

On November 16, 2007, this Court conducted a Pre-Trial Conference with Counsel for all Parties. At that time, in addition to a trial date, the Court set deadlines for the close of discovery, dispositive motions, and the disclosure of expert witnesses. Expert witnesses were to be disclosed no later than Monday, May 12, 2008, and Rebuttal experts were to be disclosed the following week, by May 19, 2008. Although both Parties were in attendance and waived notice, the Court filed and issued its Pretrial Preparation Order confirming said dates. In the weeks which followed, the Parties submitted their respective Rule 26(a) Disclosure Statements. Plaintiff's Disclosure, dated December 14, 2007, listed 13 fact witnesses but no experts. A copy is attached as Exhibit A.

The expert witness disclosure date was again discussed and confirmed by the Court at the Case Management Conference held on March 14, 2008.

On May 12, 2008, neither Plaintiff nor Defendants served an Expert Witness Disclosure. On the afternoon of May 13, however, Plaintiff filed and served by mail, a Disclosure that identified a single expert: David Cutler. A copy is attached as Exhibit B. Mr. Cutler was not previously identified by Plaintiff as a witness. The Disclosure announced Plaintiff's intent to call Mr. Cutler to offer expert testimony on "...MATTERS COVERED BY RULES 702, 703 AND 705 OF THE FEDERAL RULES OF EVIDENCE." Plaintiff's Disclosure then offered a single

paragraph identifying Mr. Cutler as an "attorney for over 15 years" with experience in various areas of intellectual property law, with "numerous articles published on intellectual property". The Disclosure also claimed that Mr. Cutler was a regular speaker on panels regarding intellectual property issues, and that he "serves on numerous boards", in addition to his employment as in-house counsel for Dolby Laboratories, Inc. The Disclosure was dated May 13, 2008, and was signed by Plaintiff's Attorney, Stephen Sommers.

**Defendants' Efforts to Meet and Confer**

On May 14, Defense Counsel, David Y. Wong, wrote to Mr. Sommers, objecting to the tardiness of Plaintiff's Disclosure, and further demanding that Plaintiff comply with the requirement of an expert report under FRCP 26(a)2(B). A copy of said letter is attached as Exhibit C. As explained therein, the limited information contained in Plaintiff's Disclosure not only fails to comply with the requirements of Rule 26(a)2, the vagueness of the disclosure effectively conceals the opinions Mr. Cutler intends to offer at trial, thus preventing Defendants from identifying, retaining or disclosing any witness in rebuttal within the timeframe prescribed. Defendants thus demanded that Plaintiff comply and agree to an extension of time for Defendants to identify and disclose a rebuttal expert.

On May 15, 2008, Mr. Sommers responded with a letter of that date. A copy of Sommers' letter is attached as Exhibit D. In his letter, Sommers admitted that Plaintiff's Disclosure was tardy but failed to offer any explanation or excuse, adding that "…if the Court finds defendants have been unduly prejudiced, it may exclude Cutler's testimony." Moreover, Sommers asserted that since Cutler was only disclosed under FRCP (a)2(A), that Plaintiff had no duty to provide a report or any other pertinent information.

On May 16, 2008, Defense Counsel wrote again to Mr. Sommers, demanding that Plaintiff either cure the error and provide an expert report no later than the close of business on May 19, or provide any Federal statutory or case authority that supported his position. A copy of said letter is attached as Exhibit E. Defendants warned that if a report or supporting authority was not forthcoming, that a motion would be brought.

MONTWILLO V. TULL, ET AL. USDC Action No. C 07 3947 SI    4

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

As of the date of this Motion, May 23, 2008, no response has been forthcoming from Plaintiff or his attorney, either in the form of an expert report in compliance with Rule 26(a)2(B), or a reference to any authority in support of his position. Consequently, Defendants have no choice but to bring this Motion seeking an Order directing Plaintiff to produce an expert report in compliance with Section 26(a)2(B), or alternatively, to Strike Plaintiff's Disclosure. Defendants further seek Sanctions against Plaintiff's Counsel under Rule 26(g) for willfully and unreasonably certifying Plaintiff's Disclosure without substantial justification.

## 2.  LEGAL ARGUMENT

### A. Plaintiff is Required to Provide an Expert Report Under Rule 26(a)2.

The Disclosure Requirements for Expert Witnesses Under the Federal Rules of Civil Procedure are clearly and plainly set forth in Section 26(a)2[1]. As provided for in two subsections, (A) and (B), the expert disclosure requirements are meant to supplement a party's initial Rule 26(a)(1) Disclosure by requiring the identification of any person whom that party intends to use at trial to offer expert testimony (subsection (A)), as well as a written report prepared and signed by the retained expert (subsection (B)). The two subsections are not and do not operate independently as is evident by the specific language contained therein.

---

[1] *Disclosure of Expert Testimony.*
(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Subsection (A) directs that in addition to any experts previously disclosed, a party shall "disclose" to the other parties the identify of anyone he intends to use to offer expert testimony. Simultaneously, Subsection (B) directs that "this disclosure" shall be accompanied by a written report prepared and signed by the expert witness retained or specially employed to provide expert testimony in the case. Obviously, the "disclosure" referenced by Subsection (B) is the disclosure called for under Subsection (A). Therefore, the two Subsections work hand in hand in that the former imposes a duty to disclose all experts, and the latter specifies the means by which the duty to disclosure is satisfied. There is no other reasonable interpretation of the provision. Thus, Plaintiff is flatly wrong when he argues that Subsections (A) and (B) operate independently of each other, or in the disjunctive.

Defendants' position is further supported by the intent of the drafters of the discovery provisions of the FRCP. Their comments make clear that the disclosure provisions, especially the expert witness disclosure, are intended to assist the parties in ascertaining the opinions of the opposing party's expert so that effective cross-examination can be prepared and rebuttal experts identified, retained and disclosed. The 1993 Advisory Committee Notes to Rule 26, thus confirm:

> **"Paragraph (2).** This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."

More importantly, the Committee's Notes also observe that Subsection (B) was so drafted with the intent of requiring all parties to provide a report with sufficient information regarding the expert, his opinions, and factual basis of his opinions so that a rational decision could be made as to whether it is necessary to depose the expert:

> "Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony… must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI                                    6

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed."

The desire and intent of Rule 26(a)2, to discourage and eliminate the need for expert depositions is affirmed as follows:

> "Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition."

Countless federal courts have followed this mandate, recognizing that the dual purpose of requiring expert reports is "the elimination of unfair surprise to the opposing party and the conservation of resources." See, *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277 (8th Cir.1995), 47 F.3d at 284., and *Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D.Kan.1995).

The only experts exempt from the report requirement, as per the Advisory Committee Notes, are treating physicians who are both factual witness as well as capable of rendering expert opinions :

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

As it relates to Plaintiff's Expert Disclosure, the inescapable truth is that Plaintiff and his Counsel have failed to fully disclose their expert, Mr. Cutler. Plaintiff's Counsel refuses to provide Mr. Cutler's address or phone number, his hourly rate, nor even the subject matter of

MONTWILLO V. TULL, ET AL. USDC Action No. C 07 3947 SI              7

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

his anticipated testimony. As for the basis of his opinions, the factual material he has relied upon and reviewed, or his publication history and experience as an expert witness, as required by Subsection (B), absolutely nothing has been disclosed. Consequently, Defendants are left with no choice but to take Mr. Cutler's deposition if they wish to learn anything about his experience as an expert and what opinions he intends to offer at trial. Even then, Defendants will be unable to disclose a rebuttal expert due to the expiration of the deadline for disclosing such experts. Defendants submit that Plaintiff's actions have and, if not corrected, will further substantially and severely prejudice the rights of Defendants to a fair trial.

Defendants thus ask that this Court Order Plaintiff and his Expert Witness, Mr. Cutler to comply fully with FRCP Rule 26(a)2 by producing an expert report in compliance with Subsection (B), and that Defendants be permitted, following the production of such an expert report, to disclose rebuttal expert witnesses.

### B.   Mr. Cutler Is a Retained Expert.

Although not reflected by or even suggested in Plaintiff's Expert Witness Disclosure, so as foreclose any specious argument by Plaintiff that Mr. Cutler is only a "non-retained" expert, Defendants observe that Plaintiff's Counsel has demanded, but fails to specify the hourly rate of compensation for Mr. Cutler's testimony, insisting at the same time that the deposition be noticed through Counsel. (See Exhibit D, Sommers' letter of May 15, 2008) As such, it is clear that Mr. Cutler will not testify free of charge, but will only offer testimony at deposition and trial for an unknown hourly rate. It is virtually certain that said rate will be in excess of the statutory rate for factual witnesses, thus Mr. Cutler must be considered a "retained" expert.

Lay factual witnesses are entitled to a set fee of $40 per day plus a mileage allowance under 28 U.S.C. § 1821. The allowance includes the actual expenses of travel by common

MONTWILLO V. TULL, ET AL. USDC Action No. C 07 3947 SI    8

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

carrier or a mileage allowance, toll charges, parking fees, and a subsistence allowance for overnight stays and meals. Rule 45(b) provides that a factual witness may be compelled to appear and testify when served with subpoena and payment of the fees for one day's attendance and the mileage allowed by law. Thus, factual witnesses can be distinguished from an expert witness "retained" or "specially employed" to provide testimony at trial by the simple existence of an hourly fee.

In the generally accepted meaning of the terms in everyday usage, 'retained' or 'specially employed' necessarily implies some form of consideration, a payment or reward of some kind, as consideration for being 'retained' or 'specially employed." For example, an expert witness, including a treating physician, who demands or agrees to receive consideration in excess of Section 1821 fees and allowances in exchange for his expert testimony at trial, must be considered "retained" or "specially employed to provide expert testimony" at trial since the witnesses' expert opinions are the only characteristic that distinguish him from a pure factual witness.

Moreover, as observed in *Ager v. Jane C. Stormont Hospital and Training School for Nurses,* 622 F.2d 496, 498 (10th Cir.1980), the terms "retained" and "specially employed" encompass a wide range of compensation agreements not limited to the simple payment of an expert fee. Thus, the court in that case held that the party disclosing the expert must first assert the witnesses' non-retained status. Once that occurs, the party seeking disclosure must be permitted an opportunity to request a determination of the expert's status based on an in-camera review. Id, 622 F.2d at 502.

With regard to Plaintiff's Disclosure of Mr. Cutler, there can be no doubt that the Disclosure makes no mention or suggestion of Mr. Cutler being only a "non-retained" expert. Moreover, in Plaintiff's Counsel's meet and confer response, Counsel remained silent as to Mr.

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI                                              9
MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

Cutler's status, but demanded the payment of an unstated hourly fee for his deposition testimony.  If Counsel is to now assert and argue that Mr. Cutler is a "non-retained" expert, in the face of his demand of an hourly fee for testimony, and Mr. Cutler's complete lack of involvement in this case until recently, the result would be the height of hypocrisy and unmitigated prejudice to Defendants.

Defendants thus ask that this Court Order Plaintiff to produce an expert report in compliance with Rule 26(a)2(B) from Mr. Cutler.  Defendants further ask that the Order direct the production by a specified date and that Defendants be permitted sufficient time to disclose a rebuttal expert and/or to depose Mr. Cutler before trial.

### C. In The Alternative, Defendants Ask That The Court Strike Plaintiff's Tardy And Non-Compliant Expert Witness Disclosure.

In lieu of an Order directing Plaintiff to produce a report from his expert witness, Defendants ask that this Court issue an Order Striking Plaintiffs Disclosure of Expert Witness on the grounds that the Disclosure was untimely and fails to satisfy the requirements of FRCP 26(a)(2).

As documented above, the Court has issued and confirmed a Pretrial Order setting specific deadlines to which the parties, including Plaintiff are expected to fully comply.  For whatever reason, Plaintiff and his Counsel seem to believe that the Court's rules and orders do not apply to them, and consequently have established a regular practice in this action of disregarding the deadlines imposed by the Court whenever convenient.  Plaintiff, as shown by his papers filed in relation to the dispositive motions for summary judgment now pending, cannot or will not abide by a court-ordered deadline.

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI                              10

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

Presently at issue is the failure of Plaintiff to serve his Expert Disclosure by the Court's deadline of May 12, 2008. Not only does his Counsel fully admit its tardiness, but he takes the position that "...if the Court finds defendants have been unduly prejudiced, it may exclude Mr. Cutler's testimony." (Exhibit D)   Defendants submit that opposing Counsel is not only wrong, but that he is equally confused about which party now bears the burden.

Opposing Counsel's letter takes that position that even if Plaintiff's Disclosure is late it makes no difference; Defendants' must bear burden to show that they have been prejudiced in order to exclude Plaintiff's expert. Counsel's position is clearly wrong on many fundamental levels, but most of all in that it presumes that the Court's Pretrial Scheduling Order is meaningless, or merely a suggestion.  To the contrary, it is Plaintiff that bears the burden of convincing the Court to allow testimony by his expert since Plaintiff failed to disclose by the deadline imposed by the Court. Local Rule 6-1(b) provides that a "court order is required for any enlargement ...of time  that alters an event or deadline already fixed by Court order...". Just as Plaintiff flaunted and ignored this Court's Local Rules last month by repeatedly filing papers late in regard to the parties' dispositive motions, he again displays his contempt for the Court and its rules.

In addition, the prejudice to Defendants, especially given the unusually short period of time for disclosure of rebuttal experts, is clear and evident. Where, as here, Plaintiff's tardiness reduces the time allotted for Defendants to locate, retain and disclose a rebuttal witness in less than a week, substantial prejudice clearly exists. When compounded by the substantive defects in Plaintiff's Disclosure and refusal to cure, the prejudice to Defendants is tangibly overwhelming.

Based only on Rule 26(a), the courts have consistently held that the production of an expert report is "[m]andatory as to any expert retained to testify. If the expert is unable or

unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case." *Nguyen v IBP*, 162 F.R.D. 675, 681 (D.Kan 1995). Where, as here, the refusal to provide a report is multiplied by the Plaintiff's admitted violation of the Court's Pretrial Order in disclosing his expert witness, the Court has no choice but to remedy the situation one way or the other. Hence, in the alternative, Defendants ask that the Court Strike Plaintiff's Expert Witness Disclosure in its entirety.

### D.  Plaintiff And His Counsel Should Be Sanctioned For False Certification Of The Expert Witness Disclosure Pursuant To Rule 26(G)

Defendants seek the imposition of monetary or other appropriate sanctions against Plaintiff and his Counsel under Rule 26(g) on the grounds that Plaintiff and Counsel have, beyond the Disclosure Date set by this Court, served an Expert Witness Disclosure that fails to comply with FRCP 26(a)2, and refused to cure said defect. Specifically, Plaintiff and Counsel should be sanctioned for falsely certifying that (1) Plaintiff's Disclosure complies with the Federal Rules of Civil Procedure, (2) that the Disclosure is not interposed for an improper purpose, and (3) that it is not unreasonable or unduly burdensome. Given the facts and issues set forth above, Plaintiff's Counsel clearly did not and does not have substantial justification for certifying the Disclosure and the imposition of sanctions is reasonably and appropriate.

Plaintiff's Disclosure clearly does not comply with FRCP Rule 26(a)2 in that it lacks a report from Plaintiff's retained expert, a defect which Plaintiff refuses to cure. Additionally, Plaintiff's Disclosure was and clearly is intended for an improper purpose in that it is deliberately so vague, ambiguous and lacking in substantive information that it forces Defendants to take the deposition of Mr. Cutler just to find out what his opinions are. As argued above, the purpose and intent of Rule 26 is not to force a party to incur costly expert depositions, but rather it is the clear intent of the drafters to avoid depositions altogether by requiring each retained expert to provide a comprehensive report detailing the information which would be sought in deposition.

MONTWILLO V. TULL, ET AL. USDC Action No. C 07 3947 SI                    12

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS

Hence, since Plaintiff's Disclosure is so lacking that it forces the exact opposite reaction from that which the Rules intend, sanctions are appropriate. The unreasonableness of Plaintiff's position and the resulting burden on Defendants in being forced to bring this motion, are manifest above.

**3.   CONCLUSION**

Wherefore, based on the foregoing legal and factual argument, that Plaintiff's Expert Witness Disclosure fails to comply with Rule 26(a)2 of the Federal Rules of Civil Procedure in that no expert report was produced as required by Rule 26(a)2(B), even after one was demanded from Plaintiff, this Court is warranted and authorized to issue an Order that Plaintiff fully comply and produce an expert report as required by Rule 26(a)2(B). In the alternative, Defendants ask that this Court issue an Order striking Plaintiff's Expert Disclosure on the grounds that it is untimely and fails to comply with Rule 26(a)2. Defendants further ask that this Court impose monetary sanctions against Plaintiff and his Counsel, Stephen Sommers, on the grounds that Counsel falsely certified the Disclosures compliance with the FRCP without substantial justification.

DATED:   May 23, 2008

_____
David Y. Wong, Attorney at Law
Marc H. Greenberg, Attorney at Law;
Attorneys for Defendants William Tull, Daniel Gibby and Gibby Novelties, LLC

MONTWILLO V. TULL, ET AL.  USDC Action No. C 07 3947 SI                               13

MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND FOR Rule 26(g) SANCTIONS