David Y. Wong, Attorney at Law (SBN 105031)
100 Shoreline Highway, Suite 100 B
Mill Valley, CA  94941
Tel: (415) 339-0430
Fax:  (415) 332-8679

Law Office of Marc H. Greenberg (SBN 88493)
536 Mission Street, Suite 2323
San Francisco, CA 94105
Tel: (415) 442-6611

Attorneys for Defendants William Tull, Daniel Gibby and Gibby Novelties, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE, a California Limited Liability Corporation and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>And related Counter-Claim | CASE NO.  C 07 3947 SI<br><br>DECLARATION OF DAVID Y. WONG IN SUPPORT OF  MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS AND FOR RULE 26(g) SANCTIONS<br><br>Date:  June 6, 2008<br>         9:00 a.m.<br>         Judge Illston, Courtroom 10<br><br>The Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA  94102<br><br>Complaint filed:  August 1, 2007 |

I, David Y. Wong, declare:

1.    I am an attorney licensed by the State of California, admitted to practice before this Court since 1982, and I am co-counsel for Defendants William Tull, Daniel Gibby and

Declaration of Wong – Defendants' Motion For Order That Plaintiff Produce Expert Witness Report Or, Alternatively, To Strike Plaintiff's Disclosure Of Expert Witness And For Rule 26(G) Sanctions

Gibby Novelties, LLC. I am authorized by my clients to make this Declaration in support of their Motion for Summary Judgment, filed herewith.

2. Late in the afternoon of May 13, 2008, I received an electronic notice from this Court advising that Plaintiff had filed and served an Expert Witness Disclosure after the expiration of the deadline set by the Court in its Pretrial Scheduling Orders. A true and correct copy of the Plaintiff's initial Rule 26 Disclosure is attached as Exhibit A, and a true and correct copy of Plaintiff's Expert Witness Disclosure of May 13, 2008, is attached as Exhibit B;

3. On May 14, 2008, I sent a letter to Plaintiff's Counsel demanding that he cure the defect in Plaintiff's Disclosure and stipulate to an extension of time for Defendants to disclose a rebuttal expert. A true and correct copy of my letter of that date is attached as Exhibit C;

4. On May 15, 2008, I received a letter faxed from Plaintiff's Counsel in which he refused to provide a report from his retained expert and further advised that Mr. Cutler would charge a fee for a deposition to be notice through Counsel. A true and correct copy of Counsel's letter is attached as Exhibit D;

5. On May 16, 2008, I again advised Plaintiff's Counsel that Plaintiff's Expert Disclosure was deficient and demanded that it be cured or that Plaintiff provide legal authority for his position by May 19, 2008. A true and correct copy of my letter of that date is attached as Exhibit E;

6. As of the date of this Declaration, May 23, 2008, I have not received any type of an expert report or any legal authority from Plaintiff's Counsel in support of his Disclosure;

7. In connection with this Motion, Defendants have or will incur in excess of 15 hours of billable time for the preparation and argument of this motion. My hourly rate for this matter is $350 an hour, thus Defendants will incur in excess of Five Thousand Dollars ($5,000) due to the unreasonable and unjustified conduct of Plaintiff and his Counsel.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am able to testify competently thereto.

MONTWILL V. TULL, ET AL. USDC Action No. C 07 3947 SI                                    2

Declaration of Wong – Defendants' Motion For Order That Plaintiff Produce Expert Witness Report Or, Alternatively, To Strike Plaintiff's Disclosure Of Expert Witness And For Rule 26(G) Sanctions

1  Executed in Mill Valley, California on May 23, 2008.

_____
David Y. Wong

MONTWILL V. TULL, ET AL.  USDC Action No. C 07 3947 SI                          3

Declaration of Wong – Defendants' Motion For Order That Plaintiff Produce Expert Witness Report Or, Alternatively, To Strike Plaintiff's Disclosure Of Expert Witness And For Rule 26(G) Sanctions

EXHIBIT A

SOMMERS LAW GROUP
STEPHEN A. SOMMERS (SBN 225742)
JACOB W. SNIDER (SBN 236084)
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)

R. Randall Riccardo (Bar. No. 224672) (randyr@bluemarlincorp.com)
1459 18th Street, Ste. 186
San Francisco, CA 94107
(415) 215-2951 (Tel)
(415) 956-0878 (Fax)

Attorneys for Plaintiff
PAUL MONTWILLO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO,<br><br>Plaintiff<br><br>v.<br><br>WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE, a California Limited Liability Corporation, and DOES 1 through 20 inclusive,<br><br>Defendants | Case No.: C 07 3947 SI<br><br>**PLAINTIFF'S RULE 26(a)(1) DISCLOSURE**<br><br><br>Complaint filed: August 1, 2007 |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD

Plaintiff Paul Montwillo hereby makes the following disclosure pursuant to Rule 26(a)(1):

**A.   Witnesses:**

1. Paul Montwillo. Mr. Montwillo can be contacted through plaintiff's counsel. Witness will testify to all key elements of his claim.

1   2.   William Tull. Address and telephone number are known to defendant's counsel.
2   Will testify to all key elements of Mr. Montwillo's claims.
3   3.   Daniel Gibby. Address and telephone number are known to defendant's counsel.
4   Will testify that Gibby Novelties, LLC sold the copyrighted dolls.
5   4.   Eloise Clark. Address and telephone number are known to defendant's counsel.
6   Will testify that Gibby Novelties, LLC sold the copyrighted dolls.
7   5.   Alan Mattacola. 432 Castro Street, San Francisco, California. 415-864-1707.
8   Will testify that Gibby Novelties, LLC sold the copyrighted dolls.
9   6.   Cynthia Harriet Elisa. Current address and telephone number unknown. Will
10  testify to Mr. Montwillo designing the dolls before the formation of Arsenic and Apple Pie, LLC.
11  7.   Mary Anne Murray. Current address and telephone number unknown. Will
12  testify to Mr. Montwillo designing the dolls before the formation of Arsenic and Apple Pie, LLC.
13  8.   Chuck Gutro. 777 Dolores Street, San Francisco, California. 415-519-8235. Will
14  testify to Mr. Montwillo designing the dolls before the formation of Arsenic and Apple Pie, LLC.
15  9.   Brian O'Rourke. 4340½ Louisiana Street, San Diego, California. (619) 985-
16  3725. Will testify to Mr. Montwillo designing the dolls before the formation of Arsenic and
17  Apple Pie, LLC.
18  10.  Woodrow Evans. 39 Douglass Street, San Francisco, California. (415) 621-5236.
19  Will testify to Mr. Montwillo designing the dolls before the formation of Arsenic and Apple Pie,
20  LLC.
21  11.  Eiming Jung. 111 Minna Street, San Francisco, California. (415) 462-0505. Will
22  testify to Mr. Montwillo designing the dolls before the formation of Arsenic and Apple Pie, LLC.
23  12.  Sattu Rau. Current address and telephone number unknown. Will testify to Mr.
24  Montwillo designing the dolls before the formation of Arsenic and Apple Pie, LLC.
25

MONTWILLO v. WILLIAM TULL (ET AL)
DEFENDANT'S RULE 26(a)(1) DISCLOSURE

     13.     James Connelly. Current address and telephone number unknown. Will testify to Mr. Montwillo designing the dolls before the formation of Arsenic and Apple Pie, LLC.

**B.    Documents:**

     1.     Documents demonstrating that Mr. Montwillo designed the dolls before the formation of Arsenic and Apple Pie, LLC.

     2.     Registered Copyrights.

     3.     Documents evidencing the sale of the dolls by Gibby Novelties, LLC.

     4.     Plaintiff reserves the right to rely upon and enter into evidence any and all documents to identified, disclosed, or produced by defendants.

**C.    Damages:**

To date, plaintiff needs to conduct appropriate discovery to ascertain the extent to which defendants have violated Mr. Montwillo's copyrights.

**D.    Insurance:**

Plaintiff does not possess insurance which may provide indemnification or reimbursement of any judgment in this matter.

**E.    Expert Testimony:**

To date, plaintiff has not retained an expert witness. Once the appropriate discovery has been conducted regarding the extent to which defendants have violated plaintiff's copyrights, plaintiff will identify and disclose an expert witness.

DATED: December 14, 2007

                                          STEPHEN A. SOMMERS
                                          Attorney for Plaintiff
                                          PAUL MONTWILLO

AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I, the undersigned, am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within action.

I am employed by the Sommers Law Group, 870 Market Street, Suite 1142, San Francisco, California 94102.

On December 14, 2007, I served the following document(s) entitled:

**Plaintiff's Rule 26(a)(1) Disclosure Statement**

on the interested parties in this action by mailing a true and accurate copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, and by causing such envelope to be deposited in the mail at 870 Market Street, Suite 1142, San Francisco, California 94102, addressed as follows:

David Wong
100 Shoreline Highway, Suite 100B
Mill Valley, CA 94941

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 14, 2007                    San Francisco, California

                                            Stephen Sommers

MONTWILLO v. WILLIAM TULL (ET AL)
DEFENDANT'S RULE 26(a)(1) DISCLOSURE

EXHIBIT B

STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff/Cross-Defendant Paul Montwillo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO,<br><br>         Plaintiff,<br><br>    vs.<br><br>WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE; DOES 1-100, inclusive,<br><br>         Defendants.<br>WILLIAM TULL,<br><br>         Counter-Claimant,<br><br>    vs.<br><br>PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive,<br><br>         Counter-Defendants. | Case No.: C 07 3947 SI<br><br>PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS<br><br>FRCP 26(a)(2)(A) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PURSUANT TO RULE 26(a)(2)(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF PAUL MONTWILLO HEREBY PROVIDES NOTICE OF INTENT TO CALL THE FOLLOWING INDIVIDUAL AS AN EXPERT WITNESS TO TESTIFY TO MATTERS COVERED BY RULES 702, 703 AND 705 OF THE FEDERAL RULES OF EVIDENCE:

MONTWILLO v. TULL (et al.)
PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS

Page 1 of 2

David Cutler, Esq.

Mr. Cutler is well-esteemed attorney for over 15 years in all areas of intellectual property law, including but not limited to copyright, licensing, music, film, television, entertainment venues and event production, including Burning Man, Loveparade, The Estate of Jerry Garcia, the Dead Kennedy's, Ruby Skye, the Bubble Lounge, and Om Records. Mr. Culter has numerous articles published on intellectual property, is a regular speaker on panels regarding intellectual property issues, and serves on numerous boards throughout San Francisco and the Bay Area. In addition to his service on the boards of numerous organizations, Mr. Cutler is also in-house counsel at Dolby Laboratories, Inc. where he focuses on copyright, licensing and other intellectual property issues.

Dated: May 13, 2008

SOMMERS LAW GROUP

Stephen Sommers
Attorney for Plaintiff/Cross-Defendant
Paul Montwillo

MONTWILLO v. TULL (et al.)
PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS

Page 2 of 2

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I, the undersigned, am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within action.

I am employed by the Sommers Law Group, 870 Market Street, Suite 1142, San Francisco, California 94102.

On May 13, 2008 I served the following document(s) entitled:

PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS

on the interested parties in this action by mailing a true and accurate copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, and by causing such envelope to be deposited in the United States Postal Service addressed as follows:

Marc Greenberg

GGU School of Law

536 Mission St.

San Francisco, CA 94105


David Wong

100 Shoreline Highway, 100B

Mill Valley, CA 94941

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with United States Postal Service.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 13, 2008                           San Francisco, California

                                              _____
                                              Stephanie Joynt

EXHIBIT C

# DAVID Y. WONG

ATTORNEY AT LAW

100 Shoreline Hwy, Suite 100B
Mill Valley, California 94941
Tel. (415) 339-0430
Fax. (415) 332-8679
e-mail: dwong91@yahoo.com

May 14, 2008

Via Facsimile

Stephen Sommers
870 Market Street, Suite 1142
San Francisco, CA 94102

      Re:   *Montwillo v. William Tull, Daniel Gibby and Gibby Novelties, LLC*
            USDC Action 07-03947 SI

Dear Mr. Sommers:

      In response to Plaintiff's Disclosure of Expert Witness, filed late in the afternoon of May 13, please be advised that the Disclosure is defective and objected to on multiple grounds by Defendants. First and foremost, the Disclosure fails to comply with the Court's Pretrial Order setting May 12, 2008 as the last day for expert witness disclosure. Since Plaintiff's Disclosure is not only dated May 13, but the attached proof of service and electronic filing date-stamp bears the same date, Plaintiff's Disclosure is clearly untimely in the absence of an Order from the Court amending or extending its Pretrial Order.

      Without waiving all rights and objections relating to the timing of Plaintiff's Expert Disclosure, a cursory review of the document itself reveals that it also fails to comply with even the most basic elements of an expert witness disclosure as required under Section 26(a)2 of the Federal Rules of Civil Procedure. Subsection 26(a)2(B) clearly provides that in regard to each expert witness, the Disclosure must:

> "...be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

      In lieu of the foregoing, Plaintiff's Disclosure consists of a single paragraph wherein you have identified Mr. Cutler and generally described his experience and employer. This is clearly unacceptable and, more importantly, effectively deprives Defendants of any ability to ascertain what opinions Mr. Cutler intends to offer at the time of trial, thereby preventing them from identifying, retaining or disclosing any rebuttal experts within the timeframe prescribed by the Court's Pretrial Order.

Mr. Stephen Sommers
May 14, 2008
Page two

    Hence, without waiving Defendants' right to object to any and all procedural and substantive defects in Plaintiff's Disclosure of Expert Witness, demand is hereby made that Plaintiff fully comply with all of the requirements of FRCP Subsection 26(a)2(B) and that the amended Disclosure and report be RECEIVED by Defense Counsel no later than the close of business (5:00 p.m.) on May 16, 2008.

    In addition, Defendants demand that Plaintiff or Counsel execute a stipulation pursuant to Local Rule 6.2, seeking an Order to enlarge the time permitted for Defendants' Disclosure of a Rebuttal Expert Witness.

    Should you have any questions or other concerns regarding the above, please do not hesitate to contact me.

Very truly yours,

David Y. Wong

Cc:    M. Greenberg

EXHIBIT D

# SOMMERS.LAW.GROUP

May 15, 2008

**VIA FAX (415) 332-8679**
David Y. Wong, Esq.
100 Shoreline Highway, Suite 100 B
Mill Valley, CA 94941

Re:   Paul Montwillo v. William Tull, et al.
      Expert Witness Disclosure

Dear Mr. Wong,

Thank you for your letter dated May 14. 2008 regarding plaintiff's submission of his Disclosure of Expert Witness. While it is true that we submitted the document one day behind schedule, if the Court finds defendants have been unduly prejudiced, it may exclude Mr. Cutler's testimony. If defendants wish an extension of time to disclose rebuttal witnesses, I don't believe plaintiff will have a problem providing an extra day.

Regarding the submission of a report, please note that Mr. Cutler is disclosed under FRCP 26(a)(2)(A), not 26(a)(2)(B), which does not require the submission of a report. If defendants wish to depose Mr. Cutler, please notice the deposition through my office and I will arrange a mutually beneficial time. Of course, defendants will have to cover his fee. I'm not sure what that amount is, but will let you know if defendants do choose to depose him.

Very truly yours,

STEPHEN SOMMERS

STEPHEN A. SOMMERS, ESQ.

EMPLOYMENT LAW
GENERAL LITIGATION

THE FLOOD BUILDING
870 MARKET STREET, SUITE 1143
SAN FRANCISCO, CALIFORNIA 94102
TEL (415) 839-8569 | FAX (415) 956-0878
WWW.SOMMERSLAW.COM

EXHIBIT E

# DAVID Y. WONG

ATTORNEY AT LAW

100 Shoreline Hwy, Suite 100B
Mill Valley, California 94941
Tel. (415) 339-0430
Fax. (415) 332-8679
e-mail: dwong91@yahoo.com

May 16, 2008

Via Facsimile

Stephen Sommers
870 Market Street, Suite 1142
San Francisco, CA 94102

Re: *Montwillo v. William Tull, Daniel Gibby and Gibby Novelties, LLC*
USDC Action 07-03947 SI

Dear Mr. Sommers:

This is to reply to your letter of May 15th regarding the above referenced matter. This letter is written with the intent to meet and confer with you regarding this discovery matter, in the hope that we can resolve this without the necessity of seeking the assistance of the Court.

Judge Illston's Pretrial Preparation Order of November 16, 2007 required you to serve Plaintiff's Disclosure of Expert Witnesses in this case no later than May 12, 2008. The disclosure due date was confirmed at the Case Management Conference on March 14, 2008. Rule 26(a)(2)(C) requires you to effect service on the date ordered by the Court. Your failure to do so constitutes a violation of the FRCP and the Court's Order. Your letter of May 15th offers no explanation for this delayed disclosure, and no request for any extension of the disclosure date was ever made.

With respect to Plaintiff's Expert Disclosure that was served on the afternoon of May 13th my letter of the following date notes that the Disclosure failed to include any of the information required by Subsection (B) of Rule 26(a)2, which requires production of a report from the expert containing specific information regarding the expert's opinion, all source materials which were used in formulating that opinion and testimony, as well as a detailed statement of the experts qualifications, prior cases testified in, etc. In your May 15th response, you refused to provide this information, claiming instead that you are not required to do so, because your disclosure was offered in compliance with Subsection (A) only. Apparently, you believe that Subsection (A) operates in the disjunctive, and is completely independent, of Subsection (B), and that half-hearted compliance with Subsection (A) is all that is necessary. I disagree and urge you to reconsider your position.

If you will read FRCP 26(a)2 in its entirety, I believe you will find that you have misread the Rule and must agree that Plaintiff's Disclosure fails to comply. Subsection A is not a separate disclosure rule. It must be read in conjunction with Subsection B. This is clear from the language of Subsection B, which begins:

"Except as otherwise stipulated or directed by the court, *this disclosure* shall...".
(italics added)

Mr. Stephen Sommers
May 16, 2008
Page two

The only disclosure Subsection B can possibly be referring to is the one required in Subsection A. This fact is further supported by the Advisory Committee Comments on 1993 Substantive Alterations to Rule 26, which state, as to Subparagraph 2 generally, with no distinction between the subsections, that:

> "This Requirement, along with Rule 37(c)(1), which provides that ordinarily a party will be unable to use expert testimony not so disclosed, is intended to provide parties with basic information about the testimony of the expert. Revised Rule 26(b)(4)(A) now authorizes depositions of experts, but only after the expert's report has been served."

Furthermore, the meager disclosure regarding Mr. Cutler provides absolutely no indication as to what expert opinions he intends to offer, or upon what information he bases his conclusions. As a consequence, it is impossible for Defendants to retain, let alone disclose an expert in rebuttal, severely prejudicing Defendants' ability to prepare for trial.

Since the Advisory Comments and the FRCP itself make it clear that a deposition of the expert may only be taken after a report has been served, your offer to allow us to depose Mr. Cutler without the benefit of any report further reflects your misunderstanding of the Rules.

If you have any Federal statutory or case authority that supports your position that the Expert Witness Disclosure Plaintiff served on May 13, 2008 is in compliance with the Federal Rules of Civil Procedure and/or the Local Rules, please provide it. Otherwise, this is our final demand that you comply with the disclosure requirements of Rule 26(a)(2) in their entirety, by no later than 5:00 p.m., the close of business, on May 19th. If we have not received the complete report by that date and time, we will file a motion with the court requesting that Mr. Cutler's testimony be excluded from this case, and will request sanctions, under Rule 11, for the filing of this non-compliant disclosure.

Should you have any questions or other concerns regarding the above, please do not hesitate to contact me.

Very truly yours,

David Y. Wong

Cc:   M. Greenberg