SOMMERS LAW GROUP
STEPHEN A. SOMMERS (SBN 225742)
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)

Attorney for Plaintiff
PAUL MONTWILLO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, <br><br> Plaintiff <br><br> v. <br><br> WILLIAM TULL; DANIEL GIBBY; GIBBY NOVELTIES LLC dba ARSENIC & APPLE PIE, a California Limited Liability Corporation, and DOES 1 through 20 inclusive, <br><br> Defendants | Case No.: C 07 3947 SI <br><br> **PLAINTIFF'S NON-OPPOSITION TO DEFENDANTS MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS AND FOR RULE 26(g) SANCTIONS and PLAINTIFF'S MOTION TO WITHDRAW EXPERT WITNESS AND RE-DESIGNATE AS NON-TESTIFYING CONSULTANT** <br><br> Hearing Date: No date set <br> Time: NA <br> Courtroom: 10 <br> Judge: Hon. Judge Illston <br><br> Complaint filed: August 1, 2007 <br> Trial Date: June 30, 2008 |

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff filed and served by mail its expert witness disclosure in compliance with Federal Rule of Civil Procedure section 26(a)(2)(A) on May 13, 2008 (hereinafter referred to as FRCP). In this disclosure, Plaintiff named David Cutler, Esq. as a possible expert witness to testify at trial. This disclosure also noted Mr. Cutler's experience as an intellectual property attorney. In

MONTWILLO v. WILLIAM TULL (ET AL)
PLAINTIFF'S NON-OPPOSITION TO THE DEFENDANTS' MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS AND FOR RULE 26(g) SANCTIONS.

1

response to this disclosure, Defendants have filed a Motion for Order That Plaintiff Produce Expert Witness Report or, Alternatively, to Strike Plaintiff's Disclosure of Expert Witness and for Rule 26(g) Sanctions. In addition to the Plaintiff's non-opposition to this motion, Plaintiff moves the court to withdraw Mr. Cutler as an expert witness and re-designate him as a non-testifying consultant. On June 2, 2008, the Court issued its Order Denying Cross Motions for Summary Judgment.

Given the conclusions of law contained in the Order Denying Cross Motions for Summary Judgment, Plaintiff withdraws Mr. Cutler as an expert witness to testify.

## POINTS AND AUTHORITIES

I. PLAINTIFF WITHDRAWS HIS DISCLOSURE OF DAVID CUTLER AS AN EXPERT AND DESIGNATES DAVID CUTLER AS A NON-TESTIFYING CONSULTANT.

Plaintiff disclosed Mr. Cutler as an expert so as not to lose its opportunity to call Mr. Cutler as an expert at trial if the need arose. Given the holdings in the Court's June 2, 2008 Order Denying Cross Motions for Summary Judgment, Plaintiff does not anticipate such need and respectfully requests the court to withdraw its disclosure of Mr. Cutler as an expert and re-designate him as solely a non-testifying consultant.

This motion is timely in that Mr. Cutler has not been deposed or testified regarding this case. Therefore Defendants have not received any information as to Mr. Cutler's impressions or opinions of the case. Granting the Motion to Withdraw will therefore only place the parties at status quo, before the disclosure was made.

II. DEFENDANTS ARE NOT BE PREJUDICED BY THIS MOTION BECAUSE NO DISCOVERY HAS TRANSPIRED REGARDING MR. CUTLER AND NO REBUTTAL WITNESS HAS BEEN DISCLOSED BY DEFENDANTS.

MONTWILLO v. WILLIAM TULL (ET AL)
PLAINTIFF'S NON-OPPOSITION TO THE DEFENDANTS' MOTION FOR ORDER THAT PLAINTIFF PRODUCE EXPERT WITNESS REPORT OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS AND FOR RULE 26(g) SANCTIONS.

2

Defendants have failed to depose Mr. Cutler as an expert and have also failed to disclose a rebuttal witness in response to his disclosure. Thus, beyond letters between parties and the instant motion, which Plaintiff does not oppose, there is no prejudice to Defendants. Plaintiff further contends that the withdrawal of Mr. Cutler will in fact benefit the Defendants in that this request prevents the Plaintiff from using any expert testimony at trial because the time for disclosure has passed.

## CONCLUSION

For the above stated reasons, Plaintiff opposes Defendants' Motion to Produce Expert Report by requesting the withdrawal of disclosure of David Cutler a testifying expert and re-designation him as a non-testifying consultant.

DATED: June 6, 2008

STEPHEN A. SOMMERS
Attorney for Plaintiff
PAUL MONTWILLO

AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I, the undersigned, am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within action.

I am employed by the Sommers Law Group, 870 Market Street, Suite 1142, San Francisco, California 94102.

On June 6, 2008, I served the following document(s) entitled:

**Plaintiff's Non-Opposition to Defendant's Motion for Order that Plaintiff Produce expert Witness Report or, Alternatively, to Strike Plaintiff's Disclosure of Expert Witness and for Rule 26(g) Sanctions.**

on the interested parties in this action by mailing a true and accurate copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, and by causing such envelope to be deposited in the mail at 870 Market Street, Suite 1142, San Francisco, California 94102, addressed as follows:

David Wong
100 Shoreline Highway, Suite 100B
Mill Valley, CA 94941

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service; it is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 6, 2008                         San Francisco, California

                                            Stephen Sommers
                                            SOMMERS LAW GROUP