STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff
Paul Montwillo

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM TULL, an individual; DANIEL GIBBY, an individual; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE, a California limited liability company; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>WILLIAM TULL, an individual;<br><br>Counter-Claimant,<br><br>vs.<br><br>PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive,<br><br>Counter-Defendants | Case No. C 07 3947 SI<br><br>**PLAINTIFF/CROSS-DEFENDANT PAUL MONTWILLO'S MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF PAUL MONTWILLO'S BANKRUPTCY FILING**<br><br>Date:   June 26, 2008<br>Time:   10:00 a.m.<br>Court:  10, 19th Floor<br>Judge:  Honorable Susan Illston<br><br>Complaint Filed:   August 1, 2007<br>Counterclaim Filed: January 11, 2008<br><br>Trial Date:   June 30, 2008 |

## INTRODUCTION

Plaintiff moves this Court to preclude the defendants in this case from raising cumulative and irrelevant evidence at trial in light of the Court's Order Denying Cross-Motions for

Page 1 of 3

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #1

Summary Judgment. Only one issue of fact remains to be decided at trial: whether plaintiff Mr. Montwillo gave a non-exclusive implied license to Arsenic and Apple Pie, LLC, or his business partner, William Tull. Thus, any evidence of plaintiff's bankruptcy should be precluded from trial to prevent prejudice to the plaintiff and misleading the jury.

## STATEMENT OF FACTS

After many years of struggling financially, plaintiff Mr. Montwillo declared bankruptcy in 2002. Mr. Montwillo had discussed this choice with defendant Tull prior to the filing. Over one year later, Defendant Tull used this bankruptcy as an excuse to dissolve the company he and plaintiff owned and transfer the company's assets to himself, then to his domestic partner, defendant Gibby, who then transferred it to his business, Gibby Novelties, LLC. Along with the company's assets, Tull also transferred the five copyrights belonging to Mr. Montwillo.

The parties in this case each filed Motions for Summary Judgment in March 2008. The Honorable Judge Illston ruled on both Motions, issuing an Order on June 2, 2008. This Order denied both Motions for Summary Judgment, specifically finding that there is only an issue of fact over whether there was an implied nonexclusive license. Plaintiff anticipates Defendants using the bankruptcy information to prove the implied non-exclusive license because Mr. Montwillo, in filing the bankruptcy in pro per, failed to name the intellectual property interests on the petition in 2002.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Any Evidence Regarding Plaintiff's Bankruptcy Should Be Precluded as Irrelevant and Prejudicial under Federal Rules of Evidence 401, 402 and 403.**

Federal Rules of Evidence (hereinafter referred to as "FRE") 401 defines relevant evidence for the purposes of trial as that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 402 goes on to state that irrelevant evidence is inadmissible.

Under Judge Illston's Order Denying Cross-Motions for Summary Judgment, the remaining issue of fact to be determined at trial is whether plaintiff Mr. Montwillo granted a nonexclusive implied license to Arsenic and Apple Pie, LLC, or to Mr. Tull. Courts look to different factors when making such a determination. The Fourth Circuit, in particular,

> suggests that the existence of an implied nonexclusive license in a particular situation turns on at least three factors: (1) whether the parties were engaged in a short-term discrete transaction as opposed to an ongoing relationship; (2) whether the creator utilized written contracts, such as the standard AIA [architectural] contract [there at issue], providing that copyrighted materials could only be used with the creator's future involvement or express permission; and (3) whether the creator's conduct during the creation or delivery of the copyrighted material indicated that use of the material without the creator's involvement or consent was permissible.

*Nelson-Salabes, Inc. v. Morningside Dev., LLC* (4th Cir. 2002) 284 F.3d 505, 516.

The fact that Mr. Montwillo filed for chapter 7 bankruptcy protection is not relevant to any of the above three factors. Further, disclosing that Mr. Montwillo declared bankruptcy may have the affect of prejudicing some jury members against Mr. Montwillo, since many people find declaring bankruptcy to be morally defective. Thus, the probative value of Mr. Montwillo's mistakenly omitting all his artwork from his bankruptcy petition is far outweighed by the potential prejudice and confusion of the jury, and under FRE 402, 403, and 404, should be excluded.

Dated: 20 th of June, 2008

SOMMERS LAW GROUP

STEPHEN A. SOMMERS
Attorney for Plaintiff
PAUL MONTWILLO

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #1