STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff
Paul Montwillo

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM TULL, an individual; DANIEL GIBBY, and individual; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE, a California limited liability company; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>WILLIAM TULL, an individual;<br><br>Counter-Claimant,<br><br>vs.<br><br>PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive,<br><br>Counter-Defendants | Case No. C 07 3947 SI<br><br>**PLAINTIFF/CROSS-DEFENDANT PAUL MONTWILLO'S MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE RELATING TO THE STATUTE OF LIMITATIONS**<br><br>Date:       June 26, 2008<br>Time:      10:00 a.m.<br>Court:     10, 19th Floor<br>Judge:    Honorable Susan Illston<br><br>Complaint Filed:      August 1, 2007<br>Counterclaim Filed:  January 11, 2008<br><br>Trial Date:      June 30, 2008 |

## INTRODUCTION

Plaintiff moves this Court to preclude the defendants in this case from raising cumulative and irrelevant evidence at trial in light of the Court's Order Denying Cross-Motions for

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #2

Summary Judgment. Only one issue of fact remains to be decided at trial: whether plaintiff Mr. Montwillo gave a non-exclusive implied license to Arsenic and Apple Pie, LLC, or his business partner, William Tull. Thus, any other evidence is irrelevant, cumulative and prejudicial to the plaintiff and should be excluded from trial.

## STATEMENT OF FACTS

Plaintiff Mr. Montwillo notified defendant Tull of Montwillo's rights under the copyrighted material in a letter dated July 13, 2004. Mr. Montwillo did not notify the other defendants of his right to the copyrights until September 2004, after he hired an attorney to represent him and investigate the matter, learning that his company had been dissolved and assets sold to defendant Tull's domestic partner Gibby. Thus, the three year statute of limitations had not expired when Mr. Montwillo brought suit in August 2007.

The Honorable Judge Illston's Order Denying Cross-Motions for Summary Judgment explicitly determined several issues of law and fact that should be prevented from being raised in trial. One such issue was that this action is not barred by the statute of limitations as explained above. In light of this order, facts surrounding the discovery of the dissolution and sale of the corporation itself are not at issue and are thus irrelevant and cumulative and should be precluded.

## MEMORANDUM OF POINTS AND AUTHORITIES

**When Montwillo learned of the dissolution and sale of Arsenic and Apple Pie, LLC., Has Been Established in Judge Illston's Order and Should Be Precluded From Trial, Pursuant to the Federal Rules of Civil Procedure 56(d)(1) and the Federal Rules of Evidence 401 and 402.**

The Federal Rules of Civil Procedure (hereinafter referred to as "FRCP") section 56(d)(1) provides that facts stated in an order denying summary judgment are treated as established. The Federal Rules of Evidence section 402 precludes the admission of evidence that is irrelevant. Relevant evidence is that which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401.

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #2

1  The Order Denying Cross-Motions issued by Judge Illston specified several issues as
2  established. The first issue was that of timeliness. The Order states that this action was timely
3  filed because Defendants failed to submit any evidence that Plaintiff Montwillo knew of the sale
4  of Arsenic and Apple Pie, LLC, and "the sale and transfer of the doll inventory prior to August
5  1, 2004." (Order Denying Cross-Motions for Summary Judgment, 7:25.) The Court should
6  therefore preclude the defendants from raising any evidence that deal with when or how Mr.
7  Montwillo learned of the dissolution and sale of the LLC's assets. As the Court pointed out in its
8  Order, defendants have failed to produce such documents and none have been provided to the
9  plaintiff through pretrial discovery.
10  If the Court were to find that such evidence is relevant to the single remaining issue in
11  this case, plaintiff moves the court to exclude such evidence as cumulative and waste of time
12  under FRE 403. This trial turns on the remaining issue of whether Mr. Montwillo granted an
13  implied nonexclusive license to defendants Tull, Gibby or Gibby Novelties. Relevant evidence
14  to prove this defense would be actions taken by Mr. Montwillo with regard to his interest of
15  ownership over the copyrights. Evidence of when he found out that Tull dissolved the
16  corporation and when the assets were sold to Gibby would only go to prove plaintiff's contention
17  that he did not grant an implied license to any of the defendants. Therefore, defendants should
18  be precluded from raising such evidence as it would be a waste of time under FRE 403.

21  Dated: 2th of June, 2008

SOMMERS LAW GROUP

STEPHEN A. SOMMERS
Attorney for Plaintiff
PAUL MONTWILLO

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #2