STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff
Paul Montwillo

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM TULL, an individual; DANIEL GIBBY, and individual; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE, a California limited liability company; and DOES 1-100, inclusive, <br><br> Defendants. <br><br> WILLIAM TULL, an individual; <br><br> Counter-Claimant, <br><br> vs. <br><br> PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive, <br><br> Counter-Defendants | Case No. C 07 3947 SI <br><br> **PLAINTIFF/CROSS-DEFENDANT PAUL MONTWILLO'S MOTION IN LIMINE #3 TO EXCLUDE EVIDENCE OF PAUL MONTWILLO PRODUCING ART UNDER THE WORK FOR HIRE DOCTRINE** <br><br> Date:  June 26, 2008 <br> Time:  10:00 a.m. <br> Court:  10, 19th Floor <br> Judge:  Honorable Susan Illston <br><br> Complaint Filed:  August 1, 2007 <br> Counterclaim Filed:  January 11, 2008 <br><br> Trial Date:  June 30, 2008 |

## INTRODUCTION

Plaintiff moves this Court to preclude the defendants in this case from raising cumulative and irrelevant evidence at trial in light of the Court's Order Denying Cross-Motions for

Summary Judgment. Only one issue of fact remains to be decided at trial: whether plaintiff Mr. Montwillo gave a non-exclusive implied license to Arsenic and Apple Pie, LLC, or his business partner, William Tull. Thus any evidence regarding whether Mr. Montwillo was an employee or completed "work for hire" is irrelevant and should be precluded.

## STATEMENT OF FACTS

Mr. Montwillo and defendant Mr. Tull worked under an operating agreement of their limited liability corporation which gave each person equal share of the work and proceeds of the corporation.

The Honorable Judge Illston's Order denying Cross-Motions for Summary Judgment explicitly determined several issues of law and fact that should be prevented from being raised in trial. One such fact determined by the Judge was that Mr. Montwillo was clearly not an employee of his corporation Arsenic and Apple Pie, LLC, and his work on the dolls was not "work for hire". In light of this order, facts surrounding Mr. Montwillo's status as an employee or whether the dolls were made as work for hire are not relevant to the remaining issue in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Whether Plaintiff was an Employee and Whether the Dolls were "Work for Hire" are Facts Established in Judge Illston's Order and Should Be Precluded From Trial, Pursuant to the Federal Rules of Civil Procedure 56(d)(1) and the Federal Rules of Evidence 402 and 403.**

The Federal Rules of Civil Procedure (hereinafter referred to as "FRCP") section 56(d)(1) provides that facts stated in an order denying summary judgment are treated as established. The Federal Rules of Evidence section 402 precludes the admission of evidence that is irrelevant. Relevant evidence is that which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

The Order Denying Cross-Motions issued by Judge Illston specified several issues as established. The second issue was whether plaintiff Mr. Montwillo was an employee and

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #3

SOMMERS LAW GROUP

1  whether his work on the dolls in question was "work for hire". The Judge definitively
2  established that Mr. Montwillo was never an employee of Arsenic and Apple Pie, LLC., and his
3  work on the dolls was not "work for hire". This fact has been established under FRCP 56(d)(1)
4  and therefore is irrelevant to the remaining issue in this case. All evidence including testimony
5  and documents surrounding this issue should be precluded from trial.

Dated: 20th of June, 2008

SOMMERS LAW GROUP

STEPHEN A. SOMMERS
Attorney for Plaintiff
PAUL MONTWILLO

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #3