STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff
Paul Montwillo

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM TULL, an individual; DANIEL GIBBY, and individual; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE, a California limited liability company; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>WILLIAM TULL, an individual;<br><br>Counter-Claimant,<br><br>vs.<br><br>PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive,<br><br>Counter-Defendants | Case No. C 07 3947 SI<br><br>**PLAINTIFF/CROSS-DEFENDANT PAUL MONTWILLO'S MOTION IN LIMINE #4 TO EXCLUDE EVIDENCE RELATING TO THE COPYRIGHTABILITY OF THE DOLLS**<br><br>Date: June 26, 2008<br>Time: 10:00 a.m.<br>Court: 10, 19th Floor<br>Judge: Honorable Susan Illston<br><br>Complaint Filed: August 1, 2007<br>Counterclaim Filed: January 11, 2008<br><br>Trial Date: June 30, 2008 |

## INTRODUCTION

Plaintiff moves this Court to preclude the defendants in this case from raising cumulative and irrelevant evidence at trial in light of the Court's Order Denying Cross-Motions for

Page 1 of 3

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #4

Summary Judgment. Only one issue of fact remains to be decided at trial: whether plaintiff Mr. Montwillo gave a non-exclusive implied license to Arsenic and Apple Pie, LLC, or his business partner, William Tull. Thus, any evidence of the uniqueness of the dolls in question and its ability to be copyrighted should be precluded or the existence of the copyright should be precluded.

## STATEMENT OF FACTS

Plaintiff Mr. Montwillo designed and created dolls, which he later registered with the Copyright Office.

The Honorable Judge Illston's Order denying Cross-Motions for Summary Judgment explicitly determined several issues of law and fact that should be prevented from being raised in trial. One such fact determined by the Judge was that Mr. Montwillo's creations were beyond the minimum amount of uniqueness to achieve copyright protection. The Order also states that the designs were created by plaintiff specifically.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Plaintiff's Creation of the Dolls and Their Uniqueness are Facts Established in Judge Illston's Order and Should Be Precluded From Trial, Pursuant to the Federal Rules of Civil Procedure 56(d)(1) and the Federal Rules of Evidence 402 and 403.**

The Federal Rules of Civil Procedure section 56(d)(1) provides that facts stated in an order denying summary judgment are treated as established. The Federal Rules of Evidence section 402 precludes the admission of evidence that is irrelevant. Relevant evidence is that which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

The Order Denying Cross-Motions issued by Judge Illston specified several issues as established. The third issue was whether the dolls were sufficiently unique enough to warrant copyright protection. The Court affirmatively found that the designs were sufficiently unique, noting the decisions made by the plaintiff regarding the hairstyles, clothing, makeup, accessories,

etc. Any evidence therefore should be precluded as irrelevant to prove this issue at trial under FRE 402.

Furthermore, defendant Tull in his deposition attempted to negate the contributions that Mr. Montwillo made to the design of the dolls in question for Arsenic and Apple Pie, LLC. Judge Illston's Order clearly concludes that the designs on the dolls *were* created by plaintiff and therefore plaintiff moves the court to preclude the defendants from raising such issues at trial. By attempting to negate the efforts that Mr. Montwillo put into the dolls would only create an undue prejudice on the plaintiff in the eyes of the jury on a subject that is not part of the issue to be determined at trial. Therefore, any such implication should be prohibited under FRE 403.

Dated: 20th of June, 2008

SOMMERS LAW GROUP

STEPHEN A. SOMMERS
Attorney for Plaintiff
PAUL MONTWILLO