STEPHEN A. SOMMERS, SBN 225742
Sommers Law Group
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Telephone)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

Attorney for Plaintiff
Paul Montwillo

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTWILLO, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM TULL, an individual; DANIEL GIBBY, and individual; GIBBY NOVELTIES, LLC dba ARSENIC & APPLE PIE, a California limited liability company; and DOES 1-100, inclusive, <br><br> Defendants. <br><br> WILLIAM TULL, an individual; <br><br> Counter-Claimant, <br><br> vs. <br><br> PAUL MONTWILLO, an individual, and DOES 21 through 30, inclusive, <br><br> Counter-Defendants | Case No. C 07 3947 SI <br><br> **PLAINTIFF/CROSS-DEFENDANT PAUL MONTWILLO'S MOTION IN LIMINE #5 TO PRECLUDE EVIDENCE RELATING TO THE OWNERSHIP OF THE COPYRIGHTS** <br><br> Date:     June 26, 2008 <br> Time:     10:00 a.m. <br> Court:    10, 19th Floor <br> Judge:    Honorable Susan Illston <br><br> Complaint Filed:     August 1, 2007 <br> Counterclaim Filed:  January 11, 2008 <br><br> Trial Date:     June 30, 2008 |

## **INTRODUCTION**

Plaintiff moves this Court to preclude the defendants in this case from raising cumulative and irrelevant evidence at trial in light of the Court's Order Denying Cross-Motions for

Page 1 of 4

Summary Judgment. Only one issue of fact remains to be decided at trial: whether plaintiff Mr.

Montwillo gave a non-exclusive implied license to Arsenic and Apple Pie, LLC, or his business

partner, William Tull. Thus, any evidence attempting to dispute the ownership by Mr.

Montwillo of the copyrights protecting the dolls in question is irrelevant and prejudicial.

## STATEMENT OF FACTS

Mr. Montwillo created the dolls in question through his own creativity and ingenuity

beginning in the mid 1990's. In July of 2002, Mr. Montwillo sought to protect his interest in

these designs by registering copyrights with the Copyright Office. The petitions and final

granting of copyrights over the subject dolls have been shared with the defendants through the

discovery process.

The Honorable Judge Illston's Order denying Cross-Motions for Summary Judgment

explicitly determined several issues of law and fact that should be prevented from being raised in

trial. In the Order, Judge Illston clearly determined that Mr. Montwillo is the current possessor

of the copyrights to the subject dolls. Therefore, this question is not part of the final fact at issue

to be determined at trial according to the Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

**The Fact that Plaintiff Is the Rightful Owner of the Copyrights Has Been Established in Judge Illston's Order and Should Be Precluded From Trial, Pursuant to the Federal Rules of Civil Procedure 56(d)(1) and the Federal Rules of Evidence 401 and 402.**

The Federal Rules of Civil Procedure (hereinafter referred to as "FRCP") section 56(d)(1)

provides that facts stated in an order denying summary judgment are treated as established. The

Federal Rules of Evidence section 402 precludes the admission of evidence that is irrelevant.

Relevant evidence is that which has a tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence. Fed. R. Evid. 401.

The existence of the copyright license held by Mr. Montwillo has been acknowledged by

the Court in its Order. The Court refers to the dolls as "Plaintiff's dolls and doll designs" and

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #5

SOMMERS LAW GROUP

again when it says that there are "issues of fact regarding whether plaintiff granted an implied nonexclusive license." (Order Denying Cross-Motions for Summary Judgment, 9:18, 10:4). Only by possessing a copyright can one grant an implied nonexclusive license, and therefore the Court should take judicial notice of the fact that Mr. Montwillo does possess valid copyrights on the dolls and designs in question and instruct the jury as such. *Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355 (9th Cir. 1994).

As argued in Plaintiff's motion for summary judgment, the Copyright Act of 1976 provides that copyright ownership "vests initially in the author or authors of the work. 17 U.S.C. § 201(a). As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection. § 102." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed2d 811 (1989) ("*CCNV v. Reid*"). Under the Copyright Act, there are only three methods by which the original author is not the copyright owner: (1) by conveyance in a written instrument (17 U.S.C. § 204(a)); (2) by creation as a "work made for hire" (17 U.S.C. § 201(b)); and (3) by operation of law (17 U.S.C. § 204(a)).

The Court has held: (1) the Arsenic and Apple Pie, LLC operating agreement and the precursor partnership agreement does not contain an assignment of copyright; (2) that Montwillo was never and employee, thus the work for hire doctrine does not apply; and (3) that the Copyrights were not transferred by any operation of law. Thus, the jury should be instructed that that the Court has found as a matter of law, that Mr. Montwillo is the valid owner of the Copyrights. Further, defendants should be excluded from presenting any evidence or argument that anyone besides Mr. Montwillo is the exclusive owner of the copyrights.

An argument raised by defendants in their Motion for Summary Judgment was that Mr. Montwillo assigned his interest in the dolls to the corporation in exchange for his share of the profits, thereby losing all rights to the copyrights. This contention is not at issue in light of the Order. The only question remaining is whether Mr. Montwillo granted an implied nonexclusive license to Arsenic and Apple Pie, LLC, or to William Tull.

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #5

SOMMERS LAW GROUP

1

2

3    Dated: _10_ th of June, 2008                    SOMMERS LAW GROUP

4

5                                                    STEPHEN A. SOMMERS
6                                                    Attorney for Plaintiff
                                                     PAUL MONTWILLO
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        Page 4 of 4

Montwillo, et al. v. Tull et al., SF Superior Ct Case No. CGC-05-442352
PLAINTIFF'S MOTION IN LIMINE #5