1.  DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


GIVEN

REFUSED

MODIFIED

**2. DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


GIVEN


REFUSED


MODIFIED

### 3. BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


GIVEN

REFUSED

MODIFIED

**4.  WHAT IS EVIDENCE**

In your deliberations you should consider only the evidence - that is, the testimony of the witnesses and the exhibits I have admitted in the record - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.


GIVEN

REFUSED

MODIFIED

**5.  WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


**Comment**

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case.

GIVEN

REFUSED

MODIFIED

**6.  EVIDENCE FOR LIMITED PURPOSE OF ESTABLISHING THE BUSINESS RELATIONSHIP BETWEEN MONTWILLO AND TULL.**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

The testimony you are about to hear may be considered only for the limited purpose of establishing that plaintiff Montwillo and defendant Tull were in a limited liability corporation.

GIVEN

REFUSED

MODIFIED

## 7.  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

GIVEN

REFUSED

MODIFIED

**8. CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.


The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

GIVEN

REFUSED

MODIFIED

**9. IMPEACHMENT OF WITNESSES (Inconsistent Statement)**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN

REFUSED

MODIFIED

**10. CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**Comment**

An abbreviated instruction should be repeated before the first recess and as needed before other recesses.

GIVEN

REFUSED

MODIFIED

## 11. STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit ____.You should therefore treat these facts as having been proved.


GIVEN

REFUSED

MODIFIED

**12. CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


GIVEN

REFUSED

MODIFIED

**13. DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

GIVEN

REFUSED

MODIFIED

**14. LIABILITY OF LIMITED LIABILITY COMPANIES-SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a limited liability companies is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

GIVEN

REFUSED

MODIFIED

## 15.  PRELIMINARY INSTRUCTION - COPYRIGHT

The Plaintiff MONTWILLO, the owner of copyrights, seeks damages against the Defendants WILLIAM TULL, DANIEL GIBBY AND GIBBY NOVELTIES, for copyright infringement. The Defendants believe that they owned the right to the copyright. To help you understand how to evaluate the evidence that was presented in this case, I will explain to you the law you are to follow during your deliberations.

GRANTED

DENIED

MODIFIED

## 16. DEFINITION OF COPYRIGHT

A "copyright" is the exclusive right to copy.  The owner of a copyright has the right to exclude others from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by the copyright for a period of time.  One who reproduces a copyrighted work during the term of the copyright is said to have "infringed" the copyright, unless the person owns the copyright or is licensed by the copyright owner.

*See Stewart v. Abend,* 495 U.S. 207, 220-23 (1990).

GRANTED

DENIED

MODIFIED

**17.  PLAINTIFF'S BURDEN OF PROOF**

MONTWILLO must prove, by a preponderance of the evidence, that
(1) MONTWILLO never granted an implied license to his company Arsenic and Apple Pie, LLC. to use his doll designs,
(2) or if he did, that license was never transferred to the Defendants, and
(3) the Defendants have engaged in unauthorized transfer, selling and copying of the copyrighted dolls.

*See* *Montgomery v. Noga,* 168 F.3d 1282, 1288 (11th Cir. 1999).

GRANTED

DENIED

MODIFIED

## 18.  OWNERSHIP OF COPYRIGHTED WORK

A certificate of registration of a copyright constitutes evidence of the validity of the copyright and shifts the burden of proof to the Defendants to prove the invalidity of the copyright.

*See Estate of Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149 (2nd Cir. 2003); 17 U.S.C. § 410(c).

GRANTED

DENIED

MODIFIED

**19. IMPLIED LICENSE IN COPYRIGHT LAW**

The holder of a copyright may allow another to use that copyright through a license.  A license allows both the copyright holder and the licensee to use the material.  There are express licenses and implied licenses.  All parties agree that there has been no express license.  An implied license occurs when the holder of a copyright acts in such a way to make another person believe that they have been given a license without expressly saying so.  Implied copyrights are created by looking at the acts of the copyright holder to find if a reasonable person would believe that they were given permission to use the copyrighted material.

A person or business who receives an implied license to use a copyright does not have the right to give that license to any other person or business without the permission of the copyright holder.

17 U.S.C. §101; *Oddo v. Ries*, 743 F.2d 630,634 (9th Cir. 1984) (citing *Gilliam v. American Broadcasting Cos.*, 538 F.2d 14, 19-21 (2d Cir.1976) "license to use underlying work in a particular derivative work does not permit licensee to use underlying work in any other derivative work").

GRANTED

DENIED

MODIFIED

## 20.  PRESUMPTION IN FAVOR OF ORIGINAL COPYRIGHT HOLDER

The Copyright Act ensures that the creator will not give away his copyright inadvertently. Therefore, any ambiguity in an alleged transfer should be made in favor of the creator of the material.

*Effects Assoc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990).

GRANTED

DENIED

MODIFIED

## 21. LICENSE ENDS UPON DISSOLUTION OF COMPANY

Where a license is held by a corporation, the rights under that license are extinguished upon dissolution of the corporation.

*Hapgood v. Hewitt*, 119 U.S. 226 (1886) (applying patent law to copyrights).

GRANTED

DENIED

MODIFIED

## 22. COPYING

A presumption of copying arises when MONTWILLO proves that the Defendants (1) had access to MONTWILLO'S copyrighted dolls and designs, and (2) that the dolls displayed on the Defendant GIBBY NOVELTIES, LLC's website and on television are identical or substantially similar to MONTWILLO's copyrighted dolls.

*See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 829 (11 h Cir. 1982); *see also KayBerry, Inc. v. Taylor Gifts, Inc.,* 421 F.3d 199, 207-08 (3 d Cir. 2005); *Campbell v. Osmond,* 917 F. Supp. 1574, 1579 (M.D. Fla. 1996).

GRANTED

DENIED

MODIFIED

**23. STRIKINGLY SIMILAR DOCTRINE**

Two-step approach is taken to determine substantial similarity in copyright infringement case; first step requires identifying which aspects of artist's work, if any, are protectable by copyright, and second involves determining whether allegedly infringing work is substantially similar to protectable elements of artist's work.

*Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003).

GRANTED

DENIED

MODIFIED

**24. STATUTORY DAMAGES**

You should award statutory damages which will further the Copyright Act's dual objectives of compensating copyright owners for past infringement and deterring future infringement. You may make an award of statutory damages that is significantly greater than the profits the defendants claim to have earned from their infringement because statutory damages are not meant to be merely compensate or make the plaintiff whole but are also meant to discourage wrongful conduct. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct in the future. Even for non-injurious and unprofitable invasions of copyright you may impose a liability within statutory limits to punish the acts of infringement and vindicate the statutory policy of the Copyright Act.

*Schwartz-Liebman Textiles v. Last Exit Corp.*, 815 F. Supp. 106, 108 (S.D.N.Y. 1992); *Yurman Design, Inc. vs. PAJ, Inc.*, 262 F. 3d 101 (2d Cir. 2001); *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 73 S. Ct. 222, 97 L. Ed. 276 (1952).

GRANTED

DENIED

MODIFIED