# MONTWILLO v. TULL, GIBBY AND GIBBY NOVELTIES

**Defendants Proposed Jury Instructions**

**The attached Jury instructions are from the Ninth Circuit Model Civil Jury Instructions.**

**Number**
Cover Sheet 1.0
1.1A, or 1.1C, at the discretion of the Court
1.2
1.3
1.6
1.7
1.8
1.9
1.10
1.11
1.12
1.13
1.14
1.18
1.19
2.2
2.8
2.12
3.1
3.2
3.3
3.4
3.5
5.1
5.3
5.6
17.0
17.1
17.2
17.3
17.4
17.6
17.7
17.15
17.19
17.22
17.25
17.26

**USDC Action No.  C 07 3947 SI**

## 1.0 COVER SHEET

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Paul Montwillo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. C 07 3947 SI |
| | ) | |
| William Tull, Daniel Gibby, Gibby | ) | |
| Novelties, LLC, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |

## JURY INSTRUCTIONS

DATED: June 23, 2008

_____

UNITED STATES [DISTRICT] [MAGISTRATE] JUDGE

## 1.1A DUTY OF JURY (COURT READS AND
## PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Alternatively, at the discretion of the Court:

## 1.1C DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that infringed on his copyrights. The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that Plaintiff converted or took without authorization or permission property belonging to the company, breached the operating agreement of the company and breached his fiduciary duties to Defendant Tull.  The defendants have the burden of proof on these claims

[The plaintiff denies *defendant's counterclaims.*

### 1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff or clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

## 1.13 NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## 1.14 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### 1.18 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.19 OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2 STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

## 2.8 IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 2.12 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### 3.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 3.2 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### 3.3 RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### 3.4 ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

### 3.5 DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

## 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's _____ claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Here insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## 5.3 DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and
2. the amount by which damages would have been mitigated.

## 5.6 NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## 17.0 PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiff, Paul Montwillo, claims ownership of five copyright registration and seeks damages against the defendants, William Tull, Daniel Gibby and Gibby Novelties, LLC, for copyright infringement. The defendants deny infringing the copyrights and contends that the copyrights are invalid, were legally assigned, licensed or abandoned. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### [COPYRIGHT INTERESTS]

[The copyright owner may [transfer] [sell] [convey] to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the [transfer] [sale] [conveyance] must be in writing. The person to whom a right is transferred is called an assignee.

One who owns a copyright may agree to let another reproduce, prepare a derivative work [of], distribute, perform, or display the copyrighted work. [To be valid, the [transfer] [sale] [conveyance] must be in writing.] The person to whom this right is transferred is called an exclusive licensee. The exclusive licensee has the right to exclude others from copying the work [to the extent of the rights granted in the license.]

### [HOW COPYRIGHT IS OBTAINED]

[Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal

and formal requirements are satisfied, the Register of Copyrights registers the work and issues a
certificate of registration to the copyright owner.]

## [PLAINTIFF'S BURDEN OF PROOF]

In this case, the plaintiff, Paul Montwillo, contends that the defendants, William Tull, Daniel
Gibby and Gibby Novelties LLC infringed the plaintiff's copyright. The plaintiff has the burden
of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and
that the defendant copied original elements of the copyrighted work. Preponderance of the
evidence means that you must be persuaded by the evidence that it is more probably true than not
true that the copyrighted work was infringed.

## [PROOF OF COPYING]

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant
had access to the plaintiff's copyrighted work and that there are substantial similarities between
the defendant's work and the plaintiff's copyrighted work.

## LIABILITY FOR INFRINGEMENT

One who [reproduces] [prepares derivative works from] [distributes] [performs] [displays] a
copyrighted work without authority from the copyright owner during the term of the copyright,
infringes the copyright.

## [VICARIOUS INFRINGEMENT]

[A person is liable for copyright infringement by another if the person has profited directly from
the infringing activity and the right and ability to supervise the infringing activity, whether or not
the person knew of the infringement.]

## [CONTRIBUTORY INFRINGEMENT]

[A person is liable for copyright infringement by another if the person knows or should have
known of the infringing activity and [induces] [causes] [or] [materially contributes to] the
activity.]

## [DEFENSES TO INFRINGEMENT]

[The defendant contends that there is no copyright infringement. There is no copyright
infringement where [the defendant independently created the challenged work]  or where the
plaintiff has abandoned ownership of the copyrighted work.

### 17.1 COPYRIGHT—DEFINED
### (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive right[s] to:

(1) [[authorize, or make additional copies, or otherwise] reproduce the copyrighted work in [copies] [phonorecords]];

(2) [[recast, transform, adapt the work, that is] prepare derivative works based upon the copyrighted work];

(3) [distribute [copies] [sound recordings] of the copyrighted work to the public by [sale or other transfer of ownership] [or by [rental _or_ lease _or_ lending]];

(4) [perform publicly a copyrighted [literary work,] [musical work,] [dramatic work,] [choreographic work,] [pantomime work,] [motion picture] [or] [_specify other audiovisual work_]];

(5) [display publicly a copyrighted [literary work,] [musical work,] [dramatic work,] [choreographic work,] [pantomime work,] [pictorial work,] [graphic work,] [sculptural work,] [the individual images of a motion picture] [or] [_specify other audiovisual work_]]; and

(6) [perform a sound recording by means of digital audio transmission].

It is the owner of a copyright who may exercise [this] [these] exclusive right[s] to copy. The term "owner" includes [the author of the work] [an assignee] [an exclusive licensee]. In general, copyright law protects against [production] [adaptation] [distribution] [performance] [display] of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce the[se] right[s] to exclude others in an action for copyright infringement. [Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.]

## 17.2 COPYRIGHT—SUBJECT MATTER—GENERALLY
### (17 U.S.C. § 102)

The satirical dolls involved in this trial are known as:

[6.] [pictorial works;] [graphic works;] [sculptural works;] [such as two-dimensional and three-dimensional works of fine, graphic and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models and technical drawings, including architectural plans;]

You are instructed that a copyright may be obtained in satirical dolls

[These work[s] can be protected by the copyright law. Only that part of the work[s] comprised of original works of authorship [fixed] [produced] in any tangible [medium] [form] of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.]

[Copyright protection for an original work of authorship does not extend to any [idea] [procedure] [process] [system] [method of operation] [concept] [principle] [discovery], regardless of the form in which it is described, explained, illustrated, or embodied.]

### 17.3 COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION
### (17 U.S.C. § 102(b))

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular [way of expressing] [expression of] an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. [In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection, because ideas cannot be copyrighted].

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular [way of expressing] [expression of] that idea in the work is not copied.

## 17.4 COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING
### (17 U.S.C. § 501(a)–(b))

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

## 17.6 COPYRIGHT INTERESTS—AUTHORSHIP
## (17 U.S.C. § 201(a))

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such [a contributor cannot be the author of the work unless that contributor] [contributors cannot be the authors of the work unless they] caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

## 17.7 COPYRIGHT INTERESTS—
## JOINT AUTHORS (17 U.S.C. §§ 101, 201(a))

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and

1. each author must have made a substantial and valuable contribution to the work;

2. each author must have intended that their contributions be merged into inseparable or interdependent parts of a unitary whole; and

3. each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

In deciding whether parties intended their contributions to be merged [in element 2, above], you may consider whether they signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

a. both parties exercised control over the work. This is the most important factor;

b. both parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; an

c. the audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution in the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

A written agreement stating the copyright in the work is to be jointly owned may show that each author of a joint work intended that their contribution be merged into inseparable or interdependent parts of a unitary whole.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other author[s].

## 17.15 COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction [*insert cross reference to the pertinent instruction, e.g., Instruction 17.4*] states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

### 17.19 COPYRIGHT—AFFIRMATIVE DEFENSE—ABANDONMENT

The defendant contends that a copyright does not exist in the plaintiff's work because the plaintiff abandoned the copyright. The plaintiff cannot claim ownership of the copyright if it was abandoned. In order to show abandonment, the defendant has the burden of proving each of the following by a preponderance of the evidence:

1. the plaintiff intended to surrender [ownership] rights in the work; and

2. an act by the plaintiff evidencing that intent.

Mere inaction [, or publication without a copyright notice,] does not constitute abandonment of the copyright; however, [this may be a factor] [these may be factors] for you to consider in determining whether the plaintiff has abandoned the copyright.

If you find that the plaintiff has proved [his] [her] [its] claim[s] in accordance with Instruction[s] [*insert cross reference to the pertinent instructions on the plaintiff's theory of infringement*], your verdict should be for the plaintiff, unless you find that the defendant has proved each of the elements of this affirmative defense, in which event your verdict should be for the defendant.

## 17.22 COPYRIGHT—DAMAGES
### (17 U.S.C. § 504)

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

**17.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES**
**(17 U.S.C. § 504(c))**

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for [[the work infringed] [each work infringed]]. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

[However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.]

[However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.]

[Instruction[s] *Instruction 17.26 (Innocent Infringement), Instruction 17.27 (Willful Infringement)]* will tell you [what constitutes innocent infringement] [and] [what constitutes willful infringement]].

**17.26 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT**
**(17 U.S.C. § 504(c)(2))**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that [his] [her] [its] acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that [his] [her] [its] acts constituted an infringement of the copyright.