**Montwill v. Tull, et al.**

**Case No.: c-07-3940-SI**

**Plaintiff's Supplemental Jury Instructions**

The attached Jury Instructions are from the Ninth Circuit Civil Jury Instructions

17.5
17.13
17.27

## 17.5  COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT— DEFINITION
### (17 U.S.C. §§ 201–205)

The plaintiff is the owner of a valid copyright [in *identify work[s] allegedly infringed*] if the plaintiff proves by a preponderance of the evidence that:

1.  the plaintiff's work is original; and

2.  the plaintiff [is the author or creator of the work] [received a transfer of the copyright] [received a transfer of the right to [*specify right transferred, e.g., make derivative works, copy, publicly perform, etc.*]].

[*Alternative for works distributed prior to March 1, 1989 if no exception stated in 17 U.S.C. § 405(a)(1), (2), or (3) applies:*

1.  the plaintiff's work is original;

2.  the plaintiff [is the author or creator of the work] [received a transfer of the copyright] [received a transfer of the right to [*specify right transferred, e.g., make derivative works, copy, publicly perform, etc.*]; and

3.  the plaintiff complied with copyright notice requirements by placing a copyright notice on publicly distributed copies of the allegedly infringed work.]

### Comment

This instruction provides an alternative applicable to works distributed prior to March 1, 1989 (effective date of the Berne Convention Implementation Act, 17 U.S.C. § 405(a)). Such works may enter the public domain if their owner failed to comply with the copyright notice procedures. *See, e.g., Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1432–34 (9th Cir.1986). The instruction suggests an alternative that specifies an additional element for such cases when an exception provided by 17 U.S.C. § 405(a)(1), (2), or (3) applies (e.g., work with limited public distribution, etc.).

If the plaintiff is not the author of the registered work, the certificate may not reflect the plaintiff's interest in the work. This frequently occurs when the author registered the copyrighted work before the author licensed or assigned the copyright to the plaintiff. The court may need to adjust this instruction to reflect the transfer of ownership. Use of Instruction 17.10 (Copyright Interests—Assignee) or 17.11 (Copyright Interests—Exclusive Licensee) may be helpful. A transfer may also occur upon the death of the author within the copyright term, which can be explained to the jury by an instruction. Elements in this instruction are further explained by Instructions 17.6 (Copyright Interests—Authorship) and Instruction 17.12 (Copyright Infringement—Originality).

Under the Copyright Act, the party charging infringement must show ownership. *See*

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir.2003) ("Ownership of the copyright is ... always a threshold question.") (quoting *Topolos v. Caldeway*, 698 F.3d 991, 994 (9th Cir.1983)).

*Supplemental Instructions: Copyright Certificate*

A copyright registration certificate can shift the burden of coming forward with proof of plaintiff's ownership of a valid copyright. The certificate constitutes prima facie evidence of the validity of the copyright and facts stated in the certificate. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144–45 (9th Cir.2003). The judge may consider instructing the jury using Instruction 17.5 where: 1) the plaintiff submits no certificate of registration, or 2) the plaintiff produces a registration made five years *after* the date of the first publication, or 3) the plaintiff submits a registration made *within* five years of first publication *and* the defendant submits evidence to dispute the plaintiff's ownership of a valid copyright.

If the plaintiff submits a registration made within five years of first publication the court might consider instructing the jury about the weight accorded such certificate of registration:

> A person who holds a copyright may obtain a certificate of registration from the Copyright Office of the Library of Congress. This certificate is sufficient to establish the facts stated in the certificate, unless outweighed by other evidence in this case.

> [*Where defendant does not present evidence regarding validity or ownership of copyright:* The evidence in this case includes Exhibit ___, a certificate of copyright registration from the Copyright Office. You are instructed that the certificate is prima facie evidence that there is a valid copyright in [*identify the work in question*].]

> [*Where defendant presents evidence regarding validity or ownership of copyright:* The evidence in this case includes Exhibit ___, a certificate of copyright registration from the Copyright Office. [If you find that this certificate was made within five years after first publication of plaintiff's work,] you may consider this certificate as evidence of the facts stated in the certificate. From this certificate you may, but need not, conclude that: [*state specifics of the certificate relevant to the case, e.g., that plaintiff's work is the original and copyrightable work of the author and that the plaintiff owns the copyright in that work*], which I explain in Instructions [*insert instruction numbers relevant to elements of plaintiff's burden*].]

## 17.13  COPYRIGHT INTERESTS—DERIVATIVE WORK
### (17 U.S.C. §§ 101, 106(2))

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a [translation] [musical arrangement] [dramatization] [fictionalization] [motion picture version] [sound recording] [art reproduction] [abridgement] [condensation] [, or any other form in which the pre-existing work is recast, transformed, or adapted]. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to [create] [allow others to create] a derivative work based upon the copyrighted work, this derivative work may also be copyrighted.  Only what was newly created, such as the editorial revisions, annotations, elaborations, or other modifications to the pre-existing work, is considered to be the derivative work.

Copyright protection of a derivative work covers only the contribution made by the author of the derivative work.  If the derivative work incorporates [pre-existing work by others] [work in the public domain], the derivative author's protection is [limited to elements added by the derivative author to the [pre-existing work of others] [public domain work]] [, or] [limited to the manner in which the derivative author combined the [pre-existing elements by other persons] [pre-existing elements in the public domain work] into the derivative work].

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.

### Comment

In addition to the criteria set out in this instruction, in order for a sound recording to qualify as a derivative work, the actual sounds fixed in the recording must be "rearranged, remixed, or otherwise altered in sequence or quality." 17 U.S.C. § 114(b).  If a sound recording is at issue, the instruction should be adjusted to account for the § 114(b) factors.

"The copyright in a . . . derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work . . . [and] . . . is independent of . . . any copyright protection in the preexisting material." 17 U.S.C. § 103(b).  *See also Stewart v. Abend*, 495 U.S. 207, 223 (1990) (aspects of a derivative work added by the derivative author are that author's property and elements drawn from a pre-existing work remain the property of the owner of the pre-existing work); *Batjac Productions Inc., v. Goodtimes Home Video*, 160 F.3d 1223, 1234-35 (9th Cir.1998) (under 17 U.S.C. § 103(b), as under 1909 Act, a copyrighted underlying work remains copyrighted even if the derivative work based on it enters the public domain.)

In order to qualify for a separate copyright as a derivative work the material added to a prior work or the manner of rearranging or otherwise transforming a prior work must constitute more than a minimal contribution or a trivial variation. *See* 1 NIMMER, *supra*, at § 3.03.  A

derivative work is saved from being an infringing work "only because the borrowed or copied material [in the derivative work] was taken with the consent of the copyright owner of the prior work, or because the prior work has entered the public domain." *Micro Star v. Formgen*, 154 F.3d 1107, 1112 (9th Cir.1998).

## 17.27  COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT
### (17 U.S.C. § 504(c)(2))

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant engaged in acts that infringed the copyright; and

2. the defendant knew that those acts infringed the copyright.

### Comment

The statutory damage maximum for willful infringement is $150,000.  17 U.S.C. § 504(c)(2).

The Comment to Instruction 20.25 (Statutory Damages—Willful Infringement—Innocent Infringement) in the 2001 edition contained suggested language for a willful infringement instruction that merely required that a defendant have knowledge that its actions "may influence" the plaintiff's copyright.  Although neither the Copyright Act nor its legislative history defines "willful," the Ninth Circuit defined willful as the defendant's "knowledge that the defendants' conduct constituted an act of infringement."  *See Peer Int'l. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-36 n.3 (9th Cir.1990).  Accordingly, this instruction reflects that decision.  To refute evidence of willful infringement, the defendant must "not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief."  *Id.* at 1336 (a defendant who ignored the revocation of its license to a copyrighted work and continued to use the work after the revocation, willfully infringed that work).  *See also Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir.1997) ("Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."), *rev'd on other grounds, Feltner v. Columbia Pictures Television, Inc.*, 523 U.S.340 (1998).

Generally, deductions of defendant's expenses are denied where the defendant's infringement is willful or deliberate.  *See Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir.1984).  Apparently a finding of willfulness can also be made in connection with an assessment of defendant's profits, even though reference to willful infringement is made only in connection with statutory damages. *See, e.g., Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir.2000) (In case involving jury determination of allocation of defendant's profits, the Ninth Circuit noted in connection with 17 U.S.C.§ 504(b) damages that "non-willful infringers" were entitled to deduct income taxes and management fees actually paid).